# SEALED

U. S. Department of Justice
United States Attorney
District of Nevada
333 Las Vegas Blvd., S., Suite 5000
Las Vegas, NV 89101

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

        MAR - 3 2...

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY _____ DEPUTY
```

GREGORY A BROWER
United States Attorney
ERIC JOHNSON
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336 / Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL INDICTMENT |
| PLAINTIFF, ) | |
| ) | 2:09-CR- _078_____ |
| vs. ) | |
| ) | **VIOLATIONS:** |
| SAMUEL DAVIS, and ) | 18 U.S.C. § 1956(h) - Conspiracy |
| SHAWN RICE, ) | 18 U.S.C. §1956(a)(3) - Money |
| ) | Laundering |
| ) | 18 U.S.C. §2 - Aiding and Abetting |
| DEFENDANTS. ) | |

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**
Conspiracy to Commit Money Laundering

1.   From on or about September 20, 2008, and continuing up to and including on or about the date of this Indictment, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

the defendants herein, and others unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate and agree together and with each other to conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), involving property that a law enforcement officer

1   represented to be the proceeds of a specified unlawful activity and property used to conduct

2   and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent

3   to promote the carrying on of the specified unlawful activity and to conceal and disguise the

4   nature, location, source, ownership and control of property believed to be the proceeds of

5   specified unlawful activity, said specified unlawful activity being violations of Title 18, United

6   States Code, Section 1344.

7                           **Plan and Purpose of the Conspiracy**

8            2.      Beginning in or about March 2008 and continuing through the date of

9   this indictment, law enforcement officers, that is, special agents of the Federal Bureau of

10  Investigation, acting in an undercover capacity, met with defendant **SAMUEL DAVIS** in the

11  State of Nevada and represented to defendant **SAMUEL DAVIS** that they were involved with

12  individuals who were engaged in bank fraud in violation of Title 18, United States Code,

13  Section 1344, specified unlawful activity as defined by Title 18, United States Code, Section

14  1956(c)(7)(A). The undercover agents explained they were involved in the theft and forgery

15  of stolen official checks from Wachovia Bank and showed defendant **SAMUEL DAVIS** what

16  the undercover agents represented as some of the official checks stolen from Wachovia

17  Bank.  The undercover agents expressed to defendant **SAMUEL DAVIS** that they desired

18  a mechanism to launder their proceeds from the bank fraud more quickly, that is, the

19  undercover agents sought to have defendant **SAMUEL DAVIS** engage in financial

20  transactions with the proceeds of bank fraud to promote the carrying on of the bank fraud

21  and to conceal and disguise the nature, location, source, ownership and control of the

22  proceeds the undercover agents represented to be the proceeds of bank fraud.  Defendant

23  **SAMUEL DAVIS** told the undercover agents that he could launder the proceeds of the bank

24  fraud easily, and that he had engaged in money laundering in the past. Defendant **SAMUEL**

25  **DAVIS** told the undercover agents that the money would originate in the undercover agents'

26

2

1   financial account, then pass through one or more trusts and corporations financial accounts
2   controlled by defendant **SAMUEL DAVIS** before defendant **SAMUEL DAVIS** would return
3   the proceeds of the bank fraud to the undercover agents' financial account.  Defendant
4   **SAMUEL DAVIS** said he would then further launder the proceeds of the bank fraud by
5   disguising the proceeds as loans. Defendant **SAMUEL DAVIS** explained  that the money
6   would not be subject to tax liability, and that the loans would be concealed by having all
7   parties involved sign non-disclosure agreements.

8          3.      To accomplish the laundering of the proceeds, defendant **SAMUEL**
9   **DAVIS** agreed to and received from the undercover agents $10,000, which the undercover
10  agents represented as the proceeds of bank fraud, to cover the costs of creating any trusts
11  and corporations that defendant **SAMUEL DAVIS** would use to "wash" the proceeds.  As
12  additional compensation for the laundering of the proceeds, defendant **SAMUEL DAVIS** also
13  agreed to receive an additional ten percent (10%) on the first $200,000 the undercover
14  agents wire transferred to him to be laundered. Subsequently, defendant **SAMUEL DAVIS**
15  arranged for the undercover agents to wire transfer money, which the undercover agents
16  represented to defendant **SAMUEL DAVIS** was the proceeds from bank fraud, to Wells
17  Fargo account number XXXXXX5202 in the name of Boulder Mountain Funding Trust.
18  Defendant **SAMUEL DAVIS** would then wire transfer the money back the to undercover
19  agents' financial account in the State of Nevada minus any fee for defendant **SAMUEL**
20  **DAVIS**'s services. From March 2008 through on or about September 9, 2008, undercover
21  agents wire transferred to **SAMUEL DAVIS** a total of approximately $585,000.  Defendant
22  **SAMUEL DAVIS** had wire transferred back to agents approximately $540,000 to the
23  undercover agents financial account, and had kept $45,000 as payment for his money
24  laundering services.

25  .   .   .

26

3

4.    Beginning in or about September 2008, the undercover agents told defendant **SAMUEL DAVIS** that the proceeds the undercover agents represented to be the proceeds of bank fraud were no longer available to be provided to defendant **SAMUEL DAVIS** for laundering through the use of wire transfers between financial institutions. The undercover agents told defendant **SAMUEL DAVIS** that the proceeds of the bank fraud were now available only in cash. To assist with the laundering of currency which the undercover agents represented to be from bank fraud, defendant **SAMUEL DAVIS** obtained the assistance of his associate, defendant **SHAWN RICE**.    In or about September 2008, defendant **SAMUEL DAVIS** arranged for himself and defendant **SHAWN RICE** to meet an undercover agent in the State of Nevada to discussed how to launder the cash proceeds from bank fraud through financial transactions to promote the carrying on of the bank fraud and to conceal and disguise the nature, location, source, ownership and control of the cash. Beginning in or about September 2008, the undercover agent represented to defendant **SAMUEL DAVIS** that he was involved with individuals who were engaged in bank fraud, in violation of Title 18, United States Code, Section 1344, specified unlawful activity as defined by Title 18, United States Code, Section 1956(c)(7)(A). The undercover agent explained he was involved in the theft and forgery of stolen official checks from Wachovia Bank and showed defendant **SHAWN RICE** what the undercover agent represented as some of the official checks stolen from Wachovia Bank. The undercover agent subsequently advised defendant **SHAWN RICE** that his contact at Wachovia Bank who was stealing the blank official checks and signature stamps was getting transferred to the same department at Wells Fargo Bank, and would be in a position to steal these same items at Wells Fargo Bank.

5.    Defendant **SHAWN RICE** proposed several options to launder the cash proceeds, including moving the currency into J.P. Morgan Chase Bank of Arizona through

4

1   his purported religions organizations, "The Order of Gershom" or "Simpe." Defendant

2   **SHAWN RICE** explained to the undercover agent that he could take the cash proceeds and

3   deposit them into his bank account as charitable donations because he claimed he was a

4   rabbi.   Defendant **SHAWN RICE** further explained if he were stopped by police and

5   questioned about his possession of a large amount of cash, he would tell the police the

6   money was religious donations. Defendant **SHAWN RICE** stated that after he deposited the

7   money in his personal account, defendant **SHAWN RICE** could then transfer the money to

8   the undercover agent's financial account.  Defendant **SHAWN RICE** agreed to launder the

9   cash proceeds the undercover agent represented to be the proceeds of bank fraud at a three

10  percent (3%) commission

11          6.      Beginning in or about October 2008, the undercover agent would meet

12  with defendant **SHAWN RICE** in the State of Nevada and provided defendant **SHAWN RICE**

13  with cash which the undercover agent would represent to be the proceeds of bank fraud.

14  Defendant **SHAWN RICE** would subsequently deposit the currency in his Simpe account at

15  J.P. Morgan Chase Bank, account number XXXXX4312, and then wire transfer the money

16  back to the undercover agent's financial account in the State of Nevada. Defendant **SHAWN**

17  **RICE** opened the Simpe account at J.P. Morgan Chase Bank under a false Social Security

18  Number not assigned to him.  This allowed him to conceal his ownership and control of the

19  account and his involvement in the flow of currency through the account, in part by having

20  Currency Transaction Reports showing cash deposits or withdrawals in amounts over ten

21  thousand dollars ($10,000.00) filed under the false Social Security number rather than the

22  Social Security number assigned to Defendant **SHAWN RICE**.

23          7.      In or about November 2008, defendant **SAMUEL DAVIS** and defendant

24  **SHAWN RICE** met with an undercover agent in the State of Nevada and discussed the

25  changing of the method of laundering the proceeds the undercover agent represented as the

26

5

1  proceeds of bank fraud by wire transferring the currency after Defendant **SHAWN RICE** had
2  deposited in to his Simpe account at J.P. Morgan Chase Bank to defendant **SAMUEL**
3  **DAVIS**'s Boulder Mountain Funding Trust at Wells Fargo Bank and then having defendant
4  **SAMUEL DAVIS** wire transfer the money to the undercover agent's financial account.
5  Defendant **SAMUEL DAVIS** agreed to take a five percent (5%) commission of the money
6  laundered as compensation for his services in laundering the bank fraud proceeds.
7  Defendant **SHAWN RICE** agreed to take a three percent (3%) commission of the money
8  laundered as compensation for his services in laundering the bank fraud proceeds.
9  Subsequently, in the State of Nevada, the undercover agent or a confidential human source
10 acting at the direction of the undercover agent provided defendant **SHAWN RICE** cash
11 proceeds the undercover agent and the confidential human source represented to be the
12 proceeds of bank fraud.  Defendant **SHAWN RICE** would take the cash proceeds and
13 deposit them into his Simpe account at J.P. Morgan Chase bank, account number
14 XXXXX4312 and wire transfer the money minus any fee to defendant **SAMUEL DAVIS**'s
15 account in the name of Boulder Mountain Funding Trust at Wells Fargo Bank, account
16 number XXXXXX5202, defendant **SAMUEL DAVIS** would then wire transfer the money
17 minus any fee to the undercover agent's financial account in the State of Nevada.  From
18 March 2008 through on or about the date of this indictment, in the State of Nevada, the
19 undercover agents and confidential human source acting at the undercover agent's direction
20 had provided defendant **SAMUEL DAVIS** and defendant **SHAWN RICE** a total of
21 approximately $1,293,782 in cash proceeds.  Defendant **SAMUEL DAVIS** and defendant
22 **SHAWN RICE** had wire transferred back to the undercover agents approximately $1,198,000
23 to the undercover agents' financial account in the State of Nevada.  Defendant **SAMUEL**
24 **DAVIS** had taken a total of approximately $73,782 as fees for his services in laundering the
25
26

1 | bank fraud proceeds. Defendant **SHAWN RICE** had taken a total of approximately $22,000
2 | as fees for his services in laundering the bank fraud proceeds.

3 |        All in violation of Title 18, United States Code, Section 1956(h).

4 | **COUNT TWO**
       Money Laundering; Aiding and Abetting
5 |

6 |       8.    Paragraphs 2 through 7 of this Indictment are realleged and
7 | incorporated by reference herein.

8 |       9.    On or about May 2, 2008, in the District of Nevada and elsewhere,

9 |        **SAMUEL DAVIS,**

10 | defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as
11 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
12 | financial transaction being defendant **SAMUEL DAVIS** wire transferring $15,000 from Wells
13 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
14 | to a financial account in the United States controlled by a FBI agent acting in an undercover
15 | capacity, involving property that a the FBI agent acting in his undercover capacity had
16 | previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant
17 | **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to
18 | conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with
19 | the intent to promote the carrying on of the specified unlawful activity and to conceal and
20 | disguise the nature, location, source, ownership and control of property believed to be the
21 | proceeds of the specified unlawful activity, said specified unlawful activity being violations
22 | of Title 18, United States Code, Section 1344.

23 |       All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24 | .  .  .

25 | .  .  .

26 |

## COUNT THREE
Money Laundering; Aiding and Abetting

10.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

11.    On or about May 8, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $18,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT FOUR
Money Laundering; Aiding and Abetting

12.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

.   .   .

8

13.     On or about May 12, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT FIVE**
Money Laundering; Aiding and Abetting

14.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

15.     On or about May 16, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $32,000 from Wells

9

1  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

2  to a financial account in the United States controlled by a FBI agent acting in an undercover

3  capacity, involving property that a the FBI agent acting in his undercover capacity had

4  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

5  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

6  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

7  the intent to promote the carrying on of the specified unlawful activity and to conceal and

8  disguise the nature, location, source, ownership and control of property believed to be the

9  proceeds of the specified unlawful activity, said specified unlawful activity being violations

10  of Title 18, United States Code, Section 1344.

11  　　　　　All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12  56(a)(3)(A) and 2.

13  .

## COUNT SIX
### Money Laundering; Aiding and Abetting

14

15  　　　　16.　　Paragraphs 2 through 7 of this Indictment are realleged and

16  incorporated by reference herein.

17  　　　　17.　　On or about May 29, 2008, in the District of Nevada and elsewhere,

18  　　　　　　　　　　　　　　**SAMUEL DAVIS,**

19  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

20  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

21  financial transaction being defendant **SAMUEL DAVIS** wire transferring $20,000 from Wells

22  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

23  to a financial account in the United States controlled by a FBI agent acting in an undercover

24  capacity, involving property that a the FBI agent acting in his undercover capacity had

25  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

26

10

1  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

2  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

3  the intent to promote the carrying on of the specified unlawful activity and to conceal and

4  disguise the nature, location, source, ownership and control of property believed to be the

5  proceeds of the specified unlawful activity, said specified unlawful activity being violations

6  of Title 18, United States Code, Section 1344.

7        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

8        **COUNT SEVEN**
        Money Laundering; Aiding and Abetting

9

10      18.    Paragraphs 2 through 7 of this Indictment are realleged and

11  incorporated by reference herein.

12      19.    On or about June 3, 2008, in the District of Nevada and elsewhere,

13            **SAMUEL DAVIS,**

14  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

15  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

16  financial transaction being defendant **SAMUEL DAVIS** wire transferring $20,000 from Wells

17  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

18  to a financial account in the United States controlled by a FBI agent acting in an undercover

19  capacity, involving property that a the FBI agent acting in his undercover capacity had

20  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

21  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

22  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

23  the intent to promote the carrying on of the specified unlawful activity and to conceal and

24  disguise the nature, location, source, ownership and control of property believed to be the

25

26

1  proceeds of the specified unlawful activity, said specified unlawful activity being violations

2  of Title 18, United States Code, Section 1344.

3        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2..

### COUNT EIGHT
Money Laundering; Aiding and Abetting

6        21.    Paragraphs 2 through 7 of this Indictment are realleged and

7  incorporated by reference herein.

8        22.    On or about June 13, 2008, in the District of Nevada and elsewhere,

9                            **SAMUEL DAVIS,**

10  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

11  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

12  financial transaction being defendant **SAMUEL DAVIS** wire transferring $5,000 from Wells

13  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

14  to a financial account in the United States controlled by a FBI agent acting in an undercover

15  capacity, involving property that a the FBI agent acting in his undercover capacity had

16  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

17  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

18  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

19  the intent to promote the carrying on of the specified unlawful activity and to conceal and

20  disguise the nature, location, source, ownership and control of property believed to be the

21  proceeds of the specified unlawful activity, said specified unlawful activity being violations

22  of Title 18, United States Code, Section 1344.

23        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24  .  .  .

25  .  .  .

26

1

2

### COUNT NINE
Money Laundering; Aiding and Abetting

3       23.    Paragraphs 2 through 7 of this Indictment are realleged and

4   incorporated by reference herein.

5       24.    On or about June 25, 2008, in the District of Nevada and elsewhere,

6                                    **SAMUEL DAVIS,**

7   defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

8   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

9   financial transaction being defendant **SAMUEL DAVIS** wire transferring $35,000 from Wells

10  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

11  to a financial account in the United States controlled by a FBI agent acting in an undercover

12  capacity, involving property that a the FBI agent acting in his undercover capacity had

13  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

14  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

15  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

16  the intent to promote the carrying on of the specified unlawful activity and to conceal and

17  disguise the nature, location, source, ownership and control of property believed to be the

18  proceeds of the specified unlawful activity, said specified unlawful activity being violations

19  of Title 18, United States Code, Section 1344.

20          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

21   .                              ### COUNT TEN
                            Money Laundering; Aiding and Abetting
22

23       25.    Paragraphs 2 through 7 of this Indictment are realleged and

24  incorporated by reference herein.

25   .   .   .

26

13

26.    On or about June 30, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

### COUNT ELEVEN
Money Laundering; Aiding and Abetting

27.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

28.    On or about July 7, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $40,000 from Wells

14

1  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

2  to a financial account in the United States controlled by a FBI agent acting in an undercover

3  capacity, involving property that a the FBI agent acting in his undercover capacity had

4  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

5  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

6  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

7  the intent to promote the carrying on of the specified unlawful activity and to conceal and

8  disguise the nature, location, source, ownership and control of property believed to be the

9  proceeds of the specified unlawful activity, said specified unlawful activity being violations

10  of Title 18, United States Code, Section 1344.

11  All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12  .  **COUNT TWELVE**

Money Laundering; Aiding and Abetting

13

14  29.  Paragraphs 2 through 7 of this Indictment are realleged and

15  incorporated by reference herein.

16  30.  On or about July 15, 2008, in the District of Nevada and elsewhere,

17  **SAMUEL DAVIS,**

18  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

19  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

20  financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells

21  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

22  to a financial account in the United States controlled by a FBI agent acting in an undercover

23  capacity, involving property that a the FBI agent acting in his undercover capacity had

24  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

25  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

26

15

1  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

2  the intent to promote the carrying on of the specified unlawful activity and to conceal and

3  disguise the nature, location, source, ownership and control of property believed to be the

4  proceeds of the specified unlawful activity, said specified unlawful activity being violations

5  of Title 18, United States Code, Section 1344.

6          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

7

8                              **COUNT THIRTEEN**
                          Money Laundering; Aiding and Abetting

9

10         31.    Paragraphs 2 through 7 of this Indictment are realleged and

11  incorporated by reference herein.

12         32.    On or about July 18, 2008, in the District of Nevada and elsewhere,

13                              **SAMUEL DAVIS,**

14  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

15  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

16  financial transaction being defendant **SAMUEL DAVIS** wire transferring $60,000 from Wells

17  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

18  to a financial account in the United States controlled by a FBI agent acting in an undercover

19  capacity, involving property that a the FBI agent acting in his undercover capacity had

20  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

21  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

22  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

23  the intent to promote the carrying on of the specified unlawful activity and to conceal and

24  disguise the nature, location, source, ownership and control of property believed to be the

25

26

1  proceeds of the specified unlawful activity, said specified unlawful activity being violations

2  of Title 18, United States Code, Section 1344.

3  All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

4  **COUNT FOURTEEN**

Money Laundering; Aiding and Abetting

5

6  33.    Paragraphs 2 through 7 of this Indictment are realleged and

7  incorporated by reference herein.

8  34.    On or about July 29, 2008, in the District of Nevada and elsewhere,

9  **SAMUEL DAVIS,**

10  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

11  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

12  financial transaction being defendant **SAMUEL DAVIS** wire transferring $65,000 from Wells

13  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

14  to a financial account in the United States controlled by a FBI agent acting in an undercover

15  capacity, involving property that a the FBI agent acting in his undercover capacity had

16  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

17  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

18  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

19  the intent to promote the carrying on of the specified unlawful activity and to conceal and

20  disguise the nature, location, source, ownership and control of property believed to be the

21  proceeds of the specified unlawful activity, said specified unlawful activity being violations

22  of Title 18, United States Code, Section 1344.

23  All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24  .   .   .

25  .   .   .

26

1
2

**COUNT FIFTEEN**
Money Laundering; Aiding and Abetting

3          35.    Paragraphs 2 through 7 of this Indictment are realleged and
4     incorporated by reference herein.

5          36.    On or about August 6, 2008, in the District of Nevada and elsewhere,

6                                **SAMUEL DAVIS,**

7     defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as
8     that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
9     financial transaction being defendant **SAMUEL DAVIS** wire transferring $35,000 from Wells
10    Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
11    to a financial account in the United States controlled by a FBI agent acting in an undercover
12    capacity, involving property that a the FBI agent acting in his undercover capacity had
13    previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant
14    **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to
15    conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with
16    the intent to promote the carrying on of the specified unlawful activity and to conceal and
17    disguise the nature, location, source, ownership and control of property believed to be the
18    proceeds of the specified unlawful activity, said specified unlawful activity being violations
19    of Title 18, United States Code, Section 1344.

20          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

21

**COUNT SIXTEEN**
Money Laundering; Aiding and Abetting

22

23          37.    Paragraphs 2 through 7 of this Indictment are realleged and
24    incorporated by reference herein.

25    .   .   .

26

38.     On or about August 20, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $30,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT SEVENTEEN
Money Laundering; Aiding and Abetting

39.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

40.     On or about September 4, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

19

1  financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells
2  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
3  to a financial account in the United States controlled by a FBI agent acting in an undercover
4  capacity, involving property that a the FBI agent acting in his undercover capacity had
5  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant
6  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to
7  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with
8  the intent to promote the carrying on of the specified unlawful activity and to conceal and
9  disguise the nature, location, source, ownership and control of property believed to be the
10 proceeds of the specified unlawful activity, said specified unlawful activity being violations
11 of Title 18, United States Code, Section 1344.

12                    All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

13                                    **COUNT EIGHTEEN**
                                Money Laundering; Aiding and Abetting
14

15         41.    Paragraphs 2 through 7 of this Indictment are realleged and
16 incorporated by reference herein.

17         42.    On or about September 9 2008, in the District of Nevada and
18 elsewhere,

19                                    **SAMUEL DAVIS,**

20 defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as
21 that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
22 financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells
23 Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
24 to a financial account in the United States controlled by a FBI agent acting in an undercover
25 capacity, involving property that a the FBI agent acting in his undercover capacity had
26

                                            20

1 | previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant
2 | **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to
3 | conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with
4 | the intent to promote the carrying on of the specified unlawful activity and to conceal and
5 | disguise the nature, location, source, ownership and control of property believed to be the
6 | proceeds of the specified unlawful activity, said specified unlawful activity being violations
7 | of Title 18, United States Code, Section 1344.

8 |     All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

9 |

10 | **COUNT NINETEEN**<br>Money Laundering; Aiding and Abetting

11 |

12 |     43.    Paragraphs 2 through 7 of this Indictment are realleged and

13 | incorporated by reference herein.

14 |     44.    On or about October 15, 2008, in the District of Nevada and elsewhere,

15 | **SAMUEL DAVIS,** and<br>**SHAWN RICE**

16 | defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
17 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
18 | financial transaction being defendant **SHAWN RICE** depositing a check for $10,000 from
19 | J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial
20 | account controlled by a FBI agent acting in an undercover capacity, involving property that
21 | a the FBI agent acting in his undercover capacity had previously provided in currency to
22 | defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL**
23 | **DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property
24 | used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank
25 | fraud, with the intent to promote the carrying on of the specified unlawful activity and to
26 |

21

1   conceal and disguise the nature, location, source, ownership and control of property believed
2   to be the proceeds of the specified unlawful activity, said specified unlawful activity being
3   violations of Title 18, United States Code, Section 1344.

4         All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

5   **COUNT TWENTY**
    Money Laundering; Aiding and Abetting
6
7       45.    Paragraphs 2 through 7 of this Indictment are realleged and
    incorporated by reference herein.
8
9       46.    On or about October 27, 2008, in the District of Nevada and elsewhere,

    **SAMUEL DAVIS,** and
10  **SHAWN RICE**

11  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
12  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
13  financial transaction being defendant **SHAWN RICE** depositing a check for $27,000 from
14  J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial
15  account controlled by a FBI agent acting in an undercover capacity, involving property that
16  a the FBI agent acting in his undercover capacity had previously provided in currency to
17  defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL**
18  **DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property
19  used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank
20  fraud, with the intent to promote the carrying on of the specified unlawful activity and to
21  conceal and disguise the nature, location, source, ownership and control of property believed
22  to be the proceeds of the specified unlawful activity, said specified unlawful activity being
23  violations of Title 18, United States Code, Section 1344.

24        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

25  .   .   .

26

## COUNT TWENTY-ONE
Money Laundering; Aiding and Abetting

47.  Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

48.  On or about October 31, 2008, in the District of Nevada and elsewhere,

### SAMUEL DAVIS, and
### SHAWN RICE

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SHAWN RICE** depositing a check for $60,000 from J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-TWO
Money Laundering; Aiding and Abetting

49.  Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

. . .

23

50.     On or about November 7, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** depositing a check for $100,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-THREE
Money Laundering; Aiding and Abetting

51.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

52.     On or about November 19, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

24

1 | defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
2 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
3 | financial transaction being defendant **SAMUEL DAVIS** wire transferring $50,000 from Wells
4 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
5 | to a financial account controlled by a FBI agent acting in an undercover capacity, involving
6 | property that a the FBI agent acting in his undercover capacity had previously provided in
7 | currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants
8 | **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and
9 | property used to conduct and facilitate the specified unlawful activity, that is, proceeds from
10 | bank fraud, with the intent to promote the carrying on of the specified unlawful activity and
11 | to conceal and disguise the nature, location, source, ownership and control of property
12 | believed to be the proceeds of the specified unlawful activity, said specified unlawful activity
13 | being violations of Title 18, United States Code, Section 1344.

14 | All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

15 | **COUNT TWENTY-FOUR**
Money Laundering; Aiding and Abetting

16 |
17 | 53.    Paragraphs 2 through 7 of this Indictment are realleged and
incorporated by reference herein.
18 |
19 | 54.    On or about November 21, 2008, in the District of Nevada and
elsewhere,
20 |
21 | **SAMUEL DAVIS,** and
**SHAWN RICE,**

22 | defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
23 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
24 | financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells
25 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
26 |

1  to a financial account controlled by a FBI agent acting in an undercover capacity, involving

2  property that a the FBI agent acting in his undercover capacity had previously provided in

3  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

4  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

5  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

6  bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

7  to conceal and disguise the nature, location, source, ownership and control of property

8  believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

9  being violations of Title 18, United States Code, Section 1344.

10         All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

11                              **COUNT TWENTY-FIVE**
                       Money Laundering; Aiding and Abetting

12

13         54.    Paragraphs 2 through 7 of this Indictment are realleged and

14  incorporated by reference herein.

15         55.    On or about December 1, 2008, in the District of Nevada and elsewhere,

16                              **SAMUEL DAVIS,** and
                                **SHAWN RICE,**

17

18  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

19  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

    financial transaction being defendant **SAMUEL DAVIS** wire transferring $60,000 from Wells
20
    Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
21
    to a financial account controlled by a FBI agent acting in an undercover capacity, involving
22
    property that a the FBI agent acting in his undercover capacity had previously provided in
23
    currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants
24
    **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and
25
    property used to conduct and facilitate the specified unlawful activity, that is, proceeds from
26

                                          26

1 | bank fraud, with the intent to promote the carrying on of the specified unlawful activity and
2 | to conceal and disguise the nature, location, source, ownership and control of property
3 | believed to be the proceeds of the specified unlawful activity, said specified unlawful activity
4 | being violations of Title 18, United States Code, Section 1344.

5 |         All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

6 |

7 | **COUNT TWENTY-SIX**
      Money Laundering; Aiding and Abetting
8 |

9 |      56.    Paragraphs 2 through 7 of this Indictment are realleged and
incorporated by reference herein.
10 |

11 |      57.    On or about December 2, 2008, in the District of Nevada and elsewhere,

12 | **SAMUEL DAVIS,** and
      **SHAWN RICE,**

13 | defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
14 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
15 | financial transaction being defendant **SAMUEL DAVIS** wire transferring $32,000 from Wells
16 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
17 | to a financial account controlled by a FBI agent acting in an undercover capacity, involving
18 | property that a the FBI agent acting in his undercover capacity had previously provided in
19 | currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants
20 | **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and
21 | property used to conduct and facilitate the specified unlawful activity, that is, proceeds from
22 | bank fraud, with the intent to promote the carrying on of the specified unlawful activity and
23 | to conceal and disguise the nature, location, source, ownership and control of property
24 | believed to be the proceeds of the specified unlawful activity, said specified unlawful activity
25 | being violations of Title 18, United States Code, Section 1344.

26 |

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-SEVEN
Money Laundering; Aiding and Abetting

58.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

59.     On or about December 9, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,** and
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $70,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-EIGHT
Money Laundering; Aiding and Abetting

60.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

28

61.    On or about December 10, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $22,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT TWENTY-NINE**
Money Laundering; Aiding and Abetting

62.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

63.    On or about December 24, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

29

1  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

2  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

3  financial transaction being defendant **SAMUEL DAVIS** wire transferring $62,000 from Wells

4  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

5  to a financial account controlled by a FBI agent acting in an undercover capacity, involving

6  property that a the FBI agent acting in his undercover capacity had previously provided in

7  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

8  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

9  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

10  bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

11  to conceal and disguise the nature, location, source, ownership and control of property

12  believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

13  being violations of Title 18, United States Code, Section 1344.

14          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

15                          **COUNT THIRTY**
                    Money Laundering; Aiding and Abetting

16

17          62.    Paragraphs 2 through 7 of this Indictment are realleged and

18  incorporated by reference herein.

19          63.    On or about December 26, 2008, in the District of Nevada and

20  elsewhere,

21                          **SAMUEL DAVIS,** and
                            **SHAWN RICE,**

22

23  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

24  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

25  financial transaction being defendant **SAMUEL DAVIS** wire transferring $30,000 from Wells

26

                                    30

1 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
2 | to a financial account controlled by a FBI agent acting in an undercover capacity, involving
3 | property that a the FBI agent acting in his undercover capacity had previously provided in
4 | currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants
5 | **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and
6 | property used to conduct and facilitate the specified unlawful activity, that is, proceeds from
7 | bank fraud, with the intent to promote the carrying on of the specified unlawful activity and
8 | to conceal and disguise the nature, location, source, ownership and control of property
9 | believed to be the proceeds of the specified unlawful activity, said specified unlawful activity
10 | being violations of Title 18, United States Code, Section 1344.

11 |       All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12 |

13 | **COUNT THIRTY-0NE**
Money Laundering; Aiding and Abetting
14 |

15 |       62.    Paragraphs 2 through 7 of this Indictment are realleged and
16 | incorporated by reference herein.

17 |       63.    On or about January 5, 2009, in the District of Nevada and elsewhere,
18 | **SAMUEL DAVIS,** and<br>**SHAWN RICE,**
19 |

20 | defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
21 | that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
22 | financial transaction being defendant **SAMUEL DAVIS** wire transferring $92,000 from Wells
23 | Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust
24 | to a financial account controlled by a FBI agent acting in an undercover capacity, involving
25 | property that a the FBI agent acting in his undercover capacity had previously provided in
26 |

1  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

2  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

3  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

4  bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

5  to conceal and disguise the nature, location, source, ownership and control of property

6  believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

7  being violations of Title 18, United States Code, Section 1344.

8           All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

9   . . .

10  . . .

11  . . .

12  . . .

13  . . .

14  . . .

15  . . .

16  . . .

17  . . .

18  . . .

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

25  . . .

26

**FORFEITURE ALLEGATION ONE**
(Conspiracy to Commit Money Laundering)

64.    The allegation of Counts One through Thirty-One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(A), and Title 28, United States Code, Section 2461(c).

65.    Upon a conviction of the felony offense charged in Counts One through Thirty-One of this Indictment, defendants

**SAMUEL DAVIS,** and
**SHAWN RICE,**

defendants herein, shall forfeit to the United States of America, any property involved in transactions or attempted transactions in violations of Title 18, United States Code, Section 1956 up to $1,290,000.00 In United States Currency.

66.    If any property being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants –

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been place beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $1,290,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A); Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1956; and Title 21, United States Code, Section 853(p).

33

**FORFEITURE ALLEGATION TWO**
(Conspiracy to Commit Money Laundering)

67.    The allegation of Counts One through Thirty-One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

68.    Upon a conviction of the felony offense charged in Counts One through Thirty-One of this Indictment, defendants

**SAMUEL DAVIS,** and
**SHAWN RICE,**

defendants herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of a conspiracy to commit violations of Title 18, United States Code, Section 1344, a "specified unlawful activity" as defined in Title 18, United States Code, Section 1956(c)(7) and Title 18, United States Code, Section 1961 up to $1,290,000.00 In United States Currency.

69.    If any property being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been place beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $1,290,000.00 in United States Currency.

34

1  All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28,

2  United States Code, Section 2461(c); Title 18, United States Code, Section 1344, a

3  "specified unlawful activity" as defined in Title 18, United States Code, Section 1956(c)(7)

4  and Title 18, United States Code, Section 1961; and Title 21, United States Code, Section

5  853(p).

6  ### FORFEITURE ALLEGATION THREE
   (Conspiracy to Commit Money Laundering)

7

8  67.    The allegation of Counts One through Thirty-One of this Indictment are

9  hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture

10  pursuant to the provision of Title 18, United States Code, Section 982(a)(1).

11  68.    Upon a conviction of the felony offense charged in Counts One through

12  Thirty-One of this Indictment, defendants

13  **SAMUEL DAVIS,** and
   **SHAWN RICE,**

14

15  defendants herein, shall forfeit to the United States of America, any property involved in or

16  traceable to violations of Title 18, United States Code, Section 1956 up to $1,290,000.00

17  In United States Currency.

18  69.    If any property being subject to forfeiture pursuant to Title 18, United

19  States Code, Section 982(b)(2), as a result of any act or omission of the defendants –

20  a.    cannot be located upon the exercise of due diligence;

21  b.    has been transferred or sold to, or deposited with, a third party;

22  c.    has been place beyond the jurisdiction of the court;

23  d.    has been substantially diminished in value; or

24  e.    has been commingled with other property that cannot be divided

25  without difficulty;

26

35

1 | it is the intent of the United States of America to seek forfeiture of any properties of the

2 | defendant up to $1,290,000.00 in United States Currency.

3 |        All pursuant to Title 18, United States Code, Section 1956 and Title 18, United

4 | States Code, Section 982(b)(2).

5 |        **DATED**: this _3_ day of March 2009.

6 |        **TRUE BILL:**

7 |

8 |                            /s/

9 |                   FOREPERSON OF THE GRAND JURY

10 | GREGORY A. BROWER
      United States Attorney

11 |

12 |

13 | ERIC JOHNSON
      Assistant United States Attorney

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |