GREGORY A. BROWER
United States Attorney
ERIC JOHNSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5037
Las Vegas, Nevada 89101
Telephone: (702)388-6336
Facsimile: (702-388-6418

Attorneys for the Plaintiff
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:09-CR-0078-JCM-RJJ |
| v. | ) | |
| | ) | STIPULATION TO SET MOTIONS AND |
| | ) | RESPONSES DEADLINES AND TO |
| SAMUEL DAVIS AND SHAWN RICE, | ) | CONTINUE CALENDAR CALL |
| | ) | AND TRIAL DATE |
| Defendants. | ) | |
| | ) | **(Second Request)** |

COMES NOW the United States of America, though its attorneys, Gregory A. Brower, United States Attorney, District of Nevada, and Eric Johnson, Assistant United States Attorney, defendant Samuel Davis, by and through his attorney, Todd Leventhal, and defendant Shawn Rice, acting as his own counsel, and stipulate that the parties shall file all pretrial motions in the instant matter by November 9, 2009, the parties shall file any responses to pretrial motions by December 7, 2009, and the parties shall file any replies permitted under the local rules by December 18, 2009.  The parties further stipulate that trial of the instant matter, currently set for October 5, 2009, be continued to a date and time convenient to the Court on or after February 20, 2010.

1. The parties seek the requested continuance to allow sufficient time for the Government to provide and defendants to review voluminous discovery in this matter, to realistically allow the defendants and their attorneys sufficient time to effectively represent the

1. defendants in the matter through appropriate review of the discovery, filing of appropriate motions and preparation for trial in this case.

2. The indictment charges defendants Samuel Davis and Shawn Rice with a large scale money laundering sting under Title 18, United States Code, Section 1956. The indictment alleges the defendants illegally laundered over $1,200,000 in funds through multiple third party or shell bank accounts. The charges in the indictment are the result of a long term and complex undercover investigation of defendants and their associates starting almost three years ago in 2006.

3. Discovery in this case is voluminous, including lengthy, multiple recordings of defendants and their associates. This case involves a long term investigation dating primarily back to 2006 and a large portion of the evidence concerns extensive undercover meetings which were recorded. The instant case is part of a collective group of cases involving approximately 184 audio and video recordings, many several hours in length, and over 46,000 pages of documents. All together the recording involve approximately 660 hours of conversation. One or both of the defendants in the instant case are personally involved in 85 recordings involving approximately 280 hours of conversation.

4. Because of the volume of discovery materials, the Government has required additional time to complete the scanning and distribution process for discovery. To date almost all discovery has been provided or made available to defendants. The Government is currently editing approximately 25 video recordings to blur the faces of the undercover participants. The Government hopes to provide these recordings by the end of August or early September. In the meantime, the Government has made available unedited copies of the video recordings for viewing at its offices.

5. Previously, this Court after considering the discovery in the instant matter ruled the case should be considered a complex case as described in Title 18, United States Code, Section 3161(h)(7)(B)(ii).

6. Defendant Shawn Talbot Rice has only recently taken on self-representation of himself. To effectively represent himself, defendant Rice will require substantial time to adequately review the evidence and discovery and prepare pretrial motions and prepare for trial.

7. Both defendants are released pending trial on their personal recognizance.

8. The additional time requested herein is not sought for purposes of delay but merely to allow counsel for the parties sufficient time, in light of the above, within which to be able to provide and review discovery in this matter and to allow counsel for the parties sufficient time, in light of the above, to effectively and thoroughly research and file pretrial motions and prepare and participate in the trial of this matter, taking into account the exercise of due diligence.

9. Additionally, denial of this request for continuance could result in a miscarriage of justice.

10. The parties do not enter into this stipulation for the purpose of delay, but to allow sufficient time for all parties to fully prepare for trial and to participate in trial.

11. The ends of justice served by this request for a continuance of the trial date outweigh the interest of the public and the defendants in a speedy trial, considering the factors, among others, set forth in Title 18, United States Code, Sections 3161(h)(7)(B)(iv).

12. The additional time requested by the parties is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United

. . .

. . .

. . .

. . .

. . .

. . .

3

1 | . . .
2 |
3 |
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

4

States Code, Sections 3161(h)(1)(D), 3161(h)(6), and 3161(h)(7)(A) when considering the factors, among others, under Section 3161(h)(7)(B)(ii) and Section 3161(h)(7)(B)(iv).

13. This is the second request for continuance of the trial date.

DATED this 12th day of August, 2009.

GREGORY A. BROWER
United States Attorney


*/s/ Eric Johnson*
ERIC JOHNSON
Assistant United States Attorney


*/s/ Todd Leventhal*
TODD LEVENTHAL
Counsel for Defendant Samuel Davis


*/s/ Shawn Rice*
SHAWN RICE, Pro Se

5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

UNITED STATES OF AMERICA,         )
                                  )
         Plaintiff,               )         2:09-CR-0078-JCM-RJJ
                                  )
    v.                            )
                                  )         ORDER
SAMUEL DAVIS AND SHAWN RICE,      )
                                  )
         Defendants.              )
_____)

Based on the parties' stipulation and good cause appearing therefore, the Court finds that:

1. The parties seek the requested continuance to allow sufficient time for the Government to provide and defendants to review voluminous discovery in this matter, to realistically allow the defendants and their attorneys sufficient time to effectively represent the defendants in the matter through appropriate review of the discovery, filing of appropriate motions and preparation for trial in this case.

2. The indictment charges defendants Samuel Davis and Shawn Rice with a large scale money laundering sting under Title 18, United States Code, Section 1956. The indictment alleges the defendants illegally laundered over $1,200,000 in funds through multiple third party or shell bank accounts. The charges in the indictment are the result of a long term and complex undercover investigation of defendants and their associates starting almost three years ago in 2006.

3. Discovery in this case is voluminous, including lengthy, multiple recordings of defendants and their associates. This case involves a long term investigation dating primarily back to 2006 and a large portion of the evidence concerns extensive undercover meetings which were recorded. The instant case is part of a collective group of cases involving approximately 184 audio and video recordings, many several hours in length, and over 46,000 pages of documents.

1  All together the recording involve approximately 660 hours of conversation.  One or both of the
2  defendants in the instant case are personally involved in 85 recordings involving approximately
3  280 hours of conversation.

4    4.  Because of the volume of discovery materials, the Government has required
5  additional time to complete the scanning and distribution process for discovery.  To date almost all
6  discovery has been provided or made available to defendants.  The Government is currently
7  editing approximately 25 video recordings to blur the faces of the undercover participants.  The
8  Government hopes to provide these recordings by the end of August or early September.  In the
9  meantime, the Government has made available unedited copies of the video recordings for
10  viewing at its offices.

11    5.  Previously, this Court after considering the discovery in the instant matter ruled
12  the case should be considered a complex case as described in Title 18, United States Code, Section
13  3161(h)(7)(B)(ii).

14    6.  Defendant Shawn Talbot Rice has only recently taken on self-representation of
15  himself.  To effectively represent himself, defendant Rice will require substantial time to
16  adequately review the evidence and discovery and prepare pretrial motions and prepare for trial.

17    7.  Both defendants are released pending trial on their personal recognizance.

18    8. The additional time requested herein is not sought for purposes of delay but
19  merely to allow counsel for the parties sufficient time, in light of the above, within which to be
20  able to provide and review discovery in this matter and to allow counsel for the parties sufficient
21  time, in light of the above, to effectively and thoroughly research and file pretrial motions and
22  prepare and participate in the trial of this matter, taking into account the exercise of due diligence.

23    9. Additionally, denial of this request for continuance could result in a miscarriage
24  of justice.

25    10.  The parties do not enter into this stipulation for the purpose of delay, but to
26  allow sufficient time for all parties to fully prepare for trial and to participate in trial.

2

11. The ends of justice served by this request for a continuance of the trial date outweigh the interest of the public and the defendants in a speedy trial, considering the factors, among others, set forth in Title 18, United States Code, Sections 3161(h)(7)(B)(iv).

12. The additional time requested by the parties is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1)(D), 3161(h)(6), and 3161(h)(7)(A) when considering the factors, among others, under Section 3161(h)(7)(B)(ii) and Section 3161(h)(7)(B)(iv).

13. This is the second request for continuance of the trial date.

THEREFORE, IT IS HEREBY ORDERED that:

1. The parties shall file all pretrial motions in the instant matter by November 9, 2009, the parties shall file any responses to pretrial motions by December 7, 2009, and the parties shall file any replies permitted under the local rules by December 18, 2009. The parties further stipulate that trial of the instant matter, currently set for October 5, 2009, be continued to a date and time convenient to the Court on or after February 20, 2010.

2. The calendar call in the above-captioned matter currently scheduled for September 30, 2009, at the hour of 1:30 p.m., be vacated and continued to _____, _____, at the hour of _____, and the jury trial in the above-captioned matter currently scheduled for October 5, 2009, at the hour of 9:00 a.m., be vacated and continued to _____, _____, at the hour of _____.

DATED this _____ day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

.

3