# EXHIBIT 1

# SEALED

U. S. Department of Justice
*United States Attorney*
*District of Nevada*
333 Las Vegas Blvd., S.,  Suite 5000
Las  Vegas, NV 89101

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

           MAR - 3 20..

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY _____ DEPUTY
```

1 | GREGORY A BROWER
United States Attorney
2 | ERIC JOHNSON
Assistant United States Attorney
3 | 333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
4 | Phone: (702) 388-6336 / Fax: (702) 388-5087

5

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CRIMINAL INDICTMENT |
| PLAINTIFF,   ) | |
| )  | 2:09-CR-_078_ |
| vs.   ) | |
| )  | **VIOLATIONS:** |
| SAMUEL DAVIS, and   ) | 18 U.S.C. § 1956(h) - Conspiracy |
| SHAWN RICE,   ) | 18 U.S.C. §1956(a)(3) - Money Laundering |
| )  | 18 U.S.C. §2 - Aiding and Abetting |
| DEFENDANTS.   ) | |

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**
Conspiracy to Commit Money Laundering

1.    From on or about September 20, 2008, and continuing up to and including on or about the date of this Indictment, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

the defendants herein, and others unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate and agree together and with each other to conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), involving property that a law enforcement officer

1  represented to be the proceeds of a specified unlawful activity and property used to conduct

2  and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent

3  to promote the carrying on of the specified unlawful activity and to conceal and disguise the

4  nature, location, source, ownership and control of property believed to be the proceeds of

5  specified unlawful activity, said specified unlawful activity being violations of Title 18, United

6  States Code, Section 1344.

7  **Plan and Purpose of the Conspiracy**

8       2.     Beginning in or about March 2008 and continuing through the date of

9  this indictment, law enforcement officers, that is, special agents of the Federal Bureau of

10  Investigation, acting in an undercover capacity, met with defendant **SAMUEL DAVIS** in the

11  State of Nevada and represented to defendant **SAMUEL DAVIS** that they were involved with

12  individuals who were engaged in bank fraud  in violation of Title 18, United States Code,

13  Section 1344, specified unlawful activity as defined by Title 18, United States Code, Section

14  1956(c)(7)(A). The undercover agents explained they were involved in the theft and forgery

15  of stolen official checks from Wachovia Bank and showed defendant **SAMUEL DAVIS** what

16  the undercover agents represented as some of the official checks stolen from Wachovia

17  Bank.  The undercover agents expressed to defendant **SAMUEL DAVIS** that they desired

18  a mechanism to launder their proceeds from the bank fraud more quickly, that is, the

19  undercover agents sought to have defendant **SAMUEL DAVIS** engage in financial

20  transactions with the proceeds of bank fraud to promote the carrying on of the bank fraud

21  and to conceal and disguise the nature, location, source, ownership and control of the

22  proceeds the undercover agents represented to be the proceeds of bank fraud.  Defendant

23  **SAMUEL DAVIS** told the undercover agents that he could launder the proceeds of the bank

24  fraud easily, and that he had engaged in money laundering in the past. Defendant **SAMUEL**

25  **DAVIS** told the undercover agents that the money would originate in the undercover agents'

26

2

1  financial account, then pass through one or more trusts and corporations financial accounts
2  controlled by defendant **SAMUEL DAVIS** before defendant **SAMUEL DAVIS** would return
3  the proceeds of the bank fraud to the undercover agents' financial account.  Defendant
4  **SAMUEL DAVIS** said he would then further launder the proceeds of the bank fraud by
5  disguising the proceeds as loans.  Defendant **SAMUEL DAVIS** explained  that the money
6  would not be subject to tax liability, and that the loans would be concealed by having all
7  parties involved sign non-disclosure agreements.

8              3.        To accomplish the laundering of the proceeds, defendant **SAMUEL**
9  **DAVIS** agreed to and received from the undercover agents $10,000, which the undercover
10 agents represented as the proceeds of bank fraud, to cover the costs of creating any trusts
11 and corporations that defendant **SAMUEL DAVIS** would use to "wash" the proceeds.  As
12 additional compensation for the laundering of the proceeds, defendant **SAMUEL DAVIS** also
13 agreed to receive an additional ten percent (10%) on the first $200,000 the undercover
14 agents wire transferred to him to be laundered. Subsequently, defendant **SAMUEL DAVIS**
15 arranged for the undercover agents to wire transfer money, which the undercover agents
16 represented to defendant **SAMUEL DAVIS** was the proceeds from bank fraud, to Wells
17 Fargo account number XXXXXX5202 in the name of Boulder Mountain Funding Trust.
18 Defendant **SAMUEL DAVIS** would then wire transfer the money back the to undercover
19 agents' financial account in the State of Nevada minus any fee for defendant **SAMUEL**
20 **DAVIS**'s services. From March 2008 through on or about September 9, 2008, undercover
21 agents wire transferred to **SAMUEL DAVIS** a total of approximately $585,000. Defendant
22 **SAMUEL DAVIS** had wire transferred back to agents approximately $540,000 to the
23 undercover agents financial account, and had kept $45,000 as payment for his money
24 laundering services.
25  .   .   .
26

                                         3

4.    Beginning in or about September 2008, the undercover agents told defendant **SAMUEL DAVIS** that the proceeds the undercover agents represented to be the proceeds of bank fraud were no longer available to be provided to defendant **SAMUEL DAVIS** for laundering through the use of wire transfers between financial institutions. The undercover agents told defendant **SAMUEL DAVIS** that the proceeds of the bank fraud were now available only in cash. To assist with the laundering of currency which the undercover agents represented to be from bank fraud, defendant **SAMUEL DAVIS** obtained the assistance of his associate, defendant **SHAWN RICE**.    In or about September 2008, defendant **SAMUEL DAVIS** arranged for himself and defendant **SHAWN RICE** to meet an undercover agent in the State of Nevada to discussed how to launder the cash proceeds from bank fraud through financial transactions to promote the carrying on of the bank fraud and to conceal and disguise the nature, location, source, ownership and control of the cash. Beginning in or about September 2008, the undercover agent represented to defendant **SAMUEL DAVIS** that he was involved with individuals who were engaged in bank fraud, in violation of Title 18, United States Code, Section 1344, specified unlawful activity as defined by Title 18, United States Code, Section 1956(c)(7)(A). The undercover agent explained he was involved in the theft and forgery of stolen official checks from Wachovia Bank and showed defendant **SHAWN RICE** what the undercover agent represented as some of the official checks stolen from Wachovia Bank. The undercover agent subsequently advised defendant **SHAWN RICE** that his contact at Wachovia Bank who was stealing the blank official checks and signature stamps was getting transferred to the same department at Wells Fargo Bank, and would be in a position to steal these same items at Wells Fargo Bank.

5.    Defendant **SHAWN RICE** proposed several options to launder the cash proceeds, including moving the currency into J.P. Morgan Chase Bank of Arizona through

4

1   his purported religions organizations, "The Order of Gershom" or "Simpe." Defendant
2   **SHAWN RICE** explained to the undercover agent that he could take the cash proceeds and
3   deposit them into his bank account as charitable donations because he claimed he was a
4   rabbi. Defendant **SHAWN RICE** further explained if he were stopped by police and
5   questioned about his possession of a large amount of cash, he would tell the police the
6   money was religious donations. Defendant **SHAWN RICE** stated that after he deposited the
7   money in his personal account, defendant **SHAWN RICE** could then transfer the money to
8   the undercover agent's financial account. Defendant **SHAWN RICE** agreed to launder the
9   cash proceeds the undercover agent represented to be the proceeds of bank fraud at a three
10  percent (3%) commission

11          6.      Beginning in or about October 2008, the undercover agent would meet
12  with defendant **SHAWN RICE** in the State of Nevada and provided defendant **SHAWN RICE**
13  with cash which the undercover agent would represent to be the proceeds of bank fraud.
14  Defendant **SHAWN RICE** would subsequently deposit the currency in his Simpe account at
15  J.P. Morgan Chase Bank, account number XXXXX4312, and then wire transfer the money
16  back to the undercover agent's financial account in the State of Nevada. Defendant **SHAWN**
17  **RICE** opened the Simpe account at J.P. Morgan Chase Bank under a false Social Security
18  Number not assigned to him. This allowed him to conceal his ownership and control of the
19  account and his involvement in the flow of currency through the account, in part by having
20  Currency Transaction Reports showing cash deposits or withdrawals in amounts over ten
21  thousand dollars ($10,000.00) filed under the false Social Security number rather than the
22  Social Security number assigned to Defendant **SHAWN RICE**.

23          7.      In or about November 2008, defendant **SAMUEL DAVIS** and defendant
24  **SHAWN RICE** met with an undercover agent in the State of Nevada and discussed the
25  changing of the method of laundering the proceeds the undercover agent represented as the
26

5

1 proceeds of bank fraud by wire transferring the currency after Defendant **SHAWN RICE** had

2 deposited in to his Simpe account at J.P. Morgan Chase Bank to defendant **SAMUEL**

3 **DAVIS**'s Boulder Mountain Funding Trust at Wells Fargo Bank and then having defendant

4 **SAMUEL DAVIS** wire transfer the money to the undercover agent's financial account.

5 Defendant **SAMUEL DAVIS** agreed to take a five percent (5%) commission of the money

6 laundered as compensation for his services in laundering the bank fraud proceeds.

7 Defendant **SHAWN RICE** agreed to take a three percent (3%) commission of the money

8 laundered as compensation for his services in laundering the bank fraud proceeds.

9 Subsequently, in the State of Nevada, the undercover agent or a confidential human source

10 acting at the direction of the undercover agent provided defendant **SHAWN RICE** cash

11 proceeds the undercover agent and the confidential human source represented to be the

12 proceeds of bank fraud. Defendant **SHAWN RICE** would take the cash proceeds and

13 deposit them into his Simpe account at J.P. Morgan Chase bank, account number

14 XXXXX4312 and wire transfer the money minus any fee to defendant **SAMUEL DAVIS**'s

15 account in the name of Boulder Mountain Funding Trust at Wells Fargo Bank, account

16 number XXXXXX5202, defendant **SAMUEL DAVIS** would then wire transfer the money

17 minus any fee to the undercover agent's financial account in the State of Nevada. From

18 March 2008 through on or about the date of this indictment, in the State of Nevada, the

19 undercover agents and confidential human source acting at the undercover agent's direction

20 had provided defendant **SAMUEL DAVIS** and defendant **SHAWN RICE** a total of

21 approximately $1,293,782 in cash proceeds. Defendant **SAMUEL DAVIS** and defendant

22 **SHAWN RICE** had wire transferred back to the undercover agents approximately $1,198,000

23 to the undercover agents' financial account in the State of Nevada. Defendant **SAMUEL**

24 **DAVIS** had taken a total of approximately $73,782 as fees for his services in laundering the

25

26

1    bank fraud proceeds. Defendant **SHAWN RICE** had taken a total of approximately $22,000

2    as fees for his services in laundering the bank fraud proceeds.

3              All in violation of Title 18, United States Code, Section 1956(h).

4                                  **COUNT TWO**
                          Money Laundering; Aiding and Abetting
5

6         8.    Paragraphs 2 through 7 of this Indictment are realleged and

7    incorporated by reference herein.

8         9.    On or about May 2, 2008, in the District of Nevada and elsewhere,

9                                  **SAMUEL DAVIS,**

10   defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

11   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

12   financial transaction being defendant **SAMUEL DAVIS** wire transferring $15,000 from Wells

13   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

14   to a financial account in the United States controlled by a FBI agent acting in an undercover

15   capacity, involving property that a the FBI agent acting in his undercover capacity had

16   previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

17   **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

18   conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

19   the intent to promote the carrying on of the specified unlawful activity and to conceal and

20   disguise the nature, location, source, ownership and control of property believed to be the

21   proceeds of the specified unlawful activity, said specified unlawful activity being violations

22   of Title 18, United States Code, Section 1344.

23             All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24   .  .  .

25   .  .  .

26

7

## COUNT THREE
### Money Laundering; Aiding and Abetting

10.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

11.    On or about May 8, 2008, in the District of Nevada and elsewhere,

### SAMUEL DAVIS,

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $18,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT FOUR
### Money Laundering; Aiding and Abetting

12.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

. . .

8

1           13.    On or about May 12, 2008, in the District of Nevada and elsewhere,

2           **SAMUEL DAVIS,**

3    defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

4    that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

5    financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells

6    Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

7    to a financial account in the United States controlled by a FBI agent acting in an undercover

8    capacity, involving property that a the FBI agent acting in his undercover capacity had

9    previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

10   **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

11   conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

12   the intent to promote the carrying on of the specified unlawful activity and to conceal and

13   disguise the nature, location, source, ownership and control of property believed to be the

14   proceeds of the specified unlawful activity, said specified unlawful activity being violations

15   of Title 18, United States Code, Section 1344.

16          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

17          **<u>COUNT FIVE</u>**

       Money Laundering; Aiding and Abetting

18

19          14.    Paragraphs 2 through 7 of this Indictment are realleged and

20   incorporated by reference herein.

21          15.    On or about May 16, 2008, in the District of Nevada and elsewhere,

22          **SAMUEL DAVIS,**

23   defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

24   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

25   financial transaction being defendant **SAMUEL DAVIS** wire transferring $32,000 from Wells

26

1  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

2  to a financial account in the United States controlled by a FBI agent acting in an undercover

3  capacity, involving property that a the FBI agent acting in his undercover capacity had

4  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

5  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

6  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

7  the intent to promote the carrying on of the specified unlawful activity and to conceal and

8  disguise the nature, location, source, ownership and control of property believed to be the

9  proceeds of the specified unlawful activity, said specified unlawful activity being violations

10  of Title 18, United States Code, Section 1344.

11        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12  56(a)(3)(A) and 2.

13  .
                         **COUNT SIX**
                 Money Laundering; Aiding and Abetting
14

15        16.    Paragraphs 2 through 7 of this Indictment are realleged and

16  incorporated by reference herein.

17        17.    On or about May 29, 2008, in the District of Nevada and elsewhere,

18                         **SAMUEL DAVIS,**

19  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

20  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

21  financial transaction being defendant **SAMUEL DAVIS** wire transferring $20,000 from Wells

22  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

23  to a financial account in the United States controlled by a FBI agent acting in an undercover

24  capacity, involving property that a the FBI agent acting in his undercover capacity had

25  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

26

10

1    **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

2    conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

3    the intent to promote the carrying on of the specified unlawful activity and to conceal and

4    disguise the nature, location, source, ownership and control of property believed to be the

5    proceeds of the specified unlawful activity, said specified unlawful activity being violations

6    of Title 18, United States Code, Section 1344.

7            All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

8                     **<u>COUNT SEVEN</u>**

                  Money Laundering; Aiding and Abetting

9

10        18.     Paragraphs 2 through 7 of this Indictment are realleged and

11    incorporated by reference herein.

12        19.     On or about **June 3, 2008**, in the District of Nevada and elsewhere,

13                  **SAMUEL DAVIS,**

14    defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

15    that term is defined· in Title 18, United States Code, Sections 1956(c)(3) and (4), said

16    financial transaction being defendant **SAMUEL DAVIS** wire transferring $20,000 from Wells

17    Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

18    to a financial account in the United States controlled by a FBI agent acting in an undercover

19    capacity, involving property that a the FBI agent acting in his undercover capacity had

20    previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

21    **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

22    conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

23    the intent to promote the carrying on of the specified unlawful activity and to conceal and

24    disguise the nature, location, source, ownership and control of property believed to be the

25

26

1  proceeds of the specified unlawful activity, said specified unlawful activity being violations

2  of Title 18, United States Code, Section 1344.

3          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2..

4                                          **COUNT EIGHT**
                                  Money Laundering; Aiding and Abetting
5

6          21.    Paragraphs 2 through 7 of this Indictment are realleged and

7  incorporated by reference herein.

8          22.    On or about June 13, 2008, in the District of Nevada and elsewhere,

9                                          **SAMUEL DAVIS,**

10  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

11  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

12  financial transaction being defendant **SAMUEL DAVIS** wire transferring $5,000 from Wells

13  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

14  to a financial account in the United States controlled by a FBI agent acting in an undercover

15  capacity, involving property that a the FBI agent acting in his undercover capacity had

16  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

17  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

18  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

19  the intent to promote the carrying on of the specified unlawful activity and to conceal and

20  disguise the nature, location, source, ownership and control of property believed to be the

21  proceeds of the specified unlawful activity, said specified unlawful activity being violations

22  of Title 18, United States Code, Section 1344.

23          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24  .   .   .

25  .   .   .

26

                                          12

**COUNT NINE**
Money Laundering; Aiding and Abetting

23.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

24.    On or about June 25, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $35,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT TEN**
Money Laundering; Aiding and Abetting

25.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

.   .   .

13

26.    On or about June 30, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT ELEVEN**
Money Laundering; Aiding and Abetting

27.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

28.    On or about July 7, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $40,000 from Wells

14

1   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

2   to a financial account in the United States controlled by a FBI agent acting in an undercover

3   capacity, involving property that a the FBI agent acting in his undercover capacity had

4   previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

5   **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

6   conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

7   the intent to promote the carrying on of the specified unlawful activity and to conceal and

8   disguise the nature, location, source, ownership and control of property believed to be the

9   proceeds of the specified unlawful activity, said specified unlawful activity being violations

10  of Title 18, United States Code, Section 1344.

11          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12  .                              **COUNT TWELVE**
                             Money Laundering; Aiding and Abetting
13

14          29.     Paragraphs 2 through 7 of this Indictment are realleged and

15  incorporated by reference herein.

16          30.     On or about July 15, 2008, in the District of Nevada and elsewhere,

17                              **SAMUEL DAVIS,**

18  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

19  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

20  financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells

21  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

22  to a financial account in the United States controlled by a FBI agent acting in an undercover

23  capacity, involving property that a the FBI agent acting in his undercover capacity had

24  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

25  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

26

15

1  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

2  the intent to promote the carrying on of the specified unlawful activity and to conceal and

3  disguise the nature, location, source, ownership and control of property believed to be the

4  proceeds of the specified unlawful activity, said specified unlawful activity being violations

5  of Title 18, United States Code, Section 1344.

6          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

7

8                              **COUNT THIRTEEN**
                         Money Laundering; Aiding and Abetting

9

10         31.    Paragraphs 2 through 7 of this Indictment are realleged and

11  incorporated by reference herein.

12         32.    On or about July 18, 2008, in the District of Nevada and elsewhere,

13                              **SAMUEL DAVIS,**

14  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

15  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

16  financial transaction being defendant **SAMUEL DAVIS** wire transferring $60,000 from Wells

17  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

18  to a financial account in the United States controlled by a FBI agent acting in an undercover

19  capacity, involving property that a the FBI agent acting in his undercover capacity had

20  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

21  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

22  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

23  the intent to promote the carrying on of the specified unlawful activity and to conceal and

24  disguise the nature, location, source, ownership and control of property believed to be the

25

26

1   proceeds of the specified unlawful activity, said specified unlawful activity being violations

2   of Title 18, United States Code, Section 1344.

3           All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

4   **COUNT FOURTEEN**
Money Laundering; Aiding and Abetting

5

6           33.    Paragraphs 2 through 7 of this Indictment are realleged and

7   incorporated by reference herein.

8           34.    On or about July 29, 2008, in the District of Nevada and elsewhere,

9           **SAMUEL DAVIS,**

10   defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

11   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

12   financial transaction being defendant **SAMUEL DAVIS** wire transferring $65,000 from Wells

13   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

14   to a financial account in the United States controlled by a FBI agent acting in an undercover

15   capacity, involving property that a the FBI agent acting in his undercover capacity had

16   previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

17   **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

18   conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

19   the intent to promote the carrying on of the specified unlawful activity and to conceal and

20   disguise the nature, location, source, ownership and control of property believed to be the

21   proceeds of the specified unlawful activity, said specified unlawful activity being violations

22   of Title 18, United States Code, Section 1344.

23           All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

24   .   .   .

25   .   .   .

26

17

**COUNT FIFTEEN**
Money Laundering; Aiding and Abetting

35.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

36.    On or about August 6, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $35,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account in the United States controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT SIXTEEN**
Money Laundering; Aiding and Abetting

37.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

.   .   .

18

1    38.    On or about August 20, 2008, in the District of Nevada and elsewhere,

2    **SAMUEL DAVIS,**

3    defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

4    that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

5    financial transaction being defendant **SAMUEL DAVIS** wire transferring $30,000 from Wells

6    Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

7    to a financial account in the United States controlled by a FBI agent acting in an undercover

8    capacity, involving property that a the FBI agent acting in his undercover capacity had

9    previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

10    **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

11    conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

12    the intent to promote the carrying on of the specified unlawful activity and to conceal and

13    disguise the nature, location, source, ownership and control of property believed to be the

14    proceeds of the specified unlawful activity, said specified unlawful activity being violations

15    of Title 18, United States Code, Section 1344.

16    All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

17    **COUNT SEVENTEEN**
Money Laundering; Aiding and Abetting

18

19    39.    Paragraphs 2 through 7 of this Indictment are realleged and

20    incorporated by reference herein.

21    40.    On or about September 4, 2008, in the District of Nevada and

22    elsewhere,

23    **SAMUEL DAVIS,**

24    defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

25    that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

26

1  financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells

2  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

3  to a financial account in the United States controlled by a FBI agent acting in an undercover

4  capacity, involving property that a the FBI agent acting in his undercover capacity had

5  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

6  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

7  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

8  the intent to promote the carrying on of the specified unlawful activity and to conceal and

9  disguise the nature, location, source, ownership and control of property believed to be the

10  proceeds of the specified unlawful activity, said specified unlawful activity being violations

11  of Title 18, United States Code, Section 1344.

12       All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

13                          **COUNT EIGHTEEN**
                      Money Laundering; Aiding and Abetting

14

15       41.    Paragraphs 2 through 7 of this Indictment are realleged and

16  incorporated by reference herein.

17       42.    On or about September 9 2008, in the District of Nevada and

18  elsewhere,

19                          **SAMUEL DAVIS,**

20  defendant herein, did knowingly conduct and attempt to conduct a financial transaction, as

21  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

22  financial transaction being defendant **SAMUEL DAVIS** wire transferring $25,000 from Wells

23  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

24  to a financial account in the United States controlled by a FBI agent acting in an undercover

25  capacity, involving property that a the FBI agent acting in his undercover capacity had

26

1  previously wire transferred to defendant **SAMUEL DAVIS** and represented to defendant

2  **SAMUEL DAVIS** to be the proceeds of a specified unlawful activity and property used to

3  conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with

4  the intent to promote the carrying on of the specified unlawful activity and to conceal and

5  disguise the nature, location, source, ownership and control of property believed to be the

6  proceeds of the specified unlawful activity, said specified unlawful activity being violations

7  of Title 18, United States Code, Section 1344.

8          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

9

10                      **COUNT NINETEEN**
               Money Laundering; Aiding and Abetting

11

12         43.    Paragraphs 2 through 7 of this Indictment are realleged and
incorporated by reference herein.

13

14         44.    On or about October 15, 2008, in the District of Nevada and elsewhere,

15                    **SAMUEL DAVIS, and**
                   **SHAWN RICE**

16  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

17  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

18  financial transaction being defendant **SHAWN RICE** depositing a check for $10,000 from

19  J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial

20  account controlled by a FBI agent acting in an undercover capacity, involving property that

21  a the FBI agent acting in his undercover capacity had previously provided in currency to

22  defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL**

23  **DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property

24  used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank

25  fraud, with the intent to promote the carrying on of the specified unlawful activity and to

26

1  conceal and disguise the nature, location, source, ownership and control of property believed
2  to be the proceeds of the specified unlawful activity, said specified unlawful activity being
3  violations of Title 18, United States Code, Section 1344.

4        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

5  **COUNT TWENTY**
Money Laundering; Aiding and Abetting

6
7        45.    Paragraphs 2 through 7 of this Indictment are realleged and
incorporated by reference herein.

8
9        46.    On or about October 27, 2008, in the District of Nevada and elsewhere,

10 **SAMUEL DAVIS,** and
**SHAWN RICE**

11 defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as
12 that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said
13 financial transaction being defendant **SHAWN RICE** depositing a check for $27,000 from
14 J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial
15 account controlled by a FBI agent acting in an undercover capacity, involving property that
16 a the FBI agent acting in his undercover capacity had previously provided in currency to
17 defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL**
18 **DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property
19 used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank
20 fraud, with the intent to promote the carrying on of the specified unlawful activity and to
21 conceal and disguise the nature, location, source, ownership and control of property believed
22 to be the proceeds of the specified unlawful activity, said specified unlawful activity being
23 violations of Title 18, United States Code, Section 1344.

24       All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

25 .  .  .

26

22

**COUNT TWENTY-ONE**
Money Laundering; Aiding and Abetting

47.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

48.    On or about October 31, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and
SHAWN RICE**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SHAWN RICE** depositing a check for $60,000 from J.P. Morgan Chase Bank, account number XXXXX4312, in the name of Simpe, to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT TWENTY-TWO**
Money Laundering; Aiding and Abetting

49.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

.   .   .

23

50.    On or about November 7, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,** and
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** depositing a check for $100,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT TWENTY-THREE**
Money Laundering; Aiding and Abetting

51.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

52.    On or about November 19, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,** and
**SHAWN RICE,**

24

1   defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

2   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

3   financial transaction being defendant **SAMUEL DAVIS** wire transferring $50,000 from Wells

4   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

5   to a financial account controlled by a FBI agent acting in an undercover capacity, involving

6   property that a the FBI agent acting in his undercover capacity had previously provided in

7   currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

8   **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

9   property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

10   bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

11   to conceal and disguise the nature, location, source, ownership and control of property

12   believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

13   being violations of Title 18, United States Code, Section 1344.

14         All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

15   **COUNT TWENTY-FOUR**<br>Money Laundering; Aiding and Abetting

16

17         53.     Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

18

19         54.     On or about November 21, 2008, in the District of Nevada and elsewhere,

20

21   **SAMUEL DAVIS,** and<br>**SHAWN RICE,**

22   defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

23   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

24   financial transaction being defendant **SAMUEL DAVIS** wire transferring $45,000 from Wells

25   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

26

25

1  to a financial account controlled by a FBI agent acting in an undercover capacity, involving

2  property that a the FBI agent acting in his undercover capacity had previously provided in

3  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

4  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

5  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

6  bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

7  to conceal and disguise the nature, location, source, ownership and control of property

8  believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

9  being violations of Title 18, United States Code, Section 1344.

10          All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

11  **COUNT TWENTY-FIVE**<br>Money Laundering; Aiding and Abetting

12

13         54.   Paragraphs 2 through 7 of this Indictment are realleged and

14  incorporated by reference herein.

15         55.   On or about December 1, 2008, in the District of Nevada and elsewhere,

16  **SAMUEL DAVIS,** and<br>**SHAWN RICE,**

17

18  defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

19  that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

20  financial transaction being defendant **SAMUEL DAVIS** wire transferring $60,000 from Wells

21  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

22  to a financial account controlled by a FBI agent acting in an undercover capacity, involving

23  property that a the FBI agent acting in his undercover capacity had previously provided in

24  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

25  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

26  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

26

1    bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

2    to conceal and disguise the nature, location, source, ownership and control of property

3    believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

4    being violations of Title 18, United States Code, Section 1344.

5        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

6

7                                    **COUNT TWENTY-SIX**
                                Money Laundering; Aiding and Abetting
8
9        56.    Paragraphs 2 through 7 of this Indictment are realleged and

     incorporated by reference herein.
10
11       57.    On or about December 2, 2008, in the District of Nevada and elsewhere,

12                              **SAMUEL DAVIS**, and
                                **SHAWN RICE,**

13   defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

14   that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

15   financial transaction being defendant **SAMUEL DAVIS** wire transferring $32,000 from Wells

16   Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

17   to a financial account controlled by a FBI agent acting in an undercover capacity, involving

18   property that a the FBI agent acting in his undercover capacity had previously provided in

19   currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

20   **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

21   property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

22   bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

23   to conceal and disguise the nature, location, source, ownership and control of property

24   believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

25   being violations of Title 18, United States Code, Section 1344.

26

                                        27

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-SEVEN
Money Laundering; Aiding and Abetting

58.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

59.    On or about December 9, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS,** and
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $70,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT TWENTY-EIGHT
Money Laundering; Aiding and Abetting

60.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

61.    On or about December 10, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $22,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT TWENTY-NINE**
Money Laundering; Aiding and Abetting

62.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

63.    On or about December 24, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and**
**SHAWN RICE,**

29

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $62,000 from Wells Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust to a financial account controlled by a FBI agent acting in an undercover capacity, involving property that a the FBI agent acting in his undercover capacity had previously provided in currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and property used to conduct and facilitate the specified unlawful activity, that is, proceeds from bank fraud, with the intent to promote the carrying on of the specified unlawful activity and to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activity, said specified unlawful activity being violations of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

**COUNT THIRTY**
Money Laundering; Aiding and Abetting

62.    Paragraphs 2 through 7 of this Indictment are realleged and incorporated by reference herein.

63.    On or about December 26, 2008, in the District of Nevada and elsewhere,

**SAMUEL DAVIS, and
SHAWN RICE,**

defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said financial transaction being defendant **SAMUEL DAVIS** wire transferring $30,000 from Wells

1  Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

2  to a financial account controlled by a FBI agent acting in an undercover capacity, involving

3  property that a the FBI agent acting in his undercover capacity had previously provided in

4  currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

5  **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

6  property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

7  bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

8  to conceal and disguise the nature, location, source, ownership and control of property

9  believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

10 being violations of Title 18, United States Code, Section 1344.

11        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

12

13                    **COUNT THIRTY-0NE**
                Money Laundering; Aiding and Abetting

14

15        62.    Paragraphs 2 through 7 of this Indictment are realleged and

16 incorporated by reference herein.

17        63.    On or about January 5, 2009, in the District of Nevada and elsewhere,

18                    **SAMUEL DAVIS,** and
                    **SHAWN RICE,**

19

20 defendants herein, did knowingly conduct and attempt to conduct a financial transaction, as

21 that term is defined in Title 18, United States Code, Sections 1956(c)(3) and (4), said

22 financial transaction being defendant **SAMUEL DAVIS** wire transferring $92,000 from Wells

23 Fargo Bank account number XXXXXX5202 in the name of Boulder Mountain Funding Trust

24 to a financial account controlled by a FBI agent acting in an undercover capacity, involving

25 property that a the FBI agent acting in his undercover capacity had previously provided in

26

31

1    currency to defendant **SHAWN RICE** in the State of Nevada and represented to defendants

2    **SAMUEL DAVIS** and **SHAWN RICE** to be the proceeds of a specified unlawful activity and

3    property used to conduct and facilitate the specified unlawful activity, that is, proceeds from

4    bank fraud, with the intent to promote the carrying on of the specified unlawful activity and

5    to conceal and disguise the nature, location, source, ownership and control of property

6    believed to be the proceeds of the specified unlawful activity, said specified unlawful activity

7    being violations of Title 18, United States Code, Section 1344.

8        All in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## FORFEITURE ALLEGATION ONE
### (Conspiracy to Commit Money Laundering)

64.    The allegation of Counts One through Thirty-One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(A), and Title 28, United States Code, Section 2461(c).

65.    Upon a conviction of the felony offense charged in Counts One through Thirty-One of this Indictment, defendants

**SAMUEL DAVIS, and**
**SHAWN RICE,**

defendants herein, shall forfeit to the United States of America, any property involved in transactions or attempted transactions in violations of Title 18, United States Code, Section 1956 up to $1,290,000.00 In United States Currency.

66.    If any property being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been place beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $1,290,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(A); Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1956; and Title 21, United States Code, Section 853(p).

33

**FORFEITURE ALLEGATION TWO**
(Conspiracy to Commit Money Laundering)

67.    The allegation of Counts One through Thirty-One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

68.    Upon a conviction of the felony offense charged in Counts One through Thirty-One of this Indictment, defendants

**SAMUEL DAVIS, and**
**SHAWN RICE,**

defendants herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of a conspiracy to commit violations of Title 18, United States Code, Section 1344, a "specified unlawful activity" as defined in Title 18, United States Code, Section 1956(c)(7) and Title 18, United States Code, Section 1961 up to $1,290,000.00 In United States Currency.

69.    If any property being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants –

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been place beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $1,290,000.00 in United States Currency.

34

1    All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28,

2    United States Code, Section 2461(c); Title 18, United States Code, Section 1344, a

3    "specified unlawful activity" as defined in Title 18, United States Code, Section 1956(c)(7)

4    and Title 18, United States Code, Section 1961; and Title 21, United States Code, Section

5    853(p).

6                              **FORFEITURE ALLEGATION THREE**
                              (Conspiracy to Commit Money Laundering)
7

8    67.    The allegation of Counts One through Thirty-One of this Indictment are

9    hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture

10   pursuant to the provision of Title 18, United States Code, Section 982(a)(1).

11   68.    Upon a conviction of the felony offense charged in Counts One through

12   Thirty-One of this Indictment, defendants

13                              **SAMUEL DAVIS,** and
                              **SHAWN RICE,**
14

15   defendants herein, shall forfeit to the United States of America, any property involved in or

16   traceable to violations of Title 18, United States Code, Section 1956 up to $1,290,000.00

17   In United States Currency.

18   69.    If any property being subject to forfeiture pursuant to Title 18, United

19   States Code, Section 982(b)(2), as a result of any act or omission of the defendants –

20   a.    cannot be located upon the exercise of due diligence;

21   b.    has been transferred or sold to, or deposited with, a third party;

22   c.    has been place beyond the jurisdiction of the court;

23   d.    has been substantially diminished in value; or

24   e.    has been commingled with other property that cannot be divided

25         without difficulty;

26

                                    35

1   it is the intent of the United States of America to seek forfeiture of any properties of the

2   defendant up to $1,290,000.00 in United States Currency.

3        All pursuant to Title 18, United States Code, Section 1956 and Title 18, United

4   States Code, Section 982(b)(2).

5        **DATED**:  this _3_ day of March 2009.

6        **TRUE BILL:**

7

8                          /s/
                         FOREPERSON OF THE GRAND JURY

9

10   GREGORY A. BROWER
     United States Attorney

11

12

13   ERIC JOHNSON
     Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26