*Refiling*

*after striken*

*in error by*

*Magistrate*

2009 NOV -2  P 12: 49

1 | Rabbi Shawn Talbot Rice, JD
2 | Bond# STR1255B1
3 | PO Box 700#81
4 | Yavapai county
5 | Ash Fork 86320
6 | Arizona
7 | In Propria Persona
8
9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF NEVADA

11

12

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No.: 2:09-CR-078 |
| **Plaintiff,** | ) THIS IS PRIVATE REMEDY |
| **vs.** | ) **NOTICE OF AFFIDAVIT OF** |
| | ) **ADMISSIONS IN COMMERCE BY** |
| | ) **NEGATIVE AVERMENT** |
| **SAMUEL DAVIS and** | ) |
| **SHAWN RICE,** | ) |
| | ) **ADMINISTRATIVE NOTICE;** |
| **Defendants.** | ) **BENEFICIARY UNDER CONTRACT** |
| | ) **LAW OF POWER OF ATTORNEY OF** |
| Shawn Rice, Creditor, Owner, Real Party in | ) **LIMITED FIDUCIARY TRUSTEESHIP** |
| Interest to defendant SHAWN RICE by | ) **DUTY TO THE PUBLIC TRUSTS OF** |
| revesting title and merger of legal and | ) **OFFICE IN CASE # 2:09-CR-078** |
| equitable title | ) |
| | ) **ORIGINAL ISSUE AND OF** |
| | ) **DEFENDANT'S** |
| | ) **ACCEPTANCE OF THE CLAIM OR** |
| | ) **CASE NO. 2:09-CR-078** |

13

14

### NOTICE OF AFFIDAVIT OF ADMISSIONS IN COMMERCE

15

### BY NEGATIVE AVERMENT

16 | State of Arizona          )
17 |                          )     ss:
18 | Yavapai county           )
19
20 | 1. I, Shawn Rice (Affiant), appear and state under penalty of perjury that the following is true and
21 | correct.

2. It does not appear that The Parties have not admitted, stipulated and acknowledged that Affiant is a man, sovereign without subjects, operating on the soil of yavapai county.

3. It does not appear that The Parties have not admitted, stipulated and acknowledged that Affiant operates and delivers this data with personal knowledge of the fact, unless stated to contrary (information and belief).

4. It does not appear that The Parties have not admitted, stipulated and acknowledged that Affiant is the Real Party in Interest (RPII) for the named defendant.

5. It does not appear that The Parties have not admitted, stipulated and acknowledged that Affiant is a Rabbi.

6. It does not appear that The Parties have not admitted, stipulated and acknowledged that Affiant is authorized to practice before the Tribal Courts of the Pembina Nation.

7. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Pembina Nation is recognized by The Parties through a non-diminished capacity Treaty agreement.

8. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties is defined as the Plaintiff, Judge, Clerk of Court and Public Defender.

9. It does not appear that The Parties have not admitted, stipulated and acknowledged that Plaintiff is represented and defined as PUBLIC ATTORNEY (IN FICTION), the Assistant United States Attorney, Eric Johnson, Esq.

10. It does not appear that The Parties have not admitted, stipulated and acknowledged that JUDGE is defined as JAMES C. MAHAN.

11. It does not appear that The Parties have not admitted, stipulated and acknowledged that CLERK OF COURT is the head banking clerk for this court.

12. It does not appear that The Parties have not admitted, stipulated and acknowledged that PUBLIC DEFENDER is defined as Michael Kimbrell, Esq.

13. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties are all bonded.

14. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties have all taken an oath to support and defend the Constitution for the United States of America, circa A.D. 1787.

15. It does not appear that The Parties have not admitted, stipulated and acknowledged that the charges in this instant case are not defined in Title 27 C.F.R. 72.11 as being commercial crimes as "Any of the following types of crimes (Federal or State): Offenses against the revenue laws; burglary; counterfeiting; forgery; kidnapping; larceny; robbery; illegal sale or possession of deadly weapons; prostitution (including soliciting, procuring, pandering, white slaving, keeping house of ill fame, and like offenses); extortion; swindling and confidence games; and attempting to commit, conspiring to commit, or compounding any of the foregoing crimes. Addiction to narcotic drugs and use of marihuana will be treated as if such were commercial crime." with applicable commercial remedies.

16. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties have all taken an oath to support the United Nations in violation of their oath to support and defend the Constitution for the United States of America.

17. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties have all taken an oath to breach of Oath with Constitution for the United States of America.

18. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Plaintiff is a corporation domiciled in Isle of Mann.

19. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Isle of Mann is a British Crown subsidiary.

20. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Social Security Treaty is under the British Buckingham Palace under the Queen as demonstrated by the "Statutory Instrument 1997 No. 1778, The Social Security (United States of America) Order 1997…At the Court at Buckingham Palace, the 22nd day of July 1997…The Queen's Most Excellent Majesty in Council…Whereas at London on the 13th February 1984 an Agreement on social security between the Government of the <u>United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America</u> (hereinafter referred to as "the Agreement") and an Administrative Agreement for the implementation of the Agreement (hereinafter referred to as "the Administrative Agreement")[1] were signed on behalf of those Governments and effect was given to the Agreement by the Social Security (United States of America) Order 1984 (hereinafter referred to as "the Principal Order")[2]:…"

21. It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII is defined as man, sovereign without subjects second only to The Creator, YHVH.

22. It does not appear that The Parties have not admitted, stipulated and acknowledged that the named defendant, SHAWN RICE, is defined as grantor trust separate and apart from the RPII.

23. It does not appear that The Parties have not admitted, stipulated and acknowledged that said Grantor trust had title revested on or prior to April 2001 and which process began in May 1992 while serving in the jungles of Cambodia with the USMC/CIA.

24. It does not appear that The Parties have not admitted, stipulated and acknowledged that legal and equitable title to SHAWN RICE is now held by RPII.

25. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Actions of RPII regarding any Social Security relation since April 2001 were done so for purposes of collections of trust res.

26. It does not appear that The Parties have not admitted, stipulated and acknowledged that the FRCrimP do not apply commercially to RPII.

27. It does not appear that The Parties have not admitted, stipulated and acknowledged that the FRCrimP do apply commercially to the named defendant SHAWN RICE, a grantor trust.

28. It does not appear that The Parties have not admitted, stipulated and acknowledged that the named defendant is represented by bonded PUBLIC ATTORNEY (in Fiction), PUBLIC DEFENDER by order of JUDGE not by agreement of RPII.

29. It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII agrees to said Public Defender appointment under the terms and conditions to present no arguments but only to settle the charges, commercially.

30. It does not appear that The Parties have not admitted, stipulated and acknowledged that the proper name of this court should be **BANK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA** with trustees known as JUDGE JAMES C. MAHAN, CO-TRUSTEE (Eric Johnson), CLERK OF COURT, and CLOSING OFFICER (Michael Kimbrell).

31. It does not appear that The Parties have not admitted, stipulated and acknowledged that all the Officers of the Court are Agents or Representatives of the Internal Revenue Service in accordance with the Fed. Civil Rules, Rule 81(f).

32. It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII operates in the capacity as Authorized Representative/Owner/Creditor for the named defendant has already accepted charges for value on arraignment day.

33. It does not appear that The Parties have not admitted, stipulated and acknowledged that plaintiff is defined as UNITED STATES OF AMERICA, a subsidiary of the British Crown, a foreign principal, which is a fiction.

34. It does not appear that The Parties have not admitted, stipulated and acknowledged that Eric Johnson, Esq., and plaintiff therein, admits, acknowledges and stipulates that Eric Johnson, Esq. represents fiction UNITED STATES OF AMERICA in his capacity as a Public Attorney-in-Fiction.

35. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man (RPII) known as Shawn Rice is not a fiction.

36. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is man and is not a citizen, Citizen, resident, subject or any other diminimus party in relation to plaintiff, which also includes associations, parent and subordinate body politic(s), etc.

37. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has physically appeared in this case only because agents of the FBI incarcerated him and force him in chains (before a court of equity) to appear.

38. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice served both the de jure County Magistrate and Chief Judge Brutinel, the fall of 2007, in accord with Norton v. Shelby County, 118 U.S. 425 (1886), a Non-Statutory Abatement and documents demonstrating status on the Land/soil in accord with the Book of Exodus chapter 18:21, 25.

39. It does not appear that The Parties have not admitted, stipulated and acknowledged that the named defendants are fictions.

40. It does not appear that The Parties have not admitted, stipulated and acknowledged that the named defendants are fictions subject to administrative law.

41. It does not appear that The Parties have not admitted, stipulated and acknowledged that the named defendants are fictions subject to administrative law and therein Judge cannot incarcerate RPII or any man without his express consent.

42. It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII has never consented to incarceration of any kind, at any time or any place ever.

43. It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII was brought before this court of equity (admiralty/maritime/commerce) with chains attached forcibly by plaintiff and others.

44. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Social Security agreement and its associated number is a grantor trust agreement.

45. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has revoked and revested title to said grantor trust and has executed on merger of legal and equitable title.

46. It does not appear that The Parties have not admitted, stipulated and acknowledged that the merger and trust collapse was recognized by the Department of Justice in the cases of UNITED STATES OF AMERICA v. ZIDAR, et. al. (Seattle USDC 2000) and in Shawn Rice v. John Ashcroft, as Alien property Custodian and Common Law Trustee (CIV-02-1735-PHX-MHM) among other filings, meetings, administrative hearings etc. since A.D. 1995.

47. It does not appear that The Parties have not admitted, stipulated and acknowledged that Social Security is an agreement with the governments of the United States and the United Kingdom.

48. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Supreme Court has additionally ruled that all contracts with government, express or implied, are maritime in their nature, *The Glide*, 167 U.S. 606; and *The Corsair*, 145 U.S. 342, and therefore of admiralty jurisdiction, *American Ins. Co. v. Canter* (1828) 1 U.S. (Pet.) 511, 545; whereas "A case in admiralty does not, in fact, arise under the Constitution or Laws of the United States."

49. It does not appear that The Parties have not admitted, stipulated and acknowledged that the courts of the STATE and the UNITED STATES are operating in mixed and multiple jurisdictions/law forms of law, equity, admiralty and maritime.

50. It does not appear that The Parties have not admitted, stipulated and acknowledged that admiralty and special maritime are brought upon land through agreements in equity.

51. It does not appear that The Parties have not admitted, stipulated and acknowledged that law, equity, admiralty and maritime jurisdictions were merged into one law form in 1966 and are now known as "civil law".

52. It does not appear that The Parties have not admitted, stipulated and acknowledged that "no one comes before equity in chains."

53. It does not appear that The Parties have not admitted, stipulated and acknowledged that admiralty and special maritime are subsets of the Law Merchant known today as the Uniform Commercial Code for domestic issues.

54. It does not appear that The Parties have not admitted, stipulated and acknowledged that admiralty and special maritime are subsets of the Law Merchant known today as the UNCITRAL for international issues.

55. It does not appear that The Parties have not admitted, stipulated and acknowledged that statement "46." is a matter of record acknowledged by the United States State Department, and Department of Justice among other agencies verifiable through FBI Agent David Rubincam (206-622-0460 Ext. 2368).

56. It does not appear that The Parties have not admitted, stipulated and acknowledged that 14 Statutes at Large 4 demonstrates that the named defendant is a stockholder of the United States of America, plaintiff, which makes RPII the authorized representative, creditor, partial owner, private banker, and legal title holder to part of the body of plaintiff.

57. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII, authorized representative, creditor, partial owner, private banker, and legal title holder to part of the body of plaintiff, is immune from being arrested, tackled, beaten, handcuffed, leg-cuffed, shackled, kept in a cold cell, generally treated to further "Survival, Escape, Resistance and Evasion" training, without authorization of authority due to inability to incarcerate without express permission by RPII.

58. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man (RPII) known as Shawn Rice operates pursuant to biblical (Torah) law.

59. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man (RPII) known as Shawn Rice in relation to plaintiff is a man/sovereign without subjects.

60. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man (RPII) known as Shawn Rice did not threaten, intimidate, harass, or place anyone in fear or alarm, while delivering, or in delivery, of this, or in this the Negative Averment.

61. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice informed The Parties that he was not a member of the State Bar of Arizona or any other British Crown Bar system or the International Bar Association.

62. It does not appear that The Parties have not admitted, stipulated and acknowledged that on December 9th, 1945 the International Organization Immunities Act relinquished every public office of the United States to the United Nations.

63. It does not appear that The Parties have not admitted, stipulated and acknowledged that all courts are administrative and can only hear cases on public officials pursuant to the Administrative Procedures Act, chapter 150 (a) (b).

64. It does not appear that The Parties have not admitted, stipulated and acknowledged that Federal judges who are appointed to preside on the District Courts of the United States --- the Article III constitutional courts -- are immune from any taxation of their pay, by constitutional mandate.

65. It does not appear that The Parties have not admitted, stipulated and acknowledged that the fact that all federal judges are currently paying taxes on their pay is proof of undue influence by the IRS, posing as a duly authorized agency of the Executive Branch as declared by the United States Supreme Court in Evans v. Gore, 253 U.S. 245 (1920).

66. It does not appear that The Parties have not admitted, stipulated and acknowledged that even if the IRS were a lawful bureau or department within the U.S. Department of the Treasury, the existence of undue influence by the Executive Branch would violate the fundamental principle of Separation of Powers.

67. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Separation of Powers principle is succinctly defined in Williams v. United States, 289 U.S. 553 (1933).

68. It does not appear that The Parties have not admitted, stipulated and acknowledged that the federal judiciary, contemplated by the organic U.S. Constitution, was intended to be independent and unbiased and these two qualities are the essence, or sine qua non of judicial power, i.e. without which there is nothing, and undue influence obviously violates these two qualities pursuant to Evans v. Gore supra.

69. It does not appear that The Parties have not admitted, stipulated and acknowledged that in Lord v. Kelley, 240 F.Supp. 167, 169 (1965), the federal judge in that case was honest enough to admit, in his published opinion, that federal judges routinely rule in favor of the IRS, because they fear the retaliation that might result from ruling against the IRS.

70. It does not appear that The Parties have not admitted, stipulated and acknowledged that at the University of Arizona in January of 1997, Chief Justice William H. Rehnquist openly admitted that all federal judges are currently paying taxes on their judicial pay.

71. It does not appear that The Parties have not admitted, stipulated and acknowledged that all Federal Judges are therefore, at best, Administrative Law Judges (if they keep an accurate record of proceedings) and lack authority to incarcerate anyone notwithstanding cases involving quarantine through the Centers for Disease Control and issues involving immigration.

72. It does not appear that The Parties have not admitted, stipulated and acknowledged that Title 8 USC 1481 states that once an oath of office is taken citizenship is relinquished, thus any state employee becomes a foreign entity, agency, or state.

73. It does not appear that The Parties have not admitted, stipulated and acknowledged that previous statement means every public office is a foreign state, including all political subdivisions. (i.e. every single court is considered a separate foreign entity).

74. It does not appear that The Parties have not admitted, stipulated and acknowledged that under 22 USC (Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents.

75. It does not appear that The Parties have not admitted, stipulated and acknowledged that the Federal Rules of Civil Procedure (FRCP) 4j states that the Court jurisdiction and immunity fall under a foreign State.

76. It does not appear that The Parties have not admitted, stipulated and acknowledged that any state agency that operates "For Profit" is not dejure but defacto and void of immunity thus operating like any other publicly trading corporation as declared by the U.S. Supreme court, Clearfield Trust v U.S., 318 US 363 (1943).

77. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice informed The Parties that he has posted Public Hazard Bonds in the nature of a State Bar Card Errors and Omission policy like any other Bar member/system/ Association.

78. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice informed The Parties that, he is an Attorney for a national Native indigenous tribe.

79. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has been a certified paralegal graduate of Kaplan College since October 31, 2001.

80. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has been engaged in continuing legal education since October 2001 through self study, Shepperton University online, Novus University online, numerous mentors and has written numerous papers, thesis (www.riceandassociates.net), and legal documents including court documents.

81. It does not appear that The Parties have not admitted, stipulated and acknowledged that they are not competent in the biblical premises upon which their law form stands as well as that of the Constitutions of the various States of the Union, the Declaration of Independence, the Articles of Confederation, among other biblically based foundational documents, instruments, treaties, etc.

82. It does not appear that The Parties have not admitted, stipulated and acknowledged that they are operating in secular, civil law form and not the foundational biblical law form.

83. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has an unalienable right to work.

84. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has the Rights of life, liberty and pursuit of happiness.

85. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has natural, unalienable Rights protected by the Arizona State Constitution of 1912, the Constitution for the United States of America of 1791 with Bill of Rights attached, the

Treaty with the Delawares, the Treaty with the Pembina Nation, and the Pembina Nation constitution.

86. It does not appear that The Parties have not admitted, stipulated and acknowledged that the plaintiff is just another tribe in North America and is in breach of numerous Treaty agreements with the native indigenous people.

87. It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice has natural, unalienable Rights protected by the Articles of Confederation, the Declaration of Independence as well as the Treaty of Peace of 1783.

88. It does not appear that The Parties have not admitted, stipulated and acknowledged that it is stated in Marbury v. Madison, 5 U.S. 137 (1803), that anything in conflict with the supreme law of the land is null and void of law, "An act of congress repugnant to the constitution is not law.", "When the constitution and an act of congress are in conflict, the constitution must govern the case to which both apply."

89. It does not appear that The Parties have not admitted, stipulated and acknowledged that "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them", (Miranda vs. Arizona, 384 US 436 p. 491).

90. It does not appear that The Parties have not admitted, stipulated and acknowledged that "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed." (Norton vs. Shelby County 118 US 425 p. 442.

91. It does not appear that The Parties have not admitted, stipulated and acknowledged that it is stated in Shapiro v. Thompson, 394 U.S. 618, rules set forth by a state or federal legislative body that restrict constitutional rights are patently unconstitutional, "Congress may not authorize the States to violate the Equal Protection Clause.", "If a law has 'no other purpose . . . than to chill the assertion of

constitutional rights by penalizing those who choose to exercise them, then it [is] patently unconstitutional.' United States v. Jackson, 390 U.S. 570, 581 (1968)."

92. It does not appear that The Parties have not admitted, stipulated and acknowledged that it is stated in the case of Murdock v. Commonwealth of Pennsylvania (Jones v. City of Opelika), 319 U.S. 105 (1943), that "no state may convert a secured liberty into a privilege.", "A state may not impose a charge for the enjoyment of a right granted by the federal constitution. Thus, it may not exact a license tax for the privilege of carrying on interstate commerce (McGoldrick v. Berwind-White Co., 309 U.S. 33 , 56-58, 60 S.Ct. 388, 397, 398, 128 A.L.R. 876), although it may tax the property used in, or the income derived from, that commerce, so long as those taxes are not discriminatory."

93. It does not appear that The Parties have not admitted, stipulated and acknowledged that "As stated by the Supreme Court of Illinois in a case involving this same sect and an ordinance similar to the present one, a person cannot be compelled 'to purchase, through a license fee or a license tax, the privilege freely granted by the constitution.'"

94. It does not appear that The Parties have not admitted, stipulated and acknowledged that a Right protected by constitution is superior to a legislative enactment when in conflict with the supreme law of the land.

95. It does not appear that The Parties have not admitted, stipulated and acknowledged that if the legislature does pass a law to take away that right it is unconstitutional.

96. It does not appear that The Parties have not admitted, stipulated and acknowledged that no state may convert a secured liberty into a privilege and issue a license and a fee for it and if they do the individual can ignore the license and the fee and engage in the right with impunity.

97. It does not appear that The Parties have not admitted, stipulated and acknowledged that the cases of United States v. Bishop, 412 U.S. 346 (1973) and Miller v. United States, 230 F2nd 486, defines willfulness as "with evil motive or bad purpose either to disobey or to disregard the law."

98. It does not appear that The Parties have not admitted, stipulated and acknowledged that in regard to how a right shall be interpreted, Title 16 Am Jur 2d Section 97 states "it shall be interpreted in my favor because I am the clearly intended and expressly designated beneficiary whose citizens were for the protected actions, rights and property," Byars v. U. S., 273 U.S. 28 (1927).

99. It does not appear that The Parties have not admitted, stipulated and acknowledged that Schware v. Board of Examiners, 353 U.S. 238, 239. .."The practice of law (medicine etc.) is not within the States grace to regulate."

100.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the practice of law (medicine etc.) is an occupation of common right as per Sims v. Ahrens, 271 S.W. 720 (1925).

101.    It does not appear that The Parties have not admitted, stipulated and acknowledged that no State in the Union of the United States of America licenses lawyers, only the State Bar, which issues a private corporation type of "Union Card"/certificate for payment of dues/fees.

102.    It does not appear that The Parties have not admitted, stipulated and acknowledged that ExParte v. Garland, 4 Wall 333, 370 (1866), authorizes only the practice of law in the courts as an officer of the court and a member of the judicial branch of government, to represent wards of the court such as infants and persons of unsound mind and as a public defender in criminal cases.) A state ". . . cannot license an occupation of common right . . . ," Redfield v. Fisher, 292 P. 813, 817-819.

103.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Eric Johnson, Esq. and Michael Kimbrell are members of the State Bar of Nevada.

104.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the State Bar of Nevada entered into an International Bar Treaty in 1947.

105.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the International Bar Association is domiciled in the United Kingdom.

106.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the United Kingdom is a foreign principle.

107.    It does not appear that The Parties have not admitted, stipulated and acknowledged that any member of any State Bar Association is an agent of foreign principle.

108.    It does not appear that The Parties have not admitted, stipulated and acknowledged that agents of foreign principles are required to be registered in accordance with 22 USC section 611.

109.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Eric Johnson, Esq. and Michael Kimbrell, Essq. are unregistered agents of a foreign principle and in violation of the Foreign Agents Registration Act, as are all State of Nevada (et al.) Bar Members.

110.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it has been determined that the man known as Shawn Rice is of sound mind, is not a ward of this court, or any other, and is mentally competent.

111.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is the Real Party in Interest for defendant, SHAWN RICE, in this case.

112.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is the Real Party in Interest for defendant, SHAWN RICE, in this case and is registered in the public via Form UCC-1 with Security Agreement, proper claims, etc. with States of Washington and California

113.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the Real Party in Interest (RPII) operates upon the soil and not within the fictitious, statutorily constructed scheme.

114.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the RPII is neither a F(f)ederal, S(s)tate, Municipal, nor Special Municipal employee subject to the fictitious, statutorily constructed scheme.

115.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is bonded by and through the United States Treasury via Bond #'s STR1255B1 (RB940786823US), RB100772841US, RB567921680US, RB567922251US, RB567922265US, RB567922279US, RB567922282US, RB567921296US, RB567921305US, RB567921319US, RB567921322US, and RB567921336US.

116.    It does not appear that The Parties have not admitted, stipulated and acknowledged that said bonds were mailed via registered post and therein registered with the Securities and Exchange Commission, and accepted in the nature of various UCC articles and sections not limited to UCC 1-201(3), (4), (12), (13), (14), (17), (22), (24), (26), (27), (31), (32), (33), (35), (36), (37), (39), 1-202, 1-205, 1-206, 1-302, 1-303, 1-304, 1-305, 1-307, 1-309, 1-310, 2-202, 2A-501, 3-103, 8-103, 8-209, and 8-303.

117.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is bonded and has indemnified the STATE OF ARIZONA/ CALIFORNIA/NEVADA Supreme Court Justices, STATE OF ARIZONA/CALIFORNIA/ NEVADA, all other judicial officers, STATE OF ARIZONA/CALIFORNIA/NEVADA, Bar Association and officers therein through the United States Treasury, among other parties, see attached.

118.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man known as Shawn Rice is bonded and has indemnified a priori Presiding Judge/TRUSTEE, Eric Johnson, Esq./CO-TRUSTEE and Michael Kimbrell/CLOSING OFFICER through the United States Treasury.

119.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the only Protected Creditor party who has produced a sworn affidavit with personal knowledge of the facts is RPII.

120.    It does not appear that The Parties have not admitted, stipulated and acknowledged that no other Protected Creditor party has produced a sworn affidavit with personal knowledge of the facts.

121.    It does not appear that The Parties have not admitted, stipulated and acknowledged that this private, non-public, presentation covers the issues of  APPEARANCE, APPOINTMENTS AND PRIVATE REMEDY.

122.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man/sovereign without subjects, Shawn Rice, "I", appears as Creditor/Owner/Real Party in Interest (RPII) for DEFENDANT.

123.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII previously revested title to the named defendant and filed Optional Forms 90 and 91, Standard Form 28 (among other documents) with the Depository Trust Company at 55 Water Street, New York, New York 10041 (for collections).

124.    It does not appear that The Parties have not admitted, stipulated and acknowledged that JUDGE has been appointed as Fiduciary Trustee, AUSA has been appointed as Fiduciary Co-Trustee and PUBLIC DEFENDER has been appointed as CLOSING OFFICER to ensure that the charges are settled.

125.    It does not appear that The Parties have not admitted, stipulated and acknowledged that TERMS AND CONDITIONS OF AGREEMENT BY TACIT PROCURATION have been set and agreed upon.

126.    It does not appear that The Parties have not admitted, stipulated and acknowledged the following;

> "Constructive trusts do not arise by agreement or from intention, but by operation of law, and fraud, active or constructive, is their essential element. Actual fraud is not necessary, but such a trust will arise whenever circumstances under which property was acquired made it equitable that it should be retained by him who holds the legal title. Constructive trusts have been said to arise through the application of the doctrine of equitable estoppel, or under the broad doctrine that equity regards and treats as done what in good conscience ought to be done…being raised by courts of equity whenever it becomes necessary to prevent a failure of justice."

127.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII has filed Optional Forms 90 and 91, Standard Forms 24, 25, 25A, 28, 30, 61, 85, 273, 274, and 275 (as Attachment 9) with JUDGE, CLERK OF COURT, PUBLIC DEFENDER, and AUSA.

128.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Judge has forced a PUBLIC ATTORNEY, PUBLIC DEFENDER upon the entity DEFENDANT against publically stated wishes of said RPII at DEFENDANT arraignment.

129.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII did not consent to said PUBLIC DEFENDER.

130.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it is a maxim of law that "no one comes before a court of equity in chains."

131.    It does not appear that The Parties have not admitted, stipulated and acknowledged that at the arraignment RPII was held in chains.

132.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the nature of Brady vs. United States, 397 U.S. 742 (1970), is very clear wherein the United States

1  Supreme Court stated that one cannot give up an unalienable Right unless done so knowingly,

2  willingly, intentionally, and intelligently.

3  133.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

4  has a Juris Doctor degree.

5  134.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

6  was not provided ANY disclosure as to tender offer of terms and conditions of PUBLIC DEFENDER

7  appointment.

8  135.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it was

9  a functional impossibility for RPII to consent to said PUBLIC DEFENDER appointment at said

10  alleged arraignment.

11  136.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it is a

12  matter of record that RPII has revested title to named DEFENDANT, trust, SHAWN TALBOT RICE

13  with accounting number 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 and has made claim to all trust res therein.

14  137.    It does not appear that The Parties have not admitted, stipulated and acknowledged that a

15  trust relation in fact exists but rather a trust res due RPII that has never been reduced to RPII

16  possession.

17  138.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

18  is a creditor of plaintiff.

19  139.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

20  Depository Trust Company (DTC) is banker for plaintiff and therefore banker for RPII through said

21  grantor trust, SHAWN TALBOT RICE, account number 573531255.

22  140.    It does not appear that The Parties have not admitted, stipulated and acknowledged that if

23  RPII cannot represent his own property then said RPII has set conditions for said appointment that

1    said PUBLIC DEFENDER is not at liberty to argue any issues and is only at liberty to act as

2    CLOSING OFFICER in the nature of the Miller Act Penal Sum setoff for purposes of settlement.

3    141.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

4    PUBLIC DEFENDER is noticed that if he does not know how to process the Penal Sum/Commercial

5    presentment for setoff, he has been instructed to contact RPII banker, the Depository Trust Company

6    at 55 Water Street, New York, New York 10041 by and through Supervisor, Maurice, Kevin or

7    Grace (Closing Officers), at uw-corp@dtcc.com or at 202-728-8479.

8    142.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

9    claims for trust res collection, close out and settlement was filed on Friday, March 20, 2009 6:33:13

10   AM (PST) via email as instructed with confirmation of processing received same day.

11   143.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

12   JUDGE has been appointed as Trustee to ensure that PUBLIC DEFENDER does not argue any

13   points and act within the terms and conditions herein to settle any and all Penal Sum(s)/Commercial

14   Presentment(s) and that the total gross cash receipts are disclosed to the CLOSING OFFICER so that

15   he may settle those sums.

16   144.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

17   Prosecutor/AUSA has been appointed as CO-TRUSTEE to ensure that plaintiff receives setoff to

18   plaintiff real party in interest.

19   145.    It does not appear that The Parties have not admitted, stipulated and acknowledged that any

20   residue due RPII is directed to be delivered to the seized account known as SIMPE by the fiduciaries

21   appointed herein with coordination with RPII.

22   146.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

23   is not argumentative, or arguing any facts, but is serving data for administrative purposes to effect

24   settlement of all claims/charges/invoices.

090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 21 of 46

147.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it is well-established that "Article III of the constitution confines the jurisdiction of the federal courts to actual 'Cases' and 'Controversies.'" Clinton v. City of New York, 524 U.S. 417, 429 (1998) (citations omitted).

148.    It does not appear that The Parties have not admitted, stipulated and acknowledged that to demonstrate the standing necessary to invoke the jurisdiction of the federal courts Plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984).

149.    It does not appear that The Parties have not admitted, stipulated and acknowledged that said alleged injury may not be speculative or abstract, but must be distinct and definite and that this would apply unless of course Judge is not operating in an Article III capacity but rather in the capacity of an Administrative Law Judge in which case he has no authority to confine anyone, notwithstanding immigration or cases of infectious disease control, which of course would not apply here.

150.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII has submitted REASONS FOR SETTLING CASE PENAL SUM RATHER THAN ARGUING CASE.

151.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the man/sovereign without subjects, Shawn Rice, was preparing to go through the entire discovery process and attack the case at bar's subject matter on the grounds of entrapment in accord with the previous case precedents of U.S. v. Steinberg, 551 F.2d 510 (1977), Sherman v. U.S., 356 U.S. 369, (1958), Sorrells v. U.S., 287 U.S. 435 (1932), Hampton v. U.S., 425 U.S. 484 (1976), and U.S. v. Martinez-Carcano, 557 F.2d. 966 (1977), prior to JUDGE removing said right.

152.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the evidence demonstrates that plaintiff (through FBI Agent "Mark Antonnelli"(?)) initiated the trustor-trustee, business relation in question.

153.    It does not appear that The Parties have not admitted, stipulated and acknowledged that if RPII were going to argue the precedent of U.S. v. Steinberg, 551 F.2d 510 (1977), it would end within the realm of "defense of entrapment is designed to protect innocent persons from being convicted for crimes that government agents have unfairly tricked or persuaded them into committing." and the "Controlling question with respect to defense of entrapment is whether defendant is a person otherwise innocent whom Government is seeking to punish for an alleged offense which is product of creative activity of its own officials."

154.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the intention of RPII was clearly stated in the written contract.

155.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in Steinberg it also stated, "With respect to defense of entrapment, defendant must prove by preponderance of evidence that crime charged was initiated or induced by government agent and then burden shifts to Government to prove beyond a reasonable doubt that defendant was predisposed to commit offense."

156.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the written contract stated intent to build religious communities.

157.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the list of previous honest RPII trust work goes back to 1996.

158.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in Sherman v. U.S., 356 U.S. 369, (1958), it was stated, "The function of law enforcement is prevention

of crime and apprehension of criminals, and does not include the manufacturing of crime, as affecting validity of defense of entrapment."

159.    It does not appear that The Parties have not admitted, stipulated and acknowledged that "Congress could not have intended that its statutes were to be enforced by tempting innocent persons into violations." during an economic depression.

160.    It does not appear that The Parties have not admitted, stipulated and acknowledged that "To determine whether 'entrapment' has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."

161.    It does not appear that The Parties have not admitted, stipulated and acknowledged that "Mark Antonelli", or what's his name, instigated, proposed, offered, agreed to the terms and conditions of the written contract of "clear, clean funds without criminal origin" in a trustor-trustee relationship, and perpetuated the clergy-based business relation through a contractually agreed upon corporation sole, which continues to operate to provide Torah based relations.

162.    It does not appear that The Parties have not admitted, stipulated and acknowledged that when Judge removed the unalienable Right of the man/sovereign without subjects to present case for named defendant it became clear that said case had just become a "kangaroo court" or "dog and pony show" whereby Rights and procedures were irrelevant.

163.    It does not appear that The Parties have not admitted, stipulated and acknowledged that when any party dictates to another that he does not have the right to not contract he is actually stating that he does not have the right to freely contract.

164.    It does not appear that The Parties have not admitted, stipulated and acknowledged that when the party of the first part states to another that he does not have the right to freely contract the party of the first part is stating that he owns or holds legal title to the other party.

165.    It does not appear that The Parties have not admitted, stipulated and acknowledged that this court and JUDGE have engaged in slavery or involuntary servitude.

166.    It does not appear that The Parties have not admitted, stipulated and acknowledged that further discussion of the subject matter facts is no longer relevant as this case has devolved to a commercial issue.

167.    It does not appear that The Parties have not admitted, stipulated and acknowledged that what is left is tyranny and piracy.

168.    It does not appear that The Parties have not admitted, stipulated and acknowledged that since we are left with two scenarios – war or pay off, RPII prefers Pay off (setoff) rather than destruction.

169.    It does not appear that The Parties have not admitted, stipulated and acknowledged that every case, criminal or civil, only has two broad elements/questions to determine; 1) what is the liability? and 2) who will assume that liability?

170.    It does not appear that The Parties have not admitted, stipulated and acknowledged that once the ability to communicate with the court, judge and plaintiff is removed through tyranny, the only remedy left is to assign officers/offices of fiduciary position to settle any and all claims.

171.    It does not appear that The Parties have not admitted, stipulated and acknowledged that STATUS OF DEFENDANT REAL PARTY IN INTEREST was presented to The Parties.

172.    It does not appear that The Parties have not admitted, stipulated and acknowledged that status of RPII was clearly stated at the arraignment regarding non affiliation of United States citizenship and political attachment to the Pembina Nation, notwithstanding the obvious foundational status of all men on planet earth in accord with The Book of Exodus Chapter 18:21 and 18:25.

173.    It does not appear that The Parties have not admitted, stipulated and acknowledged that as the United States Corporation has divorced itself from its Biblical foundations and attached itself to the religion of Secular Humanism, RPII transferred allegiance to a native indigenous political group,

1    separate and apart from the Bureau of Indian Affairs (BIA) in accord with plaintiff's U.S.

2    Constitution Art 6, S2, Treaty law, Treaty with the Delaware's, wherein the United States is just

3    another tribe in north America.

4    174.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

5    U.S. Constitution was fashioned after the Iroquois Confederation agreements/compacts in line with

6    Torah.

7    175.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

8    joined The Pembina Nation.

9    176.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

10   regarding the religious status of RPII it is historically well established over more than a decade.

11   177.    It does not appear that The Parties have not admitted, stipulated and acknowledged that after

12   leaving the United States Marine Corps RPII began studies in various areas, one of them being

13   biblical.

14   178.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

15   decision to study in this biblical area occurred to RPII while walking down the hall at USMC MCAS

16   El Toro and reading a poster within the G-2 Intelligence section wherein the Russian, Lenin, was

17   quoted as stating how, when and why the "West" would fall into the hands of the Communist Party

18   International because of its corruption and departure from its biblical roots.

19   179.    It does not appear that The Parties have not admitted, stipulated and acknowledged that after

20   engaging in study, an idea to provide the American people with "Federal Full Disclosure and

21   Remedy" (FFD&R) occurred to RPII in 1996, RPII formally terminated participation in Social

22   Security in the spring of 1996 and then in 1998 filed that corporation sole known as "The Office of

23   the First Presiding Patriarch (Overseer), and his successors, a corporation sole, * over/for Society of

the Israelite Mosaic Paternal Ethic, (an unincorporated religious society)", also known as "SIMPE" for Society of the Israelite Mosaic Paternal Ethic.

180.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in accordance with Thomas v. Dakin, NY S Ct., (July 1838), Society v. New Haven, 8 Wheat. (U.S.) 1823, Dartmouth College v. Woodward, 17 U.S. 518 (1819), and San Luis Obispo v. Delmar Ashurst, 146 Cal.App. 3d 380 (1983), RPII has an agreement (aka SIMPE) with State's of Washington, Arizona, and therefore the plaintiff.

181.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it would appear that banking by and through "SIMPE" was agreed upon by The Parties.

182.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII, having formally terminated United States citizenship in 1999, would leave the remaining agreement, notwithstanding trust res collections for that trust known as SHAWN TALBOT RICE with accounting number 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, that of SIMPE by and through plaintiff's subsidiaries State of Washington and State of Arizona (see Dyett v. Turner, 439 P2d 266 (1968)).

183.    It does not appear that The Parties have not admitted, stipulated and acknowledged that it appears that if RPII operated by and through SIMPE in capacity as clergy since 1998, and not the Social Security trust agreement, it would reason, having also taught this subject matter for the plaintiff from the USDC court (Seattle, Washington) witness stand in the case of USA v. JW Zidar (2002), that RPII would fall within the nature of 26 USC 508(c)1A, a clergyman, trustee, safe harbor and non-taxable.

184.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the Corporation Sole UBI number provided to JPMorgan Chase Bank was with full disclosure and documentation so there is no misrepresentation.

185.   It does not appear that The Parties have not admitted, stipulated and acknowledged that any other activity since 2002 regarding Social Security would be in an endeavor of collections for failure of the USAG (trustee, 50 USC Appx 12) to turn over trust res and reduce to possession of RPII, including the law suit in 2002 (Rice v. Ashcroft).

186.   It does not appear that The Parties have not admitted, stipulated and acknowledged that it would not be possible to operate outside of the British Crown's International Treaty context of Social Security without having a banking mechanism in a modern world.

187.   It does not appear that The Parties have not admitted, stipulated and acknowledged that a Corporation sole is one answer to banking outside of the Social Security Treaty dilemma.

188.   It does not appear that The Parties have not admitted, stipulated and acknowledged that it was made clear to RPII in the spring of 2006 that if RPII did not have a U.S. Passport, even being a Native Indigenous member, he would have his travel restricted.

189.   It does not appear that The Parties have not admitted, stipulated and acknowledged that not being a U.S. citizen, RPII obtained a U.S. passport to engage and implement his unalienable Right to travel.

190.   It does not appear that The Parties have not admitted, stipulated and acknowledged that said status of RPII creates a jurisdictional dilemma for this court.

191.   It does not appear that The Parties have not admitted, stipulated and acknowledged that no U.S. citizenship would mean that the U.S. Constitution cannot operate upon RPII and would then raise the question of whether the charges, being statutorily based, and created by a legislative body that itself was created by the U.S. Constitution, could operate upon RPII.

192.   It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII presented POINTS AND AUTHORITIES REGARDING STATUS of RPII.

193.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the following restrict The Parties in accord with, TITLE 8 > CHAPTER 12 > SUBCHAPTER III > Part III > § 1481. Loss of nationality by native-born or naturalized citizen; voluntary action; burden of proof; presumptions [states the following]

(a) **A person who is a national of the United States** whether by birth or naturalization, **shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality—**
(1) **obtaining naturalization in a foreign state upon his own application** or upon an application filed by a duly authorized agent, **after having attained the age of eighteen years**; or
(2) taking an oath or making an affirmation or other formal declaration of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eighteen years; or
(3) entering, or serving in, the armed forces of a foreign state if
(A) such armed forces are engaged in hostilities against the United States, or
(B) such persons serve as a commissioned or non-commissioned officer; or
(4)
(A) **accepting, serving in, or performing the duties of any office**, post, or employment **under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years if he has or acquires the nationality of such foreign state**; or
(B) accepting, serving in, or performing the duties of any office, post, or employment under the government of a foreign state or a political subdivision thereof, after attaining the age of eighteen years for which office, post, or employment an oath, affirmation, or declaration of allegiance is required; or
(5) **making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state**, in such form as may be prescribed by the Secretary of State; or
(6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense; or
(7) committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of section 2383 of title 18, or willfully performing any act in violation of section 2385 of title 18, or violating section 2384 of title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction.
(b) **Whenever the loss of United States nationality is put in issue in any action or proceeding commenced on or after September 26, 1961 under**, or by virtue of, the provisions of this chapter or any other Act, **the burden shall be upon the person or party claiming that such loss occurred, to establish such claim by a preponderance of the evidence. Any person who commits or performs, or who has committed or performed, any act of expatriation under the provisions of this chapter or any other Act shall be presumed to have done so voluntarily**, but such presumption may be rebutted upon a

1  showing, by a preponderance of the evidence, that the act or acts committed or performed
2  were not done voluntarily.

3  194.    It does not appear that The Parties have not admitted, stipulated and acknowledged that there
4  are no injured parties in this case.

5  195.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the
6  funds alleged laundered were actually in possession of agents of the plaintiff from the beginning.

7  196.    It does not appear that The Parties have not admitted, stipulated and acknowledged that 92%
8  or more of the alleged laundered funds were returned to agents of the plaintiff.

9  197.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the
10  only injured parties in this alleged case are RPII and the man known as Sam Davis.

11  198.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the
12  total potential liability to SHAWN RICE would be USD $22,000 or to SAM DAVIS would be USD
13  $78,000.

14  199.    It does not appear that The Parties have not admitted, stipulated and acknowledged that any
15  possible claim by plaintiff to approximately USD $1,290, 000 would be false.

16  200.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII
17  has presented BONDS AND CHECKS to settle the charges/invoices.

18  201.    It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII
19  posted bonds for setoff of penal sum/commercial presentment in accordance with the nature of the
20  Miller Act for all potential costs and specifically to cover potential penal sums for the alleged
21  $22,000 provided to SIMPE for trustee fees and an alleged potential, future, incarceration fee of
22  $4,800 times 10 years times 12 months equaling $576,000 in current legal tender.

23  202.    It does not appear that The Parties have not admitted, stipulated and acknowledged that
24  PUBLIC DEFENDER CLOSING OFFICER has been ordered by JUDGE/TRUSTEE to represent
25  the named DEFENDANT, and that said CLOSING OFFICER PUBLIC ATTORNEY IN FICTION
26  can process forms previously presented.

203. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII (beneficiary in this relation) directed TRUSTEE, CO-TRUSTEE and CLOSING OFFICER, to supersede all previous bonds, to setoff and retire all previous bonds (Appearance, Bid, Payment, Performance, etc.), and turnover any and all claims to Shawn Talbot Rice through tendering Forms SF-28, OF-90, OF-91, et. al. in the nature of a Supersedeas Bonded Promissory Note and a Private Offset Bond for case number 2:09-CR-078, in accord with this Court's/Bank's DTC participant.

204. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII left Penal Sums blank to cover entire case and all parties therein.

205. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII has tendered a sweat equity claim.

206. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties owe RPII claim to sweat equity in amount of (eleven trips to Las Vegas, Nevada by personal car, plus gasoline, time calculated at 4 silver dollars per hour times an average of three hours each way, plus time on site, plus time at the bank in either Bullhead, Kingman or Chino Valley, Arizona, is averaged at 12 hours per trip) 528 dollars in pre-1933 silver specie to reimburse RPII for labor derived from contract plus labor for working on this case (480 dollars silver specie) to date of April 4, 2009, plus 152 silver dollars for the hiring of RPII from 0815 March 5, 2009 to 2230 March 6, 2009, as RPII is creditor for a total of 1100 silver dollars as of 27 March 2009.

207. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII made an administrative request for return of property.

208. It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII made an administrative request for return of property and The Parties have failed to return said property.

209. It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties have not returned RPII brief case, glasses, and all articles taken in all seizures related to RPII,

1  U.S. Corp (28 USC 3002(15)A) tribal raids, etc. to date as setoff in subrogation of alleged plaintiff

2  has been satisfied in accord with 27 CFR 72.11.

3  210.  It does not appear that The Parties have not admitted, stipulated and acknowledged that The

4  Parties can use the mailing location listed at top of page 1 for coordination for delivery of said

5  property.

6  211.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

7  recommend JUDGE seal case sua sponte.

8  212.  It does not appear that The Parties have not admitted, stipulated and acknowledged that one

9  retired state Supreme Court justice who reviewed the pleadings in the case of Shawn Rice vs. John

10  Ashcroft (2002), stated when RPII sued to obtain the trust res, "Your pleadings are legally correct,

11  you will get remedy, make sure you seal the case because you have breached [financial] national

12  security."

13  213.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

14  has stated that these legal court documents are Private in order to save plaintiff the embarrassment of

15  avoiding PUBLIC disclosure of its money scheme.

16  214.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

17  is done moving this court with PUBLIC ATTORNEY (IN FICTION) DEFENDER.

18  215.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

19  recommended JUDGE dismiss this case sua sponte.

20  216.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

21  tendered IRS Forms 1099OID, 1099-A and 1096.

22  217.  It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII

23  tendered IRS tax Forms 1099OID, 1099-A and 1096 as this court and plaintiff have been using RPII

24  trust funds to pursue this case's alleged commercial claims in accord with 27 CFR 72.11.

218.    It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties seized RPII property of three Bonded Promissory Notes which became secondary, additional service of process upon the U.S. Treasury in the amount of $250,000 each totaling USD $750,000.

219.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the claim figure for each charge is now set at USD $4,000,000 per count.

220.    It does not appear that The Parties have not admitted, stipulated and acknowledged that with 12 counts the total charges/invoices is set at USD $36,000,000.

221.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in the alternative, if The Parties admitted that the 1099OID process was incorrect then a Form 1099-C would appear to apply to demonstrate that the Penal Sums were bad debt and void as an invalid claim ab initio or in the conditions precedent.

222.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in a habeas case in the Western District of North Carolina, Charlotte Division, prepared by ILS Services, Inc. Austin, Texas, in the previous six months, the government (plaintiff) admitted key facts related to federal criminal cases on the record, including the invalidity of the underlying criminal code (Title 18 USC) and the fact that the courts sell financial instruments to profit from incarcerations.

223.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Public Law 80-772, which purported to enact Title 18, United States Code, otherwise known as the Act of June 25, 1948, and which included Section 3231, specifically, 62 Stat. 826, the jurisdictional statute which purports to confer upon 'the district courts of the United States original jurisdiction of all offenses against the laws of the United States', was never enacted into law as required by the Constitution of the United States because different bills passed each House of Congress, the houses never voted on the bill as passed by the other house, the engrossed bill passed by the House of Representatives was endorsed as truly enrolled, the House of Representatives had no quorum when it

1  "voted" on the bill, and the President of the United States signed into law the Senate bill which was

2  not endorsed as truly enrolled on June 25, 1948, after Congress was fully adjourned and not in

3  session, and is therefore void ab initio.

4  224.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

5  United States District Court for the District of Nevada, sold bonds or financial instruments to profit

6  from the incarceration of the RPII in this case.

7  225.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

8  JUDGE in this case violated the code of judicial conduct as well as 28 USC section 455, et seq. by

9  acting in violation of his oath of office and the judicial code.

10  226.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the

11  cases of LEBRON v. NATIONAL RAILROAD PASSENGER CORPORATION, 513 U.S. 374

12  (1995), and Commonwealth of Pennsylvania vs. Fix, 9 Fed. Supp. 272 (1934), demonstrate that there

13  exists a "...dual system of government..."

14  227.    It does not appear that The Parties have not admitted, stipulated and acknowledged that The

15  Parties (jointly or severally) does not have the ability to alter the political election of RPII as

16  demonstrated in Reynolds v. Simms, 377 U.S. 533 (1964), based upon the case of Baker vs. Carr,

17  369 U.S. 186 (1962) and U.S. Const Art IV, S2.

18  228.    It does not appear that The Parties have not admitted, stipulated and acknowledged that

19  NOTICE OF ADMITTED FACTS RELATED TO FRAUD BY THE FEDERAL COURTS was

20  filed on April 7, 2009.

21    ADMINISTRATIVE NOTICE; BENEFICIARY UNDER CONTRACT LAW OF POWER OF

22    ATTORNEY OF LIMITED FIDUCIARY TRUSTEESHIP DUTY TO THE PUBLIC TRUSTS OF

23    OFFICE IN CASE # 2:09-CR-078

24    Limited Fiduciary Trusteeship Contract

090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 34 of 46

229.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Shawn Talbot Rice, hereinafter *Beneficiary[1]*, states is Beneficiary, in any and all matters relating to COURT'S CASE NO.  2:09-CR-078, any and all bonds, warrants, securities, hypothecations and related instruments, hereinafter Accounts/Case,  nunc pro tunc to birthdate 11/29/1962, prior to the placement of ink footprints on birth documents, and state the following:

230.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary*, revoked, rescinded, and canceled any and all silent or assumed power of attorney of any parties' known or unknown contracts conferring trusteeship upon *Beneficiary*; thereby causing *Beneficiary* to be placed as a trustee to the Trust (SHAWN RICE) in this case's relation,  and states he has never knowingly consented, never knowingly intended, never will intend to accept the capacity/standing of a trustee in this instant Account/Case.

231.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* revoked, rescinded, and canceled any and all signatures placing him in any position of trusteeship for this instant Account/Case, from any known or unknown contracts conferring trusteeship.

232.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* appointed The Parties who accepted the duty to serve the people with their oaths of office, hereinafter *TRUSTEES*, as trustees for the prior/aforementioned Account/Case nunc pro tunc to date of inception of said Account/Case, POWER OF ATTORNEY OF LIMITED FICUDIARY TRUSTEESHIP DUTY of each of the political subdivisions of *TRUSTEES* as they have assumed the title of sovereign to hold that political subdivision office, and that such power of attorney is only limited when such claims or allegations are made against the trust for an injury.

---

[1] Through and by the corporate trusts known as JUNE HANNA DOE and JOHN HENRY DOE under the Federal Corporation of the UNITED STATES, and through and by the CERTIFICATE OF BIRTH issued to JUNE HANNA DOE and JOHN HENRY DOE, June Hanna; Doe and John Henry; Doe are the beneficiaries of the National united States of America to these trusts, each as one of the Nationalities as defined in the USGOP style Manual sec. 3.23 & 5.24 definitions of nationalities.  Beneficiary holds the inherent political power as defined by the state constitution as one of the people.

233.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES* assumed all contractual agreements when the Trust came into question by one of their Administrative Officers who made claims or allegations of an injury caused by such Trust.

234.    It does not appear that The Parties have not admitted, stipulated and acknowledged that said *TRUSTEES* assumed full responsibility of debt and liabilities of all hidden powers of attorney agreement created from the Certificate of Birth or by any other account numbers given to such Trusts by the FEDERAL UNITED STATES as a contract that would be given to that of a corporate UNITED STATES citizen.

235.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES* are aware of the distinction between the federal corporation UNITED STATES (STRAWMAN, ARTIFICIAL PERSON) and the United States of the several states.[2]

236.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES*, under the Administrative Trusteeship, agreed to such contract under TITLE 28>PART V>CHAPTER 115 § 1746, unsworn declarations under penalty of perjury, USAM TITLE 9 Criminal Resource Manual 1760 Perjury Cases & Title 22 CFR FOREIGN RELATIONS 92.18 Oaths and affirmations[3] defined, upon entry of said public offices.

---

[2] UNITED STATES vs Bevans 16 U.S. 3 Wheat .336,336 (1818)
**1818: U.S. v. Bevans, 16 U.S.336.** Establishes two separate jurisdictions within the United States Of America: 1. The "federal zone" and 2. "the 50 States". The I.R.C. only has jurisdiction within the "federal zone".
Pennhallow vs Doan's administrators 3 U.S. 3 Dall. 54, 54 (1795)
"In as much as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial person. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this that no government as well as any lawagency, aspect, court, etc., can concern itself with anything other that corporate, artificial person and the contracts between them."

[3] Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:  (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".  (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".
US Attorneys>USAM>Title 9>Criminal Resource manual 1759 **Criminal Resource Manual**1759 Perjury Cases—28 USC 1746 Declarations **Sections 1621 and 1623(a)** both explicitly cross-reference 28 U.S.C. § 1746. Congress added 18 U.S.C. § 1746 in 1976 to allow certain unsworn declarations to be made subject to the penalties of perjury. Case law concerning section 1746 declarations is extremely limited and generally 090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 36 of 46

237.    It does not appear that The Parties have not admitted, stipulated and acknowledged that when *TRUSTEES* assumed the duty to public offices they become *TRUSTEES* and accepted limited trusteeship to the National citizens of that National State, as there is a Quasi Contract/Constructive Contract to hold that public office in good faith.

238.    It does not appear that The Parties have not admitted, stipulated and acknowledged that said *TRUSTEES* need not be notified or reminded of their Quasi Contract/Constructive obligation when called upon by the *Beneficiary* to step into such trusteeship in behalf of the *Beneficiary* as it would be one from their Administrative Offices that would cause said Trusts to be called into question.

239.    It does not appear that The Parties have not admitted, stipulated and acknowledged that any refusal of any Administrative *TRUSTEE* to accept limited Trusteeship over said Trusts upon the request of the *Beneficiary* would cancel any and all claims or allegations of injury made by any administrative party.

240.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES*, under their own bylaws, have placed their offices under FRCP 4(j) as foreign entities to the *Beneficiary* Nationalities[4] and by such act gave the *Beneficiary* immunity under 12 (b) (6), 11th amendment and remedy under the Administrative Procedures Act as the injured Party in the actions.

241.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the *TRUSTEES* now have the obligation to settle the account on behalf of the *Beneficiary* and take any and all complaints against the injuring parties.

---

concerns whether unsworn declarations can be submitted in particular proceedings. Section 1746 declarations are prosecutable as perjury, even though the law did not require the original declaration under penalty of perjury, to be sworn. *United States v. Gomez-Vigil*, 929 F.2d 254, 257 (6th Cir. 1991). These declarations may be scrutinized by the courts. For example, the United States Court of Appeals for the Ninth Circuit overturned a section 1623(c) conviction because one witness statement at issue was not under oath, but was taken under section 1746. *United States v. Jaramillo*, 69 F.3d 388, 390-91 (9th Cir. 1995). The court determined that Congress required section 1623(c) inconsistent statement prosecutions to meet stringent requirements and that since only section 1623(a) referred expressly to section 1746, unsworn declarations did not meet section 1623(c)'s requirements.

[4]    (j) Serving a Foreign, State, or Local Government.    (1) Foreign State.    A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608

242.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* states that it causes a conflict in law and interest for *Beneficiary* to hold the position of Trustee (in this instant case relation), under the heading of Embezzling from the Trust.

243.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the Beneficiary cannot be a trustee to his own trust.

244.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES* and learners of law know it is a crime for the *Beneficiaries* to hold the position of Trustee, as there is no one else to Trustee other than the accusers, the duty of Trustee falls back on those accusers, *TRUSTEES*.

245.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* states he has been injured by *TRUSTEES*, The Parties, who entrapped, caused damage by use of breach of contract, intimidation, retaliation, and falsification of fictional claim of injury.

246.    It does not appear that The Parties have not admitted, stipulated and acknowledged that by such action this is a violation 18 USC 1918 (if applicable), Enforcement Act of 1870 which is 18 USC 241 & 242 and violates the Patriot Act under section 800 and the HR. 1965 Home Grown Terrorist Act.

247.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* appointed *TRUSTEES* to discharge, settle and close all Account/Case and related instruments to date of inception and release *Beneficiary* from any and all forms of bondage caused by such bonds, warrants, securities, hypothecations and related instruments upon receipt of the appointment as *TRUSTEES*.

248.    It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties have had 30 days to settle all claims since receipt of appointment(s) on April 7, 2009.

249.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* appointed *TRUSTEES*, to adjust all records of accounting to show irrevocably that said Account/Case is fully discharged to issue, the appropriate IRS 1099 Forms and to be in compliance with all revenue requirements in the matter timely, to release all liens and close escrow immediately and return all property to *Beneficiary*, in their capacities as authorized representatives for SHAWN RICE per Power of Attorney assigning said capacity and to do all other acts requisite to fully, faithfully and specially execute said appointment.

250.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* states that if a Licensed Practitioner is required, for any reason, to represent them in the release of liens, the closure of escrow and the return of all property, said Practitioner takes on the robe of Trusteeship and therefore takes on the full responsibility of debt and liability of such action releasing the *Beneficiary* of any and all claims and damages.

251.    It does not appear that The Parties have not admitted, stipulated and acknowledged that said Practitioner is also required to come under **TITLE 28>PART V>CHAPTER 115 § 1746**, Unsworn declarations under penalty of perjury, **USAM TITLE 9** Criminal Resource Manual 1760 Perjury Cases & **Title 22 CFR FOREIGN RELATIONS 92.18** Oaths and affirmations defined, upon entry of said public service to the court.

252.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* appointed *TRUSTEES* to take on the trusteeship and duties for the Trusts of Shawn Talbot Rice, known as SHAWN RICE with account number 573531255, on behalf of the *Beneficiary* Shawn Talbot Rice.

253.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES* assume all responsibility of debt and liability for said revested Trust.

254.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* appointed ADMINISTRATOR/JUDGE to DISCHARGE, SETTLE AND CLOSE ALL Account/Case charges and related instruments nunc pro tunc, to date of inception and release *Beneficiary* from any and all forms of bondage/peonage caused by such bonds, warrants, securities, hypothecations and related instruments within seven (7) day of receipt of this appointment as Trustee or hold CO-TRUSTEE and CLOSING OFFICER responsible for said debts and liabilities and any and all damages caused in such claims.

255.    It does not appear that The Parties have not admitted, stipulated and acknowledged that ADMINISTRATOR/JUDGE, as *PRINCIPAL TRUSTEE* was given thirty (30) days from the date of service of the NOTICE TO DTC, APPEARANCE, APPOINTMENTS AND PRIVATE REMEDY, TERMS AND CONDITIONS OF AGREEMENT BY TACIT PROCURATION, etc., Limited Fiduciary Trusteeship Contract, to serve notice on *Beneficiary* that all debts of all Account/Case have been discharged and extinguished and that all obligations relating thereto have been satisfied, or the *CO-TRUSTEES* are now held to answer for the damages.

256.    It does not appear that The Parties have not admitted, stipulated and acknowledged that ADMINISTRATOR/JUDGE, as *PRINCIPAL TRUSTEE* claims to hold three positions: one as a Constitutional Article III Judge, an Administrative Law Judge, or a Judge of Equity and Commencer.

257.    It does not appear that The Parties have not admitted, stipulated and acknowledged that there are but three choices and those are: 1) to dismiss all Account/Case as there is no injured party under the constitution, 2) dismiss because no claim was filed against an administrator or employee or 3) dismiss due to the defendants being the *Beneficiary* who has appointed JUDGE as *PRINCIPAL TRUSTEE* in these cases with full responsibility for the debts of the Account/Case and for the discharge of the debts of said Account/Case.

258.    It does not appear that The Parties have not admitted, stipulated and acknowledged that ADMINISTRATOR/JUDGE, as *PRINCIPAL TRUSTEE* , the *CO-TRUSTEE* and CLOSING OFFICER have been named more than three times by the *Beneficiary* in this document as appointed *TRUSTEES* in this Account/Case.

259.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES* must dismiss or fulfill their Trustee duties and pay the debts, giving *Beneficiary* remedy, or allow claims of injury for damages against the *TRUSTEES*, for damages against the *Beneficiary* for false claims as provided under Trezevant vs. City of Tampa ($ 75,000 an hour).

260.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in the alternative, since Beneficiary is neither a Federal, State, Municipal nor Special Municipal employee, nor a United States citizen, the case should be cancelled for lack of in personam or subject matter jurisdiction.

261.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the absence of completion of the foregoing by *TRUSTEES* will be considered the invoice for such acts of incompletion.

262.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *TRUSTEES*, have been given thirty (30) days from the date of service of the NOTICE TO DTC, APPEARANCE, APPOINTMENTS AND PRIVATE REMEDY, TERMS AND CONDITIONS OF AGREEMENT BY TACIT PROCURATION, etc., to serve notice upon the *Beneficiary* that all debts of all Account/Case have been discharged and extinguished and that all obligations relating thereto have been satisfied.

263.    It does not appear that The Parties have not admitted, stipulated and acknowledged that *Beneficiary* stated that any and all appointments to TRUSTEESHIP are on a limited basis to said actions to when and where they are named for such action they will continue as *TRUSTEES* until

1  such time of the closing of such transactions and all discharges and extinguishments are met, they are

2  then released of said duty or until such time that their trustee services require them to be called upon

3  again.

4  264.   It does not appear that The Parties have not admitted, stipulated and acknowledged that

5  *Beneficiary* stated that the absence of completion of the foregoing by *TRUSTEES*, will be understood

6  to be act(s) of contempt and of malicious harassment with the intent to defraud, whereby appropriate

7  ledgering and administrative reports will issue in the matter.

8  ### ORIGINAL ISSUE AND OF DEFENDANT'S

9  ### ACCEPTANCE OF THE CLAIM OR CASE NO. 2:09-CR-078

10  265.   It does not appear that The Parties have not admitted, stipulated and acknowledged that

11  Affiant is the only authorized agent for SHAWN RICE.

12  266.   It does not appear that The Parties have not admitted, stipulated and acknowledged that

13  SHAWN RICE is the "original issuer" of the credit drawn upon by the debt instrument commonly

14  known and identified as Claim or Case No. 2:09-CR-078 in the UNITED STATES DISTRICT

15  COURT, DISTRICT OF NEVADA, hereinafter "USDC."

16  267.   It does not appear that The Parties have not admitted, stipulated and acknowledged that

17  USDC is a corporation/fiction doing business for profit and gain under a grant of limited liability

18  insurance by the Secretary of State of Nevada, or in the alternative the UNITED STATES OF

19  AMERICA under the United Kingdom's British Crown in accord with the Queen's Statutory

20  Instrument 1997 No. 1778.

21  268.   It does not appear that The Parties have not admitted, stipulated and acknowledged that

22  USDC is doing business under tax identification number 88-6031053, also known to do business as

23  CLARK COUNTY and/or DISTRICT OF NEVADA, located at 333 Las Vegas Blvd. South, Las

24  Vegas, Nevada 89101.

269.    It does not appear that The Parties have not admitted, stipulated and acknowledged that The Original Issue price of $36,000,000.00 for 12 Claims or Case No. 2:09-CR-078 (all the claims) was accepted on April 7, 2009, by USDC and is filed on Internal Revenue Service (IRS) Form 1099OID, etc.

270.    It does not appear that The Parties have not admitted, stipulated and acknowledged that Creditor SHAWN RICE accepted all the Claims or Case No. 2:09-CR-078 for the assessed value of the taxes owed.

271.    It does not appear that The Parties have not admitted, stipulated and acknowledged that by means of IRS Form 1099A (previously tendered and incorporated herein by reference), USDC has abandoned the Claims or Case No. 2:09-CR-078.

272.    It does not appear that The Parties have not admitted, stipulated and acknowledged that the previous filing on April 7, 2009, USDC is in receipt of said IRS Forms 1099OID and 1099A (previously served Attachments) that establish the abandonment by USDC of the Tax in this Claim or Case No. 2:09-CR-078.

273.    It does not appear that The Parties have not admitted, stipulated and acknowledged that in accordance with FRCP Rule 81(f), "Under any rule in which reference is made to an officer or agency of the United States, the term 'officer' includes a district director of internal revenue, a former district director or collector of internal revenue, or personal representative of a deceased district director or collector of internal revenue."

274.    It does not appear that The Parties have not admitted, stipulated and acknowledged that The Parties are all Agents of the internal revenue service.

275.    It does not appear that The Parties have not admitted, stipulated and acknowledged that there are no more claims, business is completed, not withstanding a form amendment or administrative addition(s) necessary to complete paperwork for settlement.

090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 43 of 46

276.   It does not appear that The Parties have not admitted, stipulated and acknowledged that appointed TRUSTEE, CO-TRUSTEE and CLOSING OFFICER have handled and settled all issues on the res/charges/invoices/claims, separate and apart from the man, RPII.

277.   It does not appear that The Parties have not admitted, stipulated and acknowledged that RPII is required to make any more physical appearances in this case of any kind or report to pre-trial services after twenty (20) days from filing of this document.

\
\
\

VERIFICATION

I, Rabbi Shawn Talbot Rice, JD, do say, upon my own unlimited commercial liability, that I have read the above affidavit and notice and do know the contents thereof to be true, correct, and not misleading, the truth, and nothing but the truth and that I do believe that the acts of THE USDC, set forth therein have been committed contrary to law.



Rabbi Shawn Talbot Rice, JD
Shawn Rice, legal and equitable title owner of SHAWN RICE
Real Party in Interest
Owner/Creditor to the United States/Plaintiff
Qualified Investor for plaintiff at Depository Trust Company

JURAT

I, DAN R. CORNELL a Notary Public residing in Maricopa county, Arizona state, do say that on the 12th day of May, 2009, that Shawn Talbot Rice, a man appearing in his true character before me, did subscribe and affirm under his full commercial liability and did affix his autograph upon the above affidavit.

_____
        Notary Public

DAN R CORNELL
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Exp : March 21, 2012

090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 45 of 46

## CERTIFICATE OF SERVICE

COPY of the forgoing hand delivered, via _Fed Ex_____,
this _12th_ day of _May_____, 2009, to:

Clerk of Court, USDC and Judge, Trustee
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

Assistant U. S. Attorney Eric Johnson
Co-Trustee
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: 702-388-6336
Fax: 702-388-5087

PUBLIC DEFENDER
Closing Officer
Michael Kimbrell, Esq.
523 S. 8th Street
Las Vegas, Nevada 89101-7002

Service via email will be held for commercial service at a future date for trust res collections to:

Supervisor: Maurice, and/or Grace or Kevin
Closing Officers / 202-728-8479
Depository Trust Company
55 Water Street
New York, New York 10041
Email: uw-corp@dtcc.com

DAN R CORNELL
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Exp. March 21, 2012

Service performed by:

Rabbi Shawn Talbot Rice, JD
Bond# STR1255B1
Private-Shawn Talbot Rice
PO Box 700#81
Yavapai county
Ash Fork 86320
Arizona

_DAN R CORNELL_
_Notary Public_
_Dan R Cornell_
Commission
Expires _March 21, 2012_

090421 -- [Affidavit of Notice of Admissions in Commerce 090421], Page 46 of 46