# Attachment 3
# Page # ___

**Description of Attachment** Social Security

Trust Agreement (revested by Merger)

_____

**Total Number of Pages of Attachment** _____

Keep this stub with your personal records. The other side contains important information.

Please note: The date we issued this card is shown below the signature line.

SHAWN TALBOT RICE
P O BOX 700
PMB 81
ASHFORK AZ 86320-0700

ADULTS: Sign this card in ink immediately.
CHILDREN: Do not sign until age 18 or your first job, whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
DO NOT CARRY THIS CARD WITH YOU.
Do not laminate.

SOCIAL SECURITY

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
THIS NUMBER HAS BEEN ESTABLISHED FOR
SHAWN TALBOT
RICE

SIGNATURE 01/28/2008

# YOUR SOCIAL SECURITY CARD

The Social Security number shown on your card is yours alone. Do not allow others to use your number as their own. Record your number in a safe place in case your card is lost or stolen. Protect both your card and your number to prevent their misuse.

You should contact us to update your Social Security number and benefit record (if you are entitled) if your name, your U.S. citizenship status, or your status as an alien in the U.S. changes. You will need to file an application for a replacement Social Security card and provide proof of your identity, and we may request other evidence supporting the change.

Show your card to your employer when you start a new job. Make sure your employer uses the same name and card number exactly as it is shown on your Social Security card so we can record your earnings correctly.

Some private organizations use Social Security numbers for record keeping purposes. Such use is neither required nor prohibited by Federal law. The use of your Social Security number by such an organization cannot generally be denied. Private organizations cannot get information from your Social Security record just because they know your number.

Any government agency that asks for your number must tell you: whether giving it is mandatory or voluntary, its authority for requesting the number, and how the number is used.

If you are an alien without permission to work in the U.S., your Social Security card will be marked "NOT VALID FOR EMPLOYMENT." We will notify U.S. immigration officials if you use the number to work.

If you are an alien legally in the U.S. with temporary permission to work, your Social Security card will be marked "VALID FOR WORK ONLY WITH DHS AUTHORIZATION." If you show this card to your employer as evidence of employment eligibility, you will also have to show your U.S. immigration document authorizing employment.

You should contact Social Security right away for benefits if you become disabled, reach retirement or are about to attain age 65.

You can reach us at 1-800-772-1213 or through our website at www.socialsecurity.gov.

---

Improper use of this card or number by anyone is punishable by fine, imprisonment or both. If you believe someone is using your Social Security number fraudulently, notify the Federal Trade Commission 1-877-438-4338 or online at www.consumer.gov/idtheft.

This card belongs to the Social Security Administration and you must return it if we ask for it.

If you find a card that isn't yours, please return it to:

Social Security Administration
P.O. Box 33008, Baltimore, MD 21290-3008

For any other Social Security business/information, contact your local Social Security office. If you write to the above address for any business other than returning a found card you will not receive a response.

Social Security Administration
Form SSA-3000 (10-2007)

Siegas

F3779374

# Attachment _4_
# Page # ___

**Description of Attachment** _Statutory Instrument_

_1997 No. 1778   The Social Security Order_

_1997   (Crown Copyright 1997)_

**Total Number of Pages of Attachment** _____

# Statutory Instrument 1997 No. 1778

## The Social Security (United States of America) Order 1997

© Crown Copyright 1997

Statutory Instruments printed from this website are printed under the superintendence and authority of the Controller of HMSO being the Queen's Printer of Acts of Parliament.

The legislation contained on this web site is subject to Crown Copyright protection. It may be reproduced free of charge provided that it is reproduced accurately and that the source and copyright status of the material is made evident to users.

It should be noted that the right to reproduce the text of Statutory Instruments does not extend to the Queen's Printer imprints which should be removed from any copies of the Statutory Instrument which are issued or made available to the public. This includes reproduction of the Statutory Instrument on the Internet and on intranet sites. The Royal Arms may be reproduced only where they are an integral part of the original document.

The text of this Internet version of the Statutory Instrument which is published by the Queen's Printer of Acts of Parliament has been prepared to reflect the text as it was Made. A print version is also available and is published by The Stationery Office Limited as the **The Social Security (United States of America) Order 1997** , ISBN 0 11 064698 3. The print version may be purchased by clicking here. Braille copies of this Statutory Instrument can also be purchased at the same price as the print edition by contacting TSO Customer Services on 0870 600 5522 or e-mail:customer.services@tso.co.uk.

Further information about the publication of legislation on this website can be found by referring to the Frequently Asked Questions.

To ensure fast access over slow connections, large documents have been segmented into "chunks". Where you see a "continue" button at the bottom of the page of text, this indicates that there is another chunk of text available.

STATUTORY INSTRUMENTS

## 1997 No. 1778

## SOCIAL SECURITY

The Social Security (United States of America) Order 1997

*Made*                                          *22nd July 1997*

*Coming into force*                             *1st September 1997*

At the Court at Buckingham Palace, the 22nd day of July 1997

Present,

The Queen's Most Excellent Majesty in Council

Whereas at London on the 13th February 1984 an Agreement on social security between the Government of the **United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America** (hereinafter referred to as "the Agreement") and an Administrative Agreement for the implementation of the Agreement (hereinafter referred to as "the Administrative Agreement")[1] were signed on behalf of those Governments and effect was given to the Agreement by the Social Security (United States of America) Order 1984 (hereinafter referred to as "the Principal Order")[2]:

And Whereas at London on 6th June 1996 a Supplementary Agreement between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America (which Supplementary Agreement is set out in Schedule 1 to this Order and is hereinafter referred to as "the Supplementary Agreement") amending the Agreement and a Supplementary Administrative Agreement amending the Administrative Agreement (which Supplementary Administrative Agreement is set out in Schedule 2 to this Order and is hereinafter referred to as "the Supplementary Administrative Agreement")[3] were signed on behalf of those Governments:

And Whereas by Article 3 of the Supplementary Agreement it is provided that the Supplementary Agreement shall enter into force on the first day of the third month following the month in which each Government has received from the other Government written notification that all statutory and constitutional requirements have been complied with for entry into force of the Supplementary Agreement:

2.

And Whereas by Article 2 of the Supplementary Administrative Agreement it is provided that the Supplementary Administrative Agreement shall enter into force on the date of entry into force of the Supplementary Agreement:

And Whereas written notification in accordance with Article 3 of the Supplementary Agreement was received by each Government on 20th June 1997 and accordingly the Supplementary Agreement and the Supplementary Administrative Agreement enter into force on the 1st September 1997:

And Whereas by section 179(1)(a) and (2) of the Social Security Administration Act 1992[4] it is provided that Her Majesty may by Order in Council make provision for modifying or adapting that Act and the Social Security Contributions and Benefits Act 1992[5] in their application to cases affected by agreements with other Governments providing for reciprocity in matters specified in the said section:

Now, therefore, Her Majesty, in pursuance of section 179(1)(a) and (2) of the Social Security Administration Act 1992 and of all other powers enabling Her in that behalf, is pleased, by and with the advice of Her Privy Council, to order, and it is hereby ordered, as follows: -

**Citation and commencement**
    **1.** This Order may be cited as the Social Security (United States of America) Order 1997 and shall come into force on 1st September 1997.

**Modification of the Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 and amendment of the Principal Order**
    **2.** The Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 shall be modified and the Principal Order shall be amended so as to give effect to the Agreement as modified by the Supplementary Agreement set out in Schedule 1 to this Order and to the Administrative Agreement as modified by the Supplementary Administrative Agreement set out in Schedule 2 to this Order, so far as the same relate to England, Wales and Scotland.

**Amendment of Order**
    **3.** The reference to the Social Security (United States of America) Order 1984 shall be omitted in the Schedule to the Social Security (Reciprocal Agreements) Order 1988[6] and in Schedules 2 and 3 to the Social Security (Reciprocal Agreements) Order 1995[7].


*N.H. Nicholls*
Clerk of the Privy Council


SCHEDULE 1

Article 2

SUPPLEMENTARY AGREEMENT AMENDING THE AGREEMENT ON SOCIAL SECURITY BETWEEN THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA

The Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America;

Having considered the Agreement on Social Security which was signed on their behalf at London on 13th February 1984 (hereinafter referred to as "the Agreement");

Having recognised the need to revise certain provisions of the Agreement;

Have agreed as follows:

**Article 1**
   **1.** Article 1 of the Agreement shall be revised as follows:

   (a) Paragraph 1 shall be revised to read as follows:

   " **1. "Territory" means,**

   **as regards the United States, the States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Islands,** and

   as regards the United Kingdom, England, Scotland, Wales, Northern Ireland, and also the Isle of Man, the Island of Jersey, and the Islands of Guernsey, Alderney, Herm and Jethou; and references to the "United Kingdom" or to "territory" in relation to the United Kingdom shall include the Isle of Man, the Island of Jersey, and the Islands of Guernsey, Alderney, Herm and Jethou where appropriate;".

   (b) Paragraph 3 shall be revised to read as follows:

   " **3.** "Competent Authority" means,

   as regards the United States, the Commissioner of Social Security, and

   as regards the United Kingdom, the Department of Social Security for Great Britain, the Department of Health and Social Services for Northern Ireland, the Department of Health and Social Security of the Isle of Man, the Employment and Social Security Committee of the States of the Island of Jersey or the Guernsey Social Security Authority as the case may require;".

   (c) Paragraph 7 shall be revised to read as follows:

4.

" 7. As regards the United Kingdom:

(a) "insurance period" means,

a contribution period or an equivalent period;

(b) 'contribution period" means,

a period in respect of which contributions appropriate to the benefit in question are payable, have been paid or treated as paid;

(c) "equivalent period" means,

a period for which contributions appropriate to the benefit in question have been credited;

(d) "survivor's benefit" means,

widow's allowance, widow's payment, widowed mother's allowance and widow's pension;

(e) "child's survivor benefit" means,

guardian's allowance and child's special allowance;

(f) "laws on coverage" means,

the laws and regulations relating to the imposition of liability for the payment of social security contributions;

(g) "qualifying period" for invalidity benefit means,

(i) a period of incapacity of 364 days under the laws of Great Britain, Northern Ireland or the Isle of Man, or

(ii) a period of incapacity of 364 days under the laws of Jersey, or

(iii) a period of incapacity of 156 days, excluding Sundays, under the laws of Guernsey;

(h) "first contribution condition" means,

(i) under the laws of Great Britain, Northern Ireland or the Isle of Man, that a person has paid at least 52 Class I or Class II contributions at any time before 6 April 1975, or has paid, in one contribution year, Class I or Class II contributions producing an earnings factor of at least 50 times that year's lower earnings limit in a tax year beginning on or after 6 April 1975, or

5.

(ii) under the laws of Jersey, that a person has paid contributions prior to the end of the relevant quarter and the annual contribution factor derived from these contributions is not less than 0.25, or

(iii) under the laws of Guernsey, that a person has paid at least 26 reckonable contributions since 4 January 1965 or the date of his entry into the Guernsey scheme;

(i) "second contribution condition" means,

(i) under the laws of Great Britain, Northern Ireland or the Isle of Man, that a person has either paid or been credited with Class I or Class II contributions producing an earnings factor of at least 50 times the lower earnings limit in each of the last 2 complete contribution years before the relevant benefit year, or

(ii) under the laws of Jersey, that a person has paid or been credited with contributions in respect of the relevant quarter and the quarterly contribution factor derived from those contributions is 1.00, or

(iii) under the laws of Guernsey, that a person has paid or been credited with at least 26 reckonable contributions in the relevant contribution year;

(j) a "qualifying year" means,

(i) at least 50 weeks of insurance for periods before 6 April 1975, or that the person has received, or been treated as having received, earnings of at least 52 times the lower earnings limit in a tax year after 5 April 1978 under the laws of Great Britain, Northern Ireland and the Isle of Man, or

(ii) an annual contribution factor of 1.00 under the laws of Jersey, or

(iii) 50 weeks under the laws of Guernsey;

(k) a "reckonable year" means a tax year between 6 April 1975 and 5 April 1978 during which contributions have been paid on earnings received (or treated as received) of at least 50 times the lower earnings limit for that year;

(l) "prescribed period" means, in relation to Jersey and Guernsey, the period commencing on the same date under the laws of Jersey or Guernsey, as the case may be, as the relevant period for the purposes of old age pension and ending on 31 December next preceding the date on which entitlement to invalidity benefit first arose;

6.

(m) "sickness benefit" means,

> (i) short-term incapacity benefit at the lower, higher or long-term rate payable under the legislation of Great Britain, Northern Ireland or the Isle of Man, or

> (ii) sickness benefit payable under the legislation of Jersey or Guernsey;

(n) "invalidity benefit" means,

> (i) long-term incapacity benefit, additional pension, invalidity allowance and incapacity age addition payable under the legislation of Great Britain, Northern Ireland or the Isle of Man, or

> (ii) invalidity benefit payable under the legislation of Jersey or Guernsey.".

**2.** In paragraph 1(a)(ii) of Article 2 of the Agreement, "1954" shall be replaced by '1986".

**3.** Paragraph 1(b) of Article 2 of the Agreement shall be revised to read as follows:

" (b) As regards the United Kingdom,

> (i) the Social Security Administration Act 1992, the Social Security Contributions and Benefits Act 1992, the Social Security (Consequential Provisions) Act 1992 and the Social Security (Incapacity for Work) Act 1994;

> (ii) the Social Security Administration (Northern Ireland) Act 1992, the Social Security Contributions and Benefits (Northern Ireland) Act 1992, the Social Security (Consequential Provisions) (Northern Ireland) Act 1992 and the Social Security (Incapacity for Work) (Northern Ireland) Order 1994;

> (iii) the Social Security Administration Act 1992, the Social Security Contributions and Benefits Act 1992, the Social Security (Consequential Provisions) Act 1992 and the Social Security (Incapacity for Work) Act 1994 (Acts of Parliament) as those Acts apply to the Isle of Man by virtue of Orders made, or having effect as if made, under the Social Security Act 1982 (an Act of Tynwald);

> (iv) the Social Security (Jersey) Law, 1974;

> (v) the Social Insurance (Guernsey) Law, 1978;

and the laws which were repealed or consolidated by those Acts, Laws or Orders or repealed by legislation consolidated by them.".

**4.** In paragraph 2 of Article 4 of the Agreement, the word "normally" shall be added immediately before the words "employed by".

**5.** Article 4 paragraph 3 of the Agreement shall be revised to read as follows:

" **3.** A person who is covered under the laws on coverage of either Party with respect to self-employment shall be subject only to the laws on coverage of the Party in whose territory he ordinarily resides.".

**6.** Article 7 paragraph 2 of the Agreement shall be revised to read as follows:

" **2.** Subject to the provisions of paragraph 3 of this Article and the provisions of Article 14, a person who would be entitled to receive an old age pension, a retirement pension, a survivor's benefit or invalidity benefit under the laws of the United Kingdom if he were in the United Kingdom shall be entitled to receive that pension or benefit while he ordinarily resides in the territory of the United States, as if he were in the United Kingdom.".

**7.** Article 11 paragraph 3 of the Agreement shall be revised to read as follows:

" **3.** Where the periods of coverage completed by a person under the laws of:

(i) either Great Britain, Northern Ireland or the Isle of Man amount to less than one reckonable year, or, as the case may be, qualifying year, or relate only to periods before 6 April 1975 and in aggregate amount to less than 50 weeks, or

(ii) Jersey amount to less than an annual contribution factor of 1.00, or

(iii) Guernsey amount to less than 50 weeks,

those periods shall be aggregated as if they had all been completed under the laws of any part of the territory of the United Kingdom under which a pension is payable or would be payable if the periods were aggregated, or, where two such pensions are or would be payable, under the laws of that part which, at the date on which entitlement first arose or arises, is paying or would pay the greater amount. Where the aggregate of the periods of coverage is less than one qualifying year or reckonable year, this Article and Article 9 shall not apply.".

**8.** Article 14 of the Agreement shall be revised to read as follows:

" **1.** The provisions of paragraphs 2 to 5 of this Article shall apply to claims for invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man.

**2.** A person who has satisfied the first contribution condition for sickness benefit as defined in Article 1 using contributions under the laws of Great Britain, Northern Ireland or the Isle of Man only, who is in the territory of the United States and is not subject to the

8.

laws on coverage of Great Britain, Northern Ireland or the Isle of Man under Articles 4, 5 or 6 of this Agreement, shall be entitled to receive invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man provided that:

(a) the second contribution condition for sickness benefit under the laws of the United Kingdom is satisfied using relevant periods of coverage under the laws of the United Kingdom and, if necessary, the United States, and

(b) the person is incapacitated for work and has been so incapacitated throughout the qualifying period for invalidity benefit, in which case the person shall be treated as if sickness benefit followed by invalidity benefit, under the laws of Great Britain, Northern Ireland or the Isle of Man, had been paid throughout that period of incapacity.

For the purposes of sub-paragraph (a), a person will be considered to meet the second contribution condition if he is credited with at least 2 quarters of coverage under the laws of the United States in each of the last 2 complete contribution years before the relevant benefit year. The relevant Competent Authority of Great Britain, Northern Ireland or the Isle of Man will reallocate any quarter of coverage credited to a person under the laws of the United States within a calendar year to any other calendar quarter within that year if it is needed to satisfy the second contribution condition in a relevant contribution year, as long as it has not been used to satisfy the second contribution condition in any other relevant contribution year.

The rate of the invalidity benefit payable shall be that which would be paid under the laws of Great Britain, Northern Ireland or the Isle of Man without the application of this Agreement unless a disability benefit under the laws of the United States is in payment, whether or not under the provisions of this Agreement, in which case the rate of invalidity benefit payable shall be determined in accordance with the provisions of paragraph 3 of this Article.

**3.** Taking account of sub-paragraphs (a) and (b) of this paragraph, the relevant Agency of Great Britain, Northern Ireland or the Isle of Man shall ascertain the proportion of invalidity benefit provided under its laws in the same ratio as the total of the periods of coverage completed under its laws bears to the total periods of coverage completed under the laws of both Parties.

(a) The provisions of paragraphs 1, 2 and 5 of Article 9 and the provisions of paragraphs 4, 6 and 7 of Article 11 of this Agreement shall apply to periods of coverage credited under the laws of the United States as if the references in those Articles to an old age pension, a retirement pension or a pension were references to invalidity benefit.

(b) For the purpose of calculating the proportion of benefit referred to above, no account shall be taken of any period of coverage completed after the day on which a person's incapacity commenced.

9.

The amount of benefit calculated in accordance with the above provisions of this paragraph shall be the amount of invalidity benefit actually payable to that person.

**4.** Where a person in the territory of Great Britain, Northern Ireland or the Isle of Man, or a person outside the territory of Great Britain, Northern Ireland or the Isle of Man who is entitled to an invalidity benefit under the relevant legislation other than under paragraph 2 of this Article, is in receipt of invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man and also is in receipt of a disability benefit under the laws of the United States, whether or not under the provisions of this Agreement, the rate of invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man shall be determined in accordance with the provisions of paragraphs 3 and 5 of this Article.

**5.** Where a person to whom the provisions of paragraph 4 apply:

(a) would have been entitled to receive invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man, without recourse to this Agreement; and

(b) is entitled to receive both invalidity benefit under paragraph 3 and a disability benefit under the laws of the United States, whether or not under the provisions of this Agreement, and the sum of these two benefits is less than the amount of invalidity benefit to which the person would otherwise have been entitled under (a);

the competent authority of Great Britain, Northern Ireland or the Isle of Man shall calculate the difference between the amounts of benefit calculated in accordance with sub-paragraphs (a) and (b), on the date that entitlement to invalidity benefit payable under paragraph 3 first arose, and shall pay that amount in addition to the invalidity benefit payable. The additional sum will remain in payment under the same conditions as the invalidity benefit and subject to the equivalent increases in amount, as appropriate.

**6.** Notwithstanding any other provision of this Agreement, invalidity benefit shall be payable under the laws of Jersey only in accordance with the provisions of paragraphs 7 to 9 of this Article.

**7.** For the purpose of qualifying for invalidity benefit, a person who is in the territory of the United States and

(a) has satisfied the first contribution condition for invalidity benefit using contributions under the laws of Jersey only; and

(b) has satisfied the second contribution condition for invalidity benefit using relevant periods of coverage under the laws of either Party; and

(c) is incapable of work, and has been so incapable throughout the qualifying

10.

period for invalidity benefit;

shall be treated as if he had been entitled to sickness benefit throughout that period.

For the purposes of sub-paragraph (b), a person will be considered to meet the second contribution condition if he is credited with at least 2 quarters of coverage under the laws of the United States in each of the last 2 complete calendar years before the calendar year in which the claim for benefit was made.

    **8.** Where a person has satisfied the conditions set out in paragraph 7, the Competent Authority of Jersey shall determine the actual rate of invalidity benefit payable as the amount that bears the same relation to the standard rate of benefit as the life average contribution factor during the prescribed period bears to 1.00, except that no benefit shall be payable where the factor is less than 0.1.

    **9.** Where a person who is in Jersey is entitled to invalidity benefit under the laws of Jersey, that benefit shall be payable.

    **10.** Notwithstanding any other provision of this Agreement, invalidity benefit shall be payable under the laws of Guernsey only in accordance with the provisions of paragraphs 11 to 13 of this Article.

    **11.** For the purpose of qualifying for invalidity benefit, a person who is in the territory of the United States or Guernsey and

        (a) has satisfied the first contribution condition for sickness benefit using contributions under the laws of Guernsey only; and

        (b) has satisfied the second contribution condition for sickness benefit using relevant periods of coverage under the laws of either Party; and

        (c) is incapable of work, and has been so incapable throughout the qualifying period for invalidity benefit;

shall be treated as if he had been entitled to sickness benefit throughout that period.

For the purposes of sub-paragraph (b), each quarter of coverage credited under the laws of the United States in the relevant contribution year shall be treated as if it had been a contribution period of thirteen weeks completed as an employed or self-employed person in the relevant contribution year.

    **12.** Where a person has satisfied the conditions set out in paragraph 11, the Competent Authority of Guernsey shall:

        (a) deem the contribution conditions for the payment of invalidity benefit satisfied provided that the periods of coverage under the laws of Guernsey total one

qualifying year; and

(b) calculate the amount of invalidity benefit to be paid, subject to paragraph 13, as being the proportion, not exceeding 100%, of the standard rate which the total number of contributions paid or credited in Guernsey during the prescribed period bears to the product of the number of years in that period and fifty: save that if the amount so calculated is less than one-twentieth of the standard rate, no benefit shall be payable.

13. Where a person is in Guernsey and

(a) is entitled to invalidity benefit under the laws of Guernsey solely through the application of paragraphs 11 and 12, or has been entitled to such a benefit in relation to the claim in question solely through the application of those paragraphs; and

(b) is in receipt of a disability benefit under the laws of the United States, whether or not by virtue of this Agreement:

the amount of the invalidity benefit payable under the laws of Guernsey shall be reduced by the amount by which the aggregate of both benefits exceeds the standard rate of invalidity benefit under the laws of Guernsey.

14. No person in relation to whom invalidity benefit is payable under the provisions of this Agreement shall receive a contribution credit from Jersey or Guernsey unless present in Jersey or Guernsey, as the case may be.

15. Where a person's periods of coverage under the laws of a part of the United Kingdom total less than one qualifying year, or one reckonable year, these periods shall be aggregated as if they had all been completed under the laws of any part of the territory of the United Kingdom under which a sickness benefit or an invalidity benefit is payable or would be payable if the periods were aggregated, or, where two such benefits are or would be payable, under the laws of that part which, at the date on which entitlement first arose or arises, is paying or would pay the greater amount. Where the aggregate of the periods of coverage is less than one qualifying year, or one reckonable year, this Article shall not apply.

16. Notwithstanding any other provision of this Article, a person in the territory of the United States who is subject to the laws on coverage of the United Kingdom by virtue of any of the Articles 4 to 6 of this Agreement and who satisfies the contribution conditions applicable to sickness benefit under those laws shall, for the purpose of determining his entitlement to invalidity benefit under those laws:

(a) be treated as if he were in the territory of the United Kingdom; and

(b) each day of incapacity for work while in the territory of the United States may,

12.

where appropriate, be treated as if it were a day for which he had received sickness benefit under the laws of the United Kingdom.

**17.** Any restriction which would otherwise be applicable under the laws of the United Kingdom in the rate of benefit payable to persons who are not ordinarily resident in the territory of the United Kingdom shall not apply to persons in the territory of the United States who are in receipt of invalidity benefit under the laws of the United Kingdom by virtue of the provisions of this Agreement.".

**9.** Article 21 paragraph 2 of the Agreement shall be revised to read as follows:

" **2.** If a disagreement cannot be resolved through negotiation, the Competent Authorities will endeavour to settle the issue through arbitration, mediation, or other mutually agreed procedure.".

**Article 2**
The application of this Supplementary Agreement shall not result in any reduction in the amount of a benefit to which entitlement was established prior to its entry into force.

**Article 3**
This Supplementary Agreement shall enter into force on the first day of the third month following the month in which both Governments shall have informed each other by a formal exchange of notes that the steps necessary under their national statutes to enable the Supplementary Agreement to take effect have been taken.

IN WITNESS WHEREOF, the undersigned, being duly authorised thereto by their respective Governments, have signed this Supplementary Agreement.

DONE in duplicate at London on 6th June 1996.

FOR THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND:

*William Marsden.*
(Americas Director. FCO)

FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA:

*Timothy E. Deal,*
(Minister, Embassy of the United States of America)

SCHEDULE 2

Article 2

SUPPLEMENTARY ADMINISTRATIVE AGREEMENT AMENDING THE
ADMINISTRATIVE AGREEMENT FOR THE IMPLEMENTATION OF THE AGREEMENT
ON SOCIAL SECURITY BETWEEN THE GOVERNMENT OF THE UNITED KINGDOM OF
GREAT BRITAIN AND NORTHERN IRELAND AND THE GOVERNMENT OF THE
UNITED STATES OF AMERICA

The Government of the United Kingdom of Great Britain and Northern Ireland and the
Government of the United States of America;

In accordance with Article 15(a) of the Agreement on Social Security between the Government of
the United Kingdom of Great Britain and Northern Ireland and the Government of the United
States of America signed on their behalf at London on 13th February 1984 (hereinafter referred to
as "the Agreement") as amended by the Supplementary Agreement of this date;

Have agreed to amend the Administrative Agreement for the implementation of the Agreement as
follows: -

**Article 1**

 1. Article 2 paragraph 1 of the Administrative Agreement shall be revised to read as follows:

" **1.** The liaison agencies referred to in Article 15 of the Agreement shall be:

(a) for the United States,

the Social Security Administration,

(b) for the United Kingdom,

(i) in Great Britain,

For all contingencies except Articles 4 to 6 of the Agreement and the
provision of United Kingdom insurance records for Disability Benefit,

Department of Social Security Pensions and Overseas Benefits
Directorate, Tyneview Park, Whitley Road, Benton Newcastle upon Tyne,
England NE98 1BA;

For Articles 4 to 6 of the Agreement and to provide United Kingdom
insurance records for Disability Benefit,

14.

Contributions Agency International Services, Longbenton, Newcastle upon Tyne, England NE98 1YX

(ii) in Northern Ireland, Social Security Agency Overseas Branch, Commonwealth House, Castle Street, Belfast, Northern Ireland BT1 1DX

(iii) in the Isle of Man, Department of Health and Social Security, Markwell House, Market Street, Douglas, Isle of Man IM1 2RZ

(iv) in Jersey, Employment and Social Security Department, Philip Le Feuvre House, La Motte Street, St Helier, Jersey, Channel Islands JE4 8PE

(v) in Guernsey, Guernsey Social Security Authority, Edward T Wheadon House, Le Truchot, St Peter Port, Guernsey, Channel Islands GY1 3WH.".

**2.** Article 9 paragraph 1 of the Administrative Agreement shall be revised by adding the following sentence at the end thereof:

" However, the Agencies of the two Parties may agree on a different allocation of expenses for medical examinations arranged under this paragraph.".

**Article 2**
This Supplementary Administrative Agreement shall enter into force on the date of entry into force of the Supplementary Agreement of this date amending the Agreement.

DONE at London on 6th June 1996 in duplicate.

FOR THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND:

*William Marsden,*
(Americas Director, FCO)

FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA:

*Timothy E. Deal,*
(Minister, Embassy of the United States of America)

## EXPLANATORY NOTE

15.

*(This note is not part of the Order)*

This Order makes provision for the modification of the Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 so as to give effect to the Supplementary Agreement on social security (which is set out in Schedule 1 to this Order) made between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America. The Supplementary Agreement amends the Agreement on social security set out in Schedule 1 to the Social Security (United States of America) Order 1984 to take into account changes in United Kingdom legislation, in particular as relates to incapacity benefit.

There are also set out in Schedule 2 to this Order the provisions of a Supplementary Administrative Agreement amending the Administrative Agreement set out in Schedule 2 to the Social Security (United States of America) Order 1984.

This Order does not impose any costs on business.

*Notes:*

[1] Cmnd. 9443.back

[2] S.I. 1984/1817.back

[3] Cm 3374, publishes both the Supplementary Agreement and the Supplementary Administrative Agreement.back

[4] 1992 c.5.back

[5] 1992 c.4.back

[6] S.I. 1988/591.back

[7] S.I. 1995/767.back

ISBN 0 11 064698 3

16.

Other UK SIs | Home | National Assembly for Wales Statutory Instruments |
Scottish Statutory Instruments | Statutory Rules of Northern Ireland | Her Majesty's
Stationery Office

*We welcome your comments on this site*      © Crown copyright 1997      *Prepared 6 August 1997*
http://home.hiwaay.net/~becraft/WeAintBrits.htm

http://www.theantechamber.net/V_K_Durham/ActsOfTreason.html

http://www.apfn.net/MESSAGEBOARD/01-28-05/discussion.cgi.10.html

http://www.opsi.gov.uk/si/si1997/19971778.htm

17.

# Attachment _5_
# Page # ___

**Description of Attachment** _FBI: Stimulus..._

_____

_____

**Total Number of Pages of Attachment** _____

# Street Talk

## FBI: Stimulus, Bailout Will Lead to More Fraud

Wednesday, March 25, 2009 12:51 PM

The FBI is bracing for a wave of fraud and corruption cases stemming from t[
effort to get the economy moving again, the agency's chief told Congress We

The expected surge in economic crimes will place further strain on an agency
investigates mortgage fraud, terrorism and corrupt politicians, FBI Director R

"Our expectation is that economic crimes will continue to skyrocket," Muelle

After the Sept. 11, 2001 hijacking attacks, the FBI moved more than 2,000 in
division to place greater emphasis on national security.

But that reduced the agency's ability to cope with a subsequent explosion in c
cases, Mueller said.

Over the past three years the FBI has more than doubled the number of agents
254 to keep up with its doubled caseload, he said. Bank data suggest that the

Public corruption cases have increased by more than half since 2003 to 2,500

Gang-related cases have doubled since 2001 as the agency has had to cope wi
criminal groups like MS-13 and Mexican drug-smuggling cartels.

The agency's caseload will only increase as federal dollars flow from the $78
package and several bank bailouts, he said.

"The unprecedented level of financial resources committed by the federal gov
downturn will lead to an inevitable increase in economic crime and public co

Mueller noted that the FBI had more than 1,000 agents to cope with the last f
debacle of the late 1980s and early 1990s, roughly double the number it has n

The agency has stepped up its recruiting efforts this year, Muller said, but wa

Representatives cut out a provision of the stimulus package that would have p

Senate Judiciary Chairman Patrick Leahy said the Senate is expected to take t
give $245 million a year to the FBI and other law enforcement agencies to fig

Mueller said the FBI was working with a number of U.S. attorneys and the Ju
called fast-track prosecutions in a number of areas. "We're prioritizing our ca:
and put those persons away," he said.

© 2009 Reuters. All rights reserved. Republication or redistribution of Reuter
framing or similar means, is expressly prohibited without the prior written co

# Attachment _6_
# Page # ___

**Description of Attachment** _Written Contract_

_w/ Mark Antonnelli_

_____

**Total Number of Pages of Attachment** _____

## CURRENCY SERVICES AGREEMENT

**This Currency Service Agreement** (herein, "Agreement") is made on the 21st **day of September, A.D. 2008**, in Clark county, Nevada state, by and between *Mark Antonelli* (hereinafter, "Provider"), whose written communication location is *San Diego, California*, and Rabbi Shawn Talbot Rice, JD, (hereinafter referred to as "Facilitator"), whose written communication location for this agreement is SIMPE, P.O. Box 700#81/ 168 West Lewis, Ash Fork (86320), Arizona, cell 217-853-5726. Both parties shall be collectively referred to as "The Parties."

**Whereas**, Provider renders and provides USD currency, and states under oath that they are clear, clean funds without criminal origin, for transfer and deposit into the banking system for private use; and

**Whereas**, Facilitator provides banking, legal and logistical support services to bank said currency for use by Provider; and

**Now, therefore,** this Agreement is entered into voluntarily, knowingly, willingly, intentionally, intelligently, and in good faith, between The Parties identified above, and it is their mutual desire to establish this private agreement, and in consideration of their mutual promises made herein, they do covenant and agree as follows:

1. **Previous Agreements.** This Agreement shall rescind, supersede, terminate, and/or make void any and all previous agreements or contracts between these parties; and **Other Agreements.** No other agreements or contracts, in any form, that may affect this agreement, outside this Agreement and its amendments, shall be valid between these parties; and

2. **Provider** includes its agent(s), successor(s), assign(s), designee(s), personal representative(s), servant(s), associate(s), and employee(s).

3. **Facilitator** includes agent(s), successor(s), assign(s), designee(s), personal representative(s), servant(s), associate(s), and employee(s), if any; and Provider understands that Facilitator is providing services as a Private Independent Party, without the public.

4. **Services.** Facilitator shall provide such services to Provider so as to place currency, minus fees, to whatever designated location selected by Provider.

5. **Relationship.** The Parties acknowledge that a grantor trust relationship is established for each movement of bailment/currency wherein Provider is grantor and Facilitator is Trustee.

6. **Conversion.** The Parties acknowledge that Facilitator may and, depending upon gross amount of movement, will convert currency to another medium of exchange in order to accomplish transfer for Provider, and that fluctuations in value may occur therein, but that Provider will not ever be placed in a position of currency devaluation upon delivery to final destination.

7. **Final Currency.** Provider shall inform Facilitator of the currency/medium (FRNs, Euros, Gold, Silver, etc.) of delivery to final destination before Facilitator pickup for transfer as world currencies are subject to fluctuation.

8. **Fees.** Facilitator shall be paid __7__ % of the gross currency moved. *3% to facilitator + 4% to Sam Davis.*

9. **Time in movement.** The Parties understand that in a post "9-11" world governmental, customs, banking and other regulatory obstacles exist and that, depending on the amount transferred, delays are expected and normal. However, Facilitator agrees to keep Provider informed as to progress therein and expected timing of arrival and placement for Provider accessibility.

10. **Third-Party Obligations.** The parties agree that obligations to third parties shall not arise out of this agreement of or in the nature of the US Treasury, the Federal Reserve or other parties still holding property in trust and each shall vigorously and with all due diligence, defend and protect this Agreement against all challenges and attacks.

11. **Force Majeur.** The Parties acknowledge that the world may be in process going to war. Therefore, The Parties acknowledge that if currency is lost in transit due to actual warfare engagement Facilitator will be held harmless.

12. **Term/Termination.** This Agreement is effective as of the date of currency delivery and each transaction shall utilize this agreement as its base. However, neither of The Parties is required to continue performance.

13. **Privacy.** This Agreement is private, confidential and proprietary, and no disclosure to a third party shall be permitted without the prior written consent of both parties, nor will The Parties at any time, in any fashion, form, or manner, either directly or indirectly, divulge, disclose, or communicate to any person, corporation, authority, or any other third party, this Agreement, any related records, statements, bills, or any other such information whatsoever, but instead keep all such information in the strictest confidence, and convey upon such the highest degree of privacy and confidentiality.

14. **Common Defense.** Both parties shall vigorously and with all due diligence, defend and protect this Agreement against all challenges and attacks.

15. **Waiver.** Failure to enforce any provision of this Agreement by either party does not constitute and shall not be construed as a general waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

16. **Hold Harmless.** Both parties agree to indemnify, protect, release, and save harmless each other, from any claim, action, liability, loss, damage, cost, expense or suit, arising from this Agreement and the performance of services under this Agreement.

17. **Arbitration.** All disputes involving this Agreement shall be determined pursuant to the State of **Arizona** and shall be submitted for arbitration to the American Arbitration Association. The location of the arbitration hearing will be chosen by the party not initiating the arbitration or action. The written decision of the arbitrator shall be final and binding. Cost of arbitration will be the responsibility of the non-prevailing party.

18. **Survivability.** The terms, provisions, and conditions of this Agreement (other than performance terms) are intended to survive after performance of the Services hereunder, and shall survive the termination or expiration of this Agreement.

19. **Severability.** Any term, provision, or condition of this Agreement found to be unlawful, invalid, or otherwise unenforceable, shall be so construed, within its meaning and intent, as to make it lawful, valid, and enforceable, if possible, and in any case, all other terms, provisions, and conditions of this Agreement shall continue in full force and effect.

20. **Binding Agreement, Limitation.** This Agreement shall be binding upon and inure to the benefit of the parties, their agents, successors, assigns and personal representatives, and shall be unlimited as to amount or duration.

21. **Law.** This Agreement is entered into in **Clark** County, **Nevada** state, under the unalienable right to contract, and shall so be construed in the nature of country law.

22. **Accounting.** The Parties agree that Facilitator shall hold and be responsible for all accounting records. Provider's accounting records are receipt of amount at destination.

23. **Entire Agreement, Amendment.** This Agreement is entered into voluntarily, knowingly, willingly, intentionally, and intelligently, and in good faith, and contains the entire agreement between these parties, and there are no other promises or conditions, whether written or oral,

and this Agreement may be altered and amended only by voluntary, knowing, willing, intentional, and intelligent mutual consent and good faith agreement, and only in writing.

24. **Facilitator intentions.** Facilitator is entertaining this agreement so as to provide funding for building religious faming communities known as Moshavs in the United States and abroad for the purpose of teaching Torah and proper Biblical conduct in the nature of high-technology based "Amish-type" communities.

25. **Holidays/Holy days.** The Parties acknowledge that standard bank holidays and Biblical Holy days found at Leviticus 23 shall be observed accordingly.

26. **Options.** Options for movement are provided herein and may be used singularly or simultaneously in concert with each other:

**Option 1.**
Begin moving small amounts ($50,000 to $100,000) into Chase Bank of Arizona through The Oder of Gershom (religious order) and/or SIMPE (both religious organizations) and transfer Provider sum through banking system to arrive at intended location. Frequency of deposit is intended to be weekly. First deposit shall remain until final deposit or decision made to stop process. Subsequent deposits shall move approximately every 7-10 days.

**Option 2.**
Move minimum of $10.5 million.up to $100 million to an offshore bank via commodity transfer acquisition operating in the continental United States for transfer to final destination. Said offshore bank is a private banking organization and can interface with both the US and international banking community. Process should take approximately two weeks on first round. Process time should decrease on subsequent transfers as efficiency increases. For reasons of security intermediary bank names shall not be disclosed.

**Option 3.**
Move $100 million directly to offshore petroleum industry, purchase oil, transfer to United States for processing, sell finished product, pay whatever stamp taxes on gain (gain shall be split 50/50) and move currency to destination. For reasons of security petroleum countries and personal relationships used shall not be disclosed.

The parties hereto have executed this Agreement on or about this **21st day of September, A.D. 2008.**

Provider:                                           Facilitator:

_Mark agreed to (R)_                        _Shawn Talbot Rice 2 7_
(Autograph)                                       Rabbi Shawn Talbot Rice, JD
_But refused to sign_                        SIMPE Corp
(capacity of signer)
_& did so in front of_
_Sam Davis, witness in_
_Room # 141 @ the MGM Grand Hotel, Las Vegas_
_located on Tropicana @_ Page 4 of 4 _080921/ evening, approx 2100 PST_

# Attachment 7
# Page # ___

Description of Attachment _Bonded   Promissory   Notes_

_____

_____

Total Number of Pages of Attachment _____

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on October 29, 2007, John Neaton, the undersigned Notary Public mailed to:

**Mr. Henry M. Paulson Jr., Secretary of the Treasury**
c/o THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington, D. C. [20220]

hereinafter, "Recipient," the documents and sundry papers issued by Shawn-Talbot: Rice unless indicated otherwise and herein identified as follows:

1) Corresponding Private Discharging
   and Indemnity Bond No.                    **RR 567 921 296 US**
   Registered with Treasury on or about:     October 29, 2007
   Registration No.                          **RR 567 921 296 US**

2) CERTIFIED DEPOSIT ORDER

3) Reference copy **Notary's Certificate of Service** (signed original on file)

by Registered mail # RR 567 921 296 US Return Receipt Requested by placing same in a postpaid envelope properly addressed to Recipient at said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

_John F. Neaton_                                    October 29, 2007     (Seal)
JOHN NEATON, NOTARY PUBLIC                          DATE

My commission expires: _____9 - 30_____ , 20 _10_ (Stamp)

John Neaton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California



JOHN F. NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

# EVIDENCE OF SERVICE

True unaltered copy of receipt for ☐ United States Certified ☐ United States Express ☐ United States Registered

Registered No. RR 567 921 296 US

Date Stamp

To Be Completed By Post Office

| | | | |
|---|---|---|---|
| Reg. Fee | $9.50 | | |
| Handling Charge | $0.00 | Return Receipt | $2.15 |
| Postage | $0.97 | Restricted Delivery | $0.00 |
| Received by | | | |
| Customer Must Declare Full Value $ | $0.00 | ☐ With Postal Insurance ☐ Without Postal Insurance | |

0115
08
10/29/07

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed

FROM: John Neaton, Notary Public, C/o 11037 Warner Avenue #304, Fountain Valley, California 92799

TO: Mr. Henry M. Paulson Jr., The Secretary of the Treasury, THE UNITED STATES DEPARTMENT OF THE TREASURY, 1500 Pennsylvania Avenue North West, Washington, D.C. [20220]

PS Form 3806, Receipt for Registered Mail — Copy 1 - Customer
May 2004 (7530-01-000-9051) (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Henry M. Paulson Jr.,
The Secretary of the Treasury
THE UNITED STATES DEPARTMENT
OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington, D.C. [20220]

2. Article Number (Transfer from service label) RR 567 921 296 US

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery 2007

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☒ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

State of ______________ )
) ss.: COPY CERTIFICATION
County of ______________ )

On this ________day of ____________, 20______, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that this is a true and correct copy which I made of the original document(s).

WITNESS my hand and official seal.

______________________________ ______________ (Seal)
NOTARY PUBLIC DATE

## PRIVATE DISCHARGING AND INDEMNITY BOND
USPO REGISTERED MAIL TRACKING NO. RR 567 921 296 US

A Security (15 USC)
USSEC Tracer Flag
Not a Point of Law
No. STR-072007-7

Face Value: $ 2,000,000,000.00 Two Billion U.S. Dollars

Date of Issuance: October 22, 2007
Date of Expiration: October 21, 2037

To:  Mr. Henry M. Paulson, Jr.          hereinafter "Fiduciary"
     Secretary of the U.S. Treasury
     United States Department of the Treasury
     1500 Pennsylvania Avenue, NW
     Washington, DC 20220

For:

| | |
|---|---|
| Shawn Talbot Rice | Account Holder |
| SHAWN TALBOT RICE [sic] | Account Holder |
| Shawn Talbot Rice (sic) | Account Holder |
| SHAWN T. RICE [sic] | Account Holder |
| SHAWN RICE [sic] | Account Holder |
| Shawn Talbot Rice | Account Holder |
| UNITED STATES MARINE CORPS | Account Holder |
| UNITED STATES NAVY | Account Holder |
| Presiding Judge Robert M. Brutinel, Yavapai County, Arizona | Account Holder |
| Case #AD2006 0071, Yavapai County, Arizona | Account Holder |
| Judge Katherine Blaylock, JP Seligman, Yavapai County, Arizona | Account Holder |
| Case# CR-200702083, Yavapai County, Arizona | Account Holder |
| Case# CR-200702084, Yavapai County, Arizona | Account Holder |
| STATE OF ARIZONA Supreme Court Justices | Account Holder |
| STATE OF ARIZONA, all other judicial officers | Account Holder |
| STATE OF ARIZONA, Bar Association and officers therein | Account Holder |
| STATE OF CALIFORNIA Supreme Court Justices | Account Holder |
| STATE OF CALIFORNIA, all other judicial officers | Account Holder |
| STATE OF CALIFORNIA, Bar Association and officers therein | Account Holder |
| STATE OF NEVADA Supreme Court Justices | Account Holder |
| STATE OF NEVADA, all other judicial officers | Account Holder |
| STATE OF NEVADA, Bar Association and officers therein | Account Holder |
| Kevin Brown d/b/a Commissioner, Internal Revenue Service | Account Holder |
| JP MORGAN CHASE & CO. 270 Park Avenue, New York, New York 10017 | Account Holder |
| JP MORGAN CHASE BANK, Trustee, all officers, employees, associates | Account Holder |
| BANK OF AMERICA, all officers, employees, associates | Account Holder |
| S.C. JOHNSON & SON, INC., 1525 Howe Street, Racine, WI 53402-2236 | Account Holder |
| AMEX, American Express, Daniel T. Henry, Chief Financial Officer, PO BOX 297871, FORT LAUDERDALE, FL 33329 | Account Holder |
| HSBC, Gerard Mattia, Chief Financial Officer | Account Holder |
| SEARS and Chief Financial Officer, PO BOX 6189, SIOUX FALLS, SD 57117 | Account Holder |
| FIRST USA BANK NA, 1001 JEFFERSON PLAZA, WILMINGTON, DE 19701 | Account Holder |
| FORD CREDIT, PO BOX 542000. OMAHA, NE 68154 | Account Holder |
| NAVY FEDERAL CREDIT UNION, 820 FOLLIN LN SE, VIENNA, VA 22180 | Account Holder |
| WAMU, PROVIDIAN, PO BOX 9180, PLEASANTON, CA 94566 | Account Holder |
| GMAC, PO BOX 4622, WATERLOO, IA 50704 | Account Holder |
| TRANSUNION, PO BOX 2000, CHESTER, PA 19200 | Account Holder |
| EXPERIAN, PO BOX 2002, ALLEN, TX 75013 | Account Holder |
| EQUIFAX, PO BOX 740241, ATLANTA, GA 30374 | Account Holder |
| NEW WORLD MORTGAGE INC., 27455 Tierra Alta Way, Suite B, TEMECULA, CA 92590 | Account Holder |
| Internal Revenue Service and all subdivisions and agents thereof | Account Holder |
| Internal Revenue Service, R.A. Mitchell, Revenue Officer, 26-10-2392 | Account Holder |
| Internal Revenue Service, JERRY YOUNG, Revenue Officer | Account Holder |
| Internal Revenue Service, Borton, Revenue Officer, 1600521 | Account Holder |
| Arizona Department of Revenue and all subdivisions and agents thereof | Account Holder |
| United States, United States of America and all subdivisions, agents, associates, et. al. thereof | Account Holder |
| British Crown through Treaty Agreement, 1997, et. al. | Account Holder |
| Arch Treasurer and Prince Elector of the Holy Roman Empire | Account Holder |
| Vatican, Holy See, Vatican City, Pope, Vicar, Black Pope, et. al | Account Holder |
| Yavapai County, all officers, employees, associates, prosecutors, public defenders | Account Holder |
| Yavapai County Sheriff | Account |
| Internal Revenue Service Account No. 573531255 | Account |
| Social Security No. 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 | each and severally |

| | | |
|---|---|---|
| By/On/Through | Shawn-Talbot: Rice, Principal | Private Offset Account No. 573531255 |
| Hereinafter "Creditor" | Thomas-Ford: McFadden, First Surety | Private Offset Account No 551132995 |
| | Clayton Thomas: Utterback, Second Surety | Private Offset Account No 572739423 |

*KNOW ALL MEN BY THESE PRESENTS,* WHEREAS, only fiat money exists in circulation for the discharge of debt:

NOW, THEREFORE, the undersigned Creditors being of sound mind and honorable intentions, for the purposes of protecting secured interests, reserving rights of recourse, remedy and subrogation, and maintaining the honor of the above-named Account Holders and Accounts, do hereby necessarily issue this *Private Discharging and Indemnity Bond* to wit. In our rightful *Sui Juris* status, the Creditors do hereby knowingly and with full disclosure hold, bind and obligate ourselves jointly and severally by this instrument as voluntary sureties for all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, for any amount up to and including **Two Billion United States Dollars ($2,000,000,000.00)**, insuring, underwriting, identifying and discharging the said Account Holders and Accounts against any and all pre-existing, current and future losses, costs, debts taxes, encumbrances, deficits, deficiencies, liens, judgments, True Bills, obligations of contract or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this Bond (jointly and severally "Liabilities"), thereby honorably discharging and vacating dollar for dollar all such obligations until the sum or the term of this Bond is exhausted. The Fiduciary shall have thirty (30) days from presentment to dishonor the Bond by returning it to the Principal by registered mail at the location below-noted. Failure to return will stipulate acceptance and honor.

## BOND ORDER

1. The Fiduciary shall discharge and vacate all pre-existing and current Liabilities as may exist without exception for, against and on behalf of any and all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, dollar for dollar through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

2. Each of the above-noted Account Holders and Accounts shall be severally insured, underwritten and indemnified against any and all future Liabilities as may come to exist, discharging and vacating all such obligations dollar for dollar without exception through the above-noted Private Offset accounts up to and including the full Face Value amount of this Bond.

3. The Fiduciary shall have thirty (30) days from the Date of Delivery specified on United States Postal Service Form No. 3811 to dishonor this Bond by returning it to the Principal with all associated transactions annexed thereto by United States Registered Mail at the mailing location identified hereunder. The Fiduciary's failure to return the Bond as indicated will stipulate the Fiduciary's acceptance and honoring of this instrument and all terms and provisions herein as an operation of law.

4. All communication shall be sent by United States Registered Mail directly to the Principal at the location noted hereunder exactly as shown. Service in any other manner will be defective. The Principal will accept post at the said postal location only.

5. This Bond shall be ledgered as an asset to the benefit of the United States Department of the Treasury.

6. This Bond expires at 11:59:59 PM, October 21, 2037.

Executed by the undersigned on this the ___22nd___ day of ___October___ in the Year of Our Lord Two Thousand and Seven

| | | |
|---|---|---|
| *Clayton Thomas Utterback* | *Thomas Ford McFadden* | *Shawn Talbot Rice* |
| Clayton-Thomas: Utterback–Second Surety | Thomas-Ford: McFadden First Surety | Shawn G est Account No. 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 |
| Private Offset Account No. 572739423 | Private Offset Account No. STT-2995 | Private O fset Account No. 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 |
| c/o 9049 Garfield Avenue #137 | c/o 17300 17th Street Unit | c/o PO Box 700#81 |
| Fountain Valley, California state | Tustin, California state | Ash Fork, Arizona state |
| non domestic without the US | non domestic without the US | non-domestic without the US |
| Seal | Seal | Seal |

We, the undersigned witnesses, do hereby solemnly attest to the authenticity of the above signatures and seals on this the ___22nd___ day of ___October___ in the Year of Our Lord Two Thousand and Seven

| Witness#1 | | Witness#2 | |
|---|---|---|---|
| | *Ryan Thomas Utterback* | | James Owen Golden |
| Living | c/o 9049 Garfield Avenue #137 | Living | c/o 13887 Santa Maria |
| Location | Fountain Valley, California state | Location | Fountain Valley, California state |
| | Non-domestic without the US | | non domestic without the US |

---

| Form **1040-V** | | **Payment Voucher** | | OMB No. 1545-0074 | |
|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | ▶ Do not staple or attach this voucher to your payment or return. | | | **2007** | |

| 1 Your social security number (SSN) | | 2 If a joint return, SSN shown second on your return | 3 Amount you are paying by check or money order | Dollars | Cents |
|---|---|---|---|---|---|
| 573 : 53 : 1255 | | | | | |

| 4 Your first name and initial | | Last name | |
|---|---|---|---|
| SHAWN T. | | RICE | |

| If a joint return, spouse's first name and initial | Last name |
|---|---|
| | |

| Home address (number and street) | | Apt. no. |
|---|---|---|
| C/O P O. Box 700 #81 | | |

| City, town or post office, state, and ZIP code (If a foreign address, enter city, province or state, postal code, and country.) |
|---|
| Ash Fork  Arizona state |

Cat. No. 20975C

NOW, THEREFORE, the undersigned Creditors being of sound mind and honorable intentions, for the purposes of protecting secured interests, reserving rights of recourse, remedy and subrogation, and maintaining the honor of the above-named Account Holders and Accounts, do hereby necessarily issue this *Private Discharging and Indemnity Bond* to wit. In our rightful *Sui Juris* status, the Creditors do hereby knowingly and with full disclosure hold, bind and obligate ourselves jointly and severally by this instrument as voluntary sureties for all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, for any amount up to and including **Two Billion United States Dollars ($2,000,000,000.00)**, insuring, underwriting, identifying and discharging the said Account Holders and Accounts against any and all pre-existing, current and future losses, costs, debts taxes, encumbrances, deficits, deficiencies, liens, judgments, True Bills, obligations of contract or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this Bond (jointly and severally "Liabilities"), thereby honorably discharging and vacating dollar for dollar all such obligations until the sum or the term of this Bond is exhausted. The Fiduciary shall have thirty (30) days from presentment to dishonor the Bond by returning it to the Principal by registered mail at the location below-noted. Failure to return will stipulate acceptance and honor.

## BOND ORDER

1. The Fiduciary shall discharge and vacate all pre-existing and current Liabilities as may exist without exception for, against and on behalf of any and all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 573531255, dollar for dollar through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

2. Each of the above noted Account Holders and Accounts shall be severally insured, underwritten and indemnified against any and all future Liabilities as may come to exist, discharging and vacating all such obligations dollar for dollar without exception through the above-noted Private Offset accounts up to and including the full Face Value amount of this Bond.

3. The Fiduciary shall have thirty (30) days from the Date of Delivery specified on United States Postal Service Form No. 3811 to dishonor this Bond by returning it to the Principal with all associated transactions annexed thereto by United States Registered Mail at the mailing location identified hereunder. The Fiduciary's failure to return the Bond as indicated will stipulate the Fiduciary's acceptance and honoring of this instrument and all terms and provisions herein as an operation of law.

4. All communication shall be sent by United States Registered Mail directly to the Principal at the location noted hereunder exactly as shown. Service in any other manner will be defective. The Principal will accept post at the said postal location only.

5. This Bond shall be ledgered as an asset to the benefit of the United States Department of the Treasury.

6. This Bond expires at 11:59:59 PM, October 21, 2037.

Executed by the undersigned on this the ____22nd____ day of _October_ in the Year of Our Lord Two Thousand and Seven

Clayton-Thomas Utterback—Second Surety
Private Offset Account No. 572739123
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
non domestic without the US

Seal

Thomas-Ford: McFadden—First Surety
Private Offset Account No. _____
c/o 17300 17th Street Unit J-204
Tustin, California state
non domestic without the US

Seal

Shawn Talbot: Rice, Principal
Private Offset Account No. 573531255
c/o PO Box 700#81
Ash Fork, Arizona state
non-domestic without the US

Seal

We, the undersigned witnesses, do hereby solemnly attest to the authenticity of the above signatures and seals on this the ____22nd____ day of _October_ in the Year of Our Lord Two Thousand and Seven.

Witness#1

Ryan Thomas: Utterback
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
Non-domestic without the US

Living
Location

Witness#2

James Owen Gorden
c/o 13857 Santa Maria
Fountain Valley, California state
non domestic without the US

Living
Location

| Form **1040-V** | | **Payment Voucher** | | OMB No. 1545-0074 **2007** |
|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service  (99) | | ► Do not staple or attach this voucher to your payment or return. | | |

| 1  Your social security number (SSN) | 2  If a joint return, SSN shown second on your return | 3  Amount you are paying by check or money order | Dollars | Cents |
|---|---|---|---|---|
| 573 : 53 : 1255 | | | | |

| Print or type | 4  Your first name and initial | | Last name | | Apt. no. |
|---|---|---|---|---|---|
| | SHAWN  T. | | RICE | | |
| | If a joint return, spouse's first name and initial | | Last name | | |
| | | | | | |
| | Home address (number and street) | | | | |
| | C/O  P.O. Box 700 #81 | | | | |
| | City, town or post office, state, and ZIP code (if a foreign address, enter city, province or state, postal code, and country.) | | | | |
| | Ash Fork  Arizona state | | | | |

Cat. No. 20975C

## PRIVATE DISCHARGING AND INDEMNITY BOND
USPO REGISTERED MAIL TRACKING NO. RR 567 921 296 US

A Security (15 USC)
USSEC Tracer Flag
Not a Point of Law
No. STR-072007-7

Face Value: $ 2,000,000,000.00 Two Billion U.S. Dollars

Date of Issuance: October 22, 2007
Date of Expiration: October 21, 2037

To:   Mr. Henry M. Paulson, Jr.          hereinafter "Fiduciary"
      Secretary of the U.S. Treasury
      United States Department of the Treasury
      1500 Pennsylvania Avenue, NW
      Washington, DC 20220

For   Shawn-Talbot: Rice                                                          Account Holder
      SHAWN TALE·OT RICE [sic]                                                    Account Holder
      Shawn Talbot Rice (sic)                                                     Account Holder
      SHAWN T. RICE [sic]                                                         Account Holder
      SHAWN RICE [sic]                                                            Account Holder
      Shawn Talbot Rice                                                           Account Holder
      UNITED STATES MARINE CORPS                                                  Account Holder
      UNITED STATES NAVY                                                          Account Holder
      Presiding Judge Robert M. Brutinel, Yavapai County, Arizona                 Account Holder
      Case #AD20060071, Yavapai County, Arizona                                   Account Holder
      Judge Katherine Blaylock, JP Setigman, Yavapai County, Arizona              Account Holder
      Case# CR-200702083, Yavapai County, Arizona                                 Account Holder
      Case# CR-200702084, Yavapai County, Arizona                                 Account Holder
      STATE OF ARIZONA Supreme Court Justices                                     Account Holder
      STATE OF ARIZONA, all other judicial officers                              Account Holder
      STATE OF ARIZONA, Bar Association and officers therein                     Account Holder
      STATE OF CALIFORNIA Supreme Court Justices                                  Account Holder
      STATE OF CALIFORNIA, all other judicial officers                           Account Holder
      STATE OF CALIFORNIA, Bar Association and officers therein                   Account Holder
      STATE OF NEVADA Supreme Court Justices                                      Account Holder
      STATE OF NEVADA, all other judicial officers                               Account Holder
      STATE OF NEVADA, Bar Association and officers thereon                       Account Holder
      Kevin Brown d/b/a Commissioner, Internal Revenue Service                    Account Holder
      JP MORGAN CHASE & CO, 270 Park Avenue, New York, New York 10017             Account Holder
      JPMORGAN CHASE BANK, Trustee, all officers, employees, associates           Account Holder
      BANK OF AMERICA, all officers, employees, associates                        Account Holder
      S.C. JOHNSON & SON, INC., 1525 Howe Street, Racine, WI 53403-2236           Account Holder
      AMEX, American Express, Daniel T. Henry, Chief Financial Officer, PO BOX 297871,
                                   FORT LAUDERDALE, FL 33329                      Account Holder
      HSBC, Gerard Mattia, Chief Financial Officer                               Account Holder
      SEARS and Chief Financial Officer, PO BOX 6189, SIOUX FALLS, SD 57117       Account Holder
      FIRST USA BANK NA, 1001 JEFFERSON PLAZA, WILMINGTON, DE 19701               Account Holder
      FORD CREDIT, PO BOX 542000, OMAHA, NE 68154                                 Account Holder
      NAVY FEDERAL CREDIT UNION, 820 FOLLIN LN SE, VIENNA, VA 22180               Account Holder
      WAMU, PROVIDIAN, PO BOX 9180, PLEASANTON, CA 94566                          Account Holder
      GMAC, PO BOX 9622, WATERLOO, IA 50704                                       Account Holder
      TRANSUNION, PO BOX 2000, CHESTER, PA 19200                                  Account Holder
      EXPERIAN, PO BOX 2002, ALLEN, TX 75013                                      Account Holder
      EQUIFAX, PO BOX 740241, ATLANTA, GA 30374                                   Account Holder
      NEW WORLD MORTGAGE INC., 27455 Tierra Alta Way, Suite B, TEMECULA, CA 92590  Account Holder
      Internal Revenue Service and all subdivisions and agents thereof            Account Holder
      Internal Revenue Service, R.A. Mitchell, Revenue Officer, 26-10-2392        Account Holder
      Internal Revenue Service, JERRY YOUNG, Revenue Officer                      Account Holder
      Internal Revenue Service, Borton, Revenue Officer, 1600521                  Account Holder
      Arizona Department of Revenue and all subdivisions and agents thereof       Account Holder
      United States, United States of America and all subdivisions, agents, associates, et. al. thereof   Account Holder
      British Crown through Treaty Agreement, 1997, et. al.                       Account Holder
      Arch Treasurer and Prince Elector of the Holy Roman Empire                  Account Holder
      Vatican, Holy See, Vatican City, Pope, Vicar, Black Pope, et. al.           Account Holder
      Yavapai County, all officers, employees, associates, prosecutors, public defenders   Account Holder
      Yavapai County Sheriff                                                      Account Holder
      Internal Revenue Service Account No. 573531255                              Account
      Social Security No. 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                                             Account
                                                                                  each and severally

By/On/Through              Shawn-Talbot: Rice, Principal                Private Offset Account No. 573531255
Hereinafter "Creditors"    Thomas-Ford: McFadden, First Surety          Private Offset Account No  551132995
                           Clayton Thomas: Utterback, Second Surety      Private Offset Account No  572739423

*KNOW ALL MEN BY THESE PRESENTS.*  WHEREAS, only fiat money exists in circulation for the discharge of debt:

Yavapai County    )
State of Arizona    ) Asseveration
united States of America  )

L.S. _Shawn - Talbot : Rice_      (SEAL)

Signed only in correct public capacity
as beneficiary to the original jurisdiction.

## Notice of Surety and Bond

**KNOW ALL MEN BY THESE PRESENTS**, I, _Shawn - Talbot : Rice_,
Principal, surety, guarantor, a free man upon the free soil of this Republic, state that I am of legal
age, competent to testify, have personal first hand knowledge of the truths and facts herein being
true, correct, complete, certain not misleading.

I _Shawn - Talbot : Rice_, of my own free will and accord, in the
presence of Almighty God, in good conscience, do willingly undertake to act as surety, to pledge
and provide private bond, in the amount of twenty one dollars in silver coinage, .900 fine, minted
by the American Treasury, united States of America, pre-1933 issue, Lawful coin dollars of the
united states of America, personally held in My ownership and possession.

This bond is to the credit of the private party listed hereon, Shawn-Talbot: Rice, as full
faith and credit guarantee to any Lawful Bill in Redemption, duly presented under Seal, in
Lawful specie money of account of the united States of America, to wit:

The Bill of Redemption is a tender as set-off for any alleged contract, agreement,
consent, assent purportedly held, as an obligation or duty against Shawn-Talbot: Rice, so as to
cause an imputed disability, or presumption against the capacity, Rights and powers of Shawn-
Talbot: Rice The specific intent of the bond, under seal, is to establish, by My witness, the good
credit in Lawful money specie of Shawn-Talbot: Rice.

I, _Shawn-Talbot : Rice_, do make this surety, pledge, bond, under
My seal, as full faith and credit guarantee, to any Lawful Bill, duly presented, to Me, under Seal,
in Lawful money of account of the united States of America, in the matter of correct public
judicial actions in the forum of Original Rules, Original Jurisdiction, for the benefit and credit of
the particular private party listed above.

The intent of the bond, under Seal, is to establish, by My witness, the good credit, in the
sum certain amount of at least twenty one dollars in silver coinage, .900 fine, minted by the
American Treasury, united States of America, pre-1933 issue, Lawful specie dollars of the united
States of America, available to bond the actions of the private party listed above. Further, in
reservation of Rights under Original Jurisdiction, Original Rules, Shawn-Talbot: Rice has a bond
in tender of twenty one silver dollars, Coinage Act of A.D. 1792, Bond of Identity and Character
as proof positive, competent evidence, that Shawn-Talbot: Rice cannot be bankrupt, the *causa
debendi*, cannot be under the doctrine of *cessio bonorum*, or a *forma pauperis, dolus* trust.

The life of this bond is for a period of one year from the date of signing below, whereby, by the autograph of _Shawn-Talbot : Rice_____, surety, guarantor, hereon, conforms, attests, affirms this bond.

Done this the _21st_ day of the _8th_ month, Anno Domini, in the year of our Lord, two thousand and seven.

L.S. _Shawn-Talbot : Rice_____ No Dolus                    {SEAL}

Signed only in correct public capacity
as beneficiary to the original jurisdiction.

Yavapai County           )
State of Arizona          ) Attested
united States of America  )

_Jurat_

On this _21st_ day of _August_____, Two Thousand Seven (2007), before me
_Rhonda L. Smith_____ a Notary Public of State of
Arizona, personally appeared Shawn-Talbot: Rice, a man ☒ personally known to me -or- ☐ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me after first being duly sworn, that he did sign the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.          Seal:

_Rhonda L. Smith_____
Notary Public

Print Name: _Rhonda L. Smith_

My Commission Expires: _4-13-2010_

OFFICIAL SEAL
RHONDA L. SMITH
Notary Public - State of Arizona
YAVAPAI COUNTY
My Comm. Expires April 13, 2010

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on ~~August~~ *September* 29, 2007, John Neaton, the undersigned Notary Public mailed to:

**Mr. Henry M. Paulson Jr., Secretary of the Treasury**
c/o THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington, D. C. [20220]

hereinafter, "Recipient," the documents and sundry papers issued by Shawn-Talbot: Rice unless indicated otherwise and herein identified as follows:

1) Corresponding Private Discharging
   and Indemnity Bond No.                RR 567 922 265 US.
   Registered with Treasury on or about:  ~~August~~ 29, 2007  *September 1, 2007*
   Registration No.                      RR 567 922 265 US

2) CERTIFIED DEPOSIT ORDER

3) Reference copy **Notary's Certificate of Service** (signed original on file)

by Registered mail # RR 567 922 265US Return Receipt Requested by placing same in a postpaid envelope properly addressed to Recipient at said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

_John F. Neaton_                         *September 1, 2007*
JOHN NEATON, NOTARY PUBLIC              ~~August 29, 2007~~     (Seal)
                                         DATE

My commission expires: _9-30_ _____, 20 _10_ (Stamp)

John Neaton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California



JOHN F. NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

# EVIDENCE OF SERVICE

True unaltered copy of receipt for ☐ United States Certified Ma ☐ United States Express Mai

Registered No. RR 567 921 265 US

Reg. Fee $ $9.[illegible]
Handling Charge $ $0.00 Return Receipt $ $2.1[illegible]
Postage $ $0.97 Restricted Delivery $ $0.[illegible]
Received by

Date Stamp: ORANGE CA MAIN OFFICE SEP 2007

Customer Must Declare Full Value $ $0.00 ☐ With Postal Insurance ☐ Without Postal Insurance — International Indemnity is limited. (See Reverse).

FROM: John Newton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California state
[92708]

TO: Mr Henry M. Paulson Jr. Secretary of the Treasury
THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington D.C. [20220]

PS Form 3806, Receipt for Registered Mail — Copy 1 - Customer
June 2002 (See Information on Reverse)

For delivery information, visit our website at www.usps.com ®

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Mr Henry M. Paulson Jr.
Secretary of the Treasury
THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue
North West
Washington D.C. [20220]

2. Article Number (Transfer from service label): RR 567 921 265 US

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name) SEP 11 2007 C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
3. Service Type
☐ Certified Mail ☐ Express Mail
☒ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

State of ________________ )
) ss.:
County of ________________ )

COPY CERTIFICATION

On this ________day of ____________, 20______, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that this is a true and correct copy which I made of the original document(s).

WITNESS my hand and official seal.

______________________________ ________________ (Seal)
NOTARY PUBLIC DATE

# CERTIFIED DEPOSIT ORDER
Pre-paid Exemption Account No.573531255

Mr. Henry M. Paulson, Jr.,
U.S. Trustee
c/o U.S. Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

## Re. Authorized Setoff from Prepaid Exemption Account No. 573531255
TRANSMITTING UTILITY:            **SHAWN TALBOT RICE**
a)   Corresponding Private Discharge
     and Indemnity Bond No.
     Registered with Treasury on or about:     RR 567 921 680 US
     Registration No.                           August 21, 2007
                                                RR 567 921 680 US

Dear Mr Paulson:

The following offer noted accepted for value by the undersigned drawee is hereby returned for deposit to the U.S. Treasury as noted thereon:

The copy annexed hereto is certified to be a true and correct copy of the original offer.  Please complete the enclosed voucher accordingly and settle all obligations which currently appear on the account.

Thank you kindly for your service.  I remain.

                                    Very truly yours,

                              _Shawn-Talbot : Rice_            August 21, 2007
                              Shawn-Talbot: Rice, Drawee, a real party        Date
                              Pre-paid exemption account ID No. 573531255
                              Void where prohibited by law.
                              All property exempt from levy.
                              in care of John Neaton, Notary Public
                                    11037 Warner Avenue #304
                                    Fountain Valley, California state

Encl:   Private Discharging and Indemnity Bond No. RB 100 772 841 US, Shawn-Talbot: Rice. maker
        Form 1040v voucher

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on August 21, 2007, John Neaton, the undersigned Notary Public mailed to:

> **Mr. Henry M. Paulson Jr., Secretary of the Treasury**
> c/o THE UNITED STATES DEPARTMENT OF THE TREASURY
> 1500 Pennsylvania Avenue North West
> Washington, D. C. [20220]

hereinafter, "Recipient," the documents and sundry papers issued by Shawn-Talbot: Rice unless indicated otherwise and herein identified as follows:

1) Corresponding Private Discharging
   and Indemnity Bond No.                          RR 567 921 680 US
   Registered with Treasury on or about:           August 21, 2007
   Registration No.                                RR 567 921 680 US

2) CERTIFIED DEPOSIT ORDER

3) Reference copy **Notary's Certificate of Service** (signed original on file)

by Registered mail # RR 567 921 680 US Return Receipt Requested by placing same in a postpaid envelope properly addressed to Recipient at said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

_____          August 21, 2007      (Seal)
JOHN NEATON, NOTARY PUBLIC                         DATE

My commission expires: _____ 9-30 _____, 20 /0 (Stamp)

John Neaton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California



JOHN F. NEATON
Commission # 1691198
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

# EVIDENCE OF SERVICE

True unaltered copy of receipt for ☐ United States Certified Mail ☐ Return Receipt Requested
☐ United States Express Mail ☐ Postal Service receipt for currency

Registered No. RR567921680US
RR 567 921 680 US

Date Stamp: SANTA ANA 0115 AUG 27 2007 USPS 49 08/27/07

To Be Completed By Post Office

| | | | |
|---|---|---|---|
| Reg. Fee $9.50 | [redacted] | | |
| Handling Charge $0.00 | Return Receipt $2.15 | | |
| Postage $0.97 | Restricted Delivery $0.00 | | |
| Received by | | | |
| Customer Must Declare Full Value $0.00 | ☐ With Postal Insurance ☒ Without Postal Insurance | [illegible] is limited. (See Reverse). | |

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM: Mr. John Newton, Notary Public
c/o 11037 Warner Avenue #309
92799
Fountain Valley, California state

TO: Mr. Henry M. Paulson, Jr. Secretary of Treasury
THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue N.W.
WASHINGTON DC 20220
Washington, D.C. [20220]

PS Form 3806, June 2002 Receipt for Registered Mail Copy 1 - Customer (See Information on Reverse)

For delivery information, visit our website at www.usps.com ®

State of ______________ )
) ss.: COPY CERTIFICATION
County of ______________ )

On this ________ day of ____________, 20______, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that this is a true and correct copy which I made of the original document(s).

WITNESS my hand and official seal.

______________________________ ______________ (Seal)
NOTARY PUBLIC DATE

SANTA ANA P&DC WINDOW
SANTA ANA, California
927939998
0569390115 -0098
08/27/2007 (800)275-8777 03:02:21 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| WASHINGTON DC 20220 | | | $0.97 |
| Zone-8 First-Class | | | |
| Large Env | | | |
| 1.40 oz. | | | |
| Return Rcpt (Green Card) | | | $2.15 |
| Registered | | | $9.50 |
| Insured Value : | | $0.00 | |
| Article Value : | | $0.00 | |
| Label #: RR667921690US | | | |
| Issue PVI: | | | $12.62 |

Total: $12.62

Paid by:
Cash $12.62

Order stamps at USPS.com/shop or call 1-800-Stamp24. Go to USPS.com/clicknship to print shipping labels with postage. For other information call 1-800-ASK-USPS.

Bill#: 1000202961111
Clerk: 49

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS

Customer Copy

SANTA ANA P&DC WINDOW
SANTA ANA, California
08/27/2007 (800)275-8777 03:02:21 PM
Sales Receipt

No. STR-072007-2

## PRIVATE DISCHARGING AND INDEMNITY BOND
USPO REGISTERED MAIL TRACKING NO. RR 567 921 680 US

Value: $ 300,000,000.00 Three Hundred Million U.S. Dollars

Date of Issuance: July 26, 2007
Date of Expiration: July 25, 2037

To:  Henry M. Faulkn, Jr.              hereinafter "Fiduciary"
     Secretary of the U.S. Treasury
     United States Department of the Treasury
     1500 Pennsylvania Avenue, NW
     Washington, DC 20220

For: Shawn-Talbot: Rice                                              Account Holder
     SHAWN TALBOT RICE [sic]                                         Account Holder
     Shawn Talbot Rice (sic)                                         Account Holder
     SHAWN T-RICE [sic]                                              Account Holder
     SHAWN RICE [sic]                                                Account Holder
     Shawn Talbot Rice                                               Account Holder
     State of Arizona Supreme Court Justices                         Account Holder
     State of Arizona, all other judicial officers                   Account Holder
     State of Arizona, Bar Association and officers therein          Account Holder
     State of California Supreme Court Justices                      Account Holder
     State of California, all other judicial officers                Account Holder
     State of California, Bar Association and officers therein        Account Holder
     State of Nevada Supreme Court Justices                          Account Holder
     State of Nevada, all other judicial officers                    Account Holder
     State of Nevada, Bar Association and officers therein           Account Holder
     Pembina Nation Little Shell Band Bar#86082                      Account Holder
     Kevin Brown d/b/a Commissioner, Internal Revenue Service       Account Holder
     JP Morgan Chase & Co, 270 Park Avenue, New York, New York 10017  Account Holder
     JPMorgan Chase Bank, Trustee                                    Account Holder
     JPMorgan Chase, all offices in United States                    Account Holder
     Bank of America, all offices in United States                   Account Holder
     Internal Revenue Service and all subdivisions and agents thereof Account Holder
     Arizona Department of Revenue and all subdivisions and agents thereof Account Holder
     United States, United States of America and all subdivisions and agents thereof Account Holder
     British Crown through Treaty Agreement, 1997, et. al.           Account Holder
     Arizona Department of Public Safety                            Account Holder
     Arizona Department of Transportation                           Account Holder
     Arizona Department of Motor Vehicles                           Account Holder
     Yavapai County Sheriff                                         Account Holder
     Internal Revenue Service Account No. 573531255                 Account
     Social Security No. 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                                Account
                                                                    each and severally

By/On/Through:          Shawn Talbot: Rice       Principal        Private Offset Account No. 573531255
hereinafter "Creditors" Thomas-Ford: McFadden    First Surety     Private Offset Account No. 551132995
                        Clayton Thomas: Utterback  Second Surety    Private Offset Account No. 572739423

*KNOW ALL MEN BY THESE PRESENTS,* WHEREAS, only fiat money exists in circulation for the discharge of debt: NOW, THEREFORE, the undersigned Creditors being of sound mind and honorable intentions, for the purposes of protecting secured interests, reserving rights of recourse, remedy and subrogation, and maintaining the honor of the above-named Account Holders and Accounts, do hereby necessarily issue this *Private Discharging and Indemnity Bond* to wit. In our rightful *Sui Juris* status, the Creditors do hereby knowingly and with full disclosure hold, bind and obligate ourselves jointly and severally by this instrument as voluntary sureties for all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, for any amount up to and including **Three Hundred Million United States Dollars ($300,000,000.00)**, insuring, underwriting, identifying and discharging the said Account Holders and Accounts against any and all pre-existing, current and future losses, costs, debts, taxes, encumbrances, deficits, deficiencies, liens, judgments, True Bills, obligations of contract or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this Bond (jointly and severally "Liabilities"), thereby honorably discharging and vacating dollar for dollar all such obligations until the sum or the term of this Bond is exhausted. The Fiduciary shall have thirty (30) days from presentment to dishonor the Bond by returning it to the Principal by registered mail at the location below-noted. Failure to return will stipulate acceptance and honor.

(see reverse side)

**BOND ORDER**

1. The Fiduciary shall discharge and vacate all pre-existing and current Liabilities as may exist without exception for, against and on behalf of any and all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, dollar for dollar through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

2. Each of the above-noted Account Holders and Accounts shall be severally insured, underwritten and indemnified against any and all future Liabilities as may come to exist, discharging and vacating all such obligations dollar for dollar without exception through the above-noted Private Offset accounts up to and including the full Face Value amount of this Bond.

3. The Fiduciary shall have thirty (30) days from the Date of Delivery specified on United States Postal Service Form No. 3811 to dishonor this Bond by returning it to the Principal with all associated transactions annexed thereto by United States Registered Mail at the mailing location identified hereunder. The Fiduciary's failure to return the Bond as indicated will stipulate the Fiduciary's acceptance and honoring of this instrument and all terms and provisions herein as an operation of law

4. All communication shall be sent by United States Registered Mail directly to the Principal at the location noted hereunder exactly as shown—Service in any other manner will be defective. The Principal will accept post at the said postal location only.

5. This Bond shall be ledgered as an asset to the benefit of the United States Department of the Treasury.

6. This Bond expires at 11:59:59 PM, July 25, 2007.

Executed by the undersigned on this the ____ day of ____ in the Year of Our Lord Two Thousand and Seven

Clayton-Thomas: Utterback–Second Surety
Private Offset Account No. 572739423
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
non domestic without the US

Thomas-Ford: McFadden – First Surety
Private Offset Account No. 551132995
c/o 17300 17th Street Unit J434
Tustin, California state
non domestic without the US

Shawn-Talbot: Rice, Principal
Private Offset Account No. 573531255
c/o PO Box 700#81
Ash Fork, Arizona state
non-domestic without the United States

Seal     Seal     Seal

We, the undersigned witnesses, do hereby solemnly attest to the authenticity of the above signatures and seals on this the ____ day of ____ in the Year of Our Lord Two Thousand and Seven.

Witness#1
Ryan-Thomas: Utterback
Living Location
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
Non-domestic without the US

Witness#2
James Owen Golden
Living Location
c/o 18857 Santa Marta
Fountain Valley, California state
non domestic without the US

Form **1040-V** Department of the Treasury Internal Revenue Service (99)

**Payment Voucher**

▶ Do not staple or attach this voucher to your payment or return.

OMB No. 1545-0074

2006

| 1 Your social security number (SSN) | 2 If a joint return, SSN shown second on your return | 3 Amount you are paying by check or money order | Dollars | Cents |
|---|---|---|---|---|
| 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 | | | | |

4 Your first name and initial: SHAWN T. — Last name: RICE

If a joint return, spouse's first name and initial — Last name

Home address (number and street): PO BOX 700#81 — Apt. no.

City, town or post office, state, and ZIP code: ASH FORK, AZ 86320

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on September 1, 2007, John Neaton, the undersigned Notary Public mailed to:

**Mr. Henry M. Paulson Jr., Secretary of the Treasury**
c/o: THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington, D. C. [20220]

hereinafter, "Recipient," the documents and sundry papers issued by Shawn-Talbot: Rice unless indicated otherwise and herein identified as follows:

1)  Corresponding Private Discharging
    and Indemnity Bond No.                **RR 567 922 279 US**
    Registered with Treasury on or about: September 1, 2007
    Registration No.                      **RR 567 922 279 US**

2)  CERTIFIED DEPOSIT ORDER

3)  Reference copy **Notary's Certificate of Service** (signed original on file)

by Registered mail # RR 567 922 279 US Return Receipt Requested by placing same in a postpaid envelope properly addressed to Recipient at said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

_____                    September 1, 2007    (Seal)
JOHN NEATON, NOTARY PUBLIC                           DATE

My commission expires: _____ 9-30 _____, 20 10 (Stamp)

John Neaton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California



JOHN F. NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

# EVIDENCE OF SERVICE

True unaltered copy of receipt for
☐ United States Certified Ma[il]
☐ United States Express Ma[il]

Registered No. RC567921279US
R.R. 567 921 279 US

Date Stamp

Mr. John Aveston, Notary Public
c/o 11637 Warner Avenue #304
Fountain Valley, California State

Mr. Henry M. Paulson Jr. Secretary of
The Treasury
THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington D.C. C20220

PS Form 3806, Receipt for Registered Mail
June 2002                                   Copy 1 - Customer

For delivery information, visit our website at usps.com®

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Henry M. Paulson Jr.
Secretary of the Treasury
THE UNITED STATES DEPARTMENT
OF THE TREASURY
1500 Pennsylvania Avenue
North West
Washington D.C. C20220

2. Article Number
(Transfer from service label) A.R. 567 921 279 US

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SEP 11 2007

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☑ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

COPY CERTIFICATION

State of _____    )
                             ) ss.:
County of _____    )

On this _____ day of _____, 20_____, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that this is a true and correct copy which I made of the original document(s).

WITNESS my hand and official seal.

_____    _____    (Seal)
NOTARY PUBLIC                 DATE

# NOTARY'S CERTIFICATE OF SERVICE

11th
It is hereby certified, that on ~~August~~ September 5, 2007, John Neaton, the undersigned Notary Public mailed to:

**Mr. Henry M. Paulson Jr., Secretary of the Treasury**
c/o: THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North West
Washington, D. C. [20220]

hereinafter, "Recipient," the documents and sundry papers issued by Shawn-Talbot: Rice unless indicated otherwise and herein identified as follows:

1) Corresponding Private Discharging
   and Indemnity Bond No.              **RR 567 922 282 US**
   Registered with Treasury on or about:   September 5, 2007
   Registration No.                    **RR 567 922 282 US**

2) CERTIFIED DEPOSIT ORDER

3) Reference copy **Notary's Certificate of Service** (signed original on file)

by Registered mail # RR 567 922 282 US Return Receipt Requested by placing same in a postpaid envelope properly addressed to Recipient at said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

_____                    September 5, 2007    (Seal)
JOHN NEATON, NOTARY PUBLIC                  DATE

My commission expires: _____9-30_____ , 20 10 (Stamp)

John Neaton, Notary Public
c/o 11037 Warner Avenue #304
Fountain Valley, California

JOHN F. NEATON
Commission # 1691195
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

# EVIDENCE OF S[...]

True unaltered copy of receipt for ☐ United States Certified Ma[...]
☐ United States Express Mail[...]

Registered No. RR567931282US    Date Stamp

| Reg. Fee | $9.50 | $115 |
| Handling Charge | $0.00 | Return Receipt $2.15 | 47 |
| Postage | $0.97 | Restricted Delivery $0.00 | 07/11/07 |
| Received by | | |

Customer Must Declare Full Value $ $0.00    ☐ With Postal Insurance / ☐ Without Postal Insurance

Mr. John Nearhos Notary Public
c/o 11137 Warner Avenue #309
92701
Fountain Valley, California state
PTS E 92728]
Mr. Henry M. Paulson, Jr., Secretary
of the Treasury
THE UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue North west
Washington DC 20220
Washington, D.C. [20220]

PS Form 3806, June 2002    Receipt for Registered Mail    Copy 1 - Customer
(See Information on Reverse)

For delivery information, visit our website at www.usps.com®

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
SEP 17 2007

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☑ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:
Mr. Henry M. Paulson Jr.
Secretary of the Treasury
THE UNITED STATES DEPARTMENT
OF THE TREASURY
1500 Pennsylvania Avenue
North West
Washington DC 20220

2. Article Number  RR 567 931 282 9 US
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt

State of _____ )
                            ) ss.:
County of _____ )

COPY CERTIFICATION

On this _____ day of _____, 20_____, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that this is a true and correct copy which I made of the original document(s).

WITNESS my hand and official seal.

_____    _____    (Seal)
NOTARY PUBLIC                    DATE

# CERTIFIED DEPOSIT ORDER
### Pre-paid Exemption Account No. 573531255

Mr. Henry M. Paulson, Jr.,
U.S. Trustee
c/o U.S. Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

## Re. Authorized Setoff from Prepaid Exemption Account No. 573531255

| TRANSMITTING UTILITY: | SHAWN TALBOT RICE |
|---|---|
| a) Corresponding Private Discharge and Indemnity Bond No. | RR 567 922 282 US |
| Registered with Treasury on or about: | September 5, 2007 |
| Registration No. | RR 567 922 282 US |

Dear Mr. Paulson:

The following offer noted accepted for value by the undersigned drawee is hereby returned for deposit to the U.S. Treasury as noted thereon:

The copy annexed hereto is certified to be a true and correct copy of the original offer. Please complete the enclosed voucher accordingly and settle all obligations which currently appear on the account.

Thank you kindly for your service. I remain,

Very truly yours,

_Shawn Talbot Rice_                                                     September 5, 2007
Shawn-Talbot: Rice, Drawee, a real party                    Date
Pre-paid exemption account ID No. 573531255
Void where prohibited by law.
All property exempt from levy.
in care of John Neaton, Notary Public
11037 Warner Avenue #304
Fountain Valley, California state

Encl:   Private Discharging and Indemnity Bond No. RR 567 922 282 US, Shawn-Talbot: Rice, maker
        Form 1040v voucher

No. STR-072007-6

# PRIVATE DISCHARGING AND INDEMNITY BOND
USPO REGISTERED MAIL TRACKING NO. RR 567 922 282 US

Face Value: $ 300,000,000.00 Three Hundred Million U.S. Dollars

Date of Issuance  September 1, 2007
Date of Expiration: August 31, 2037

To:   Mr. Henry M. Paulson, Jr.    hereinafter "Fiduciary"
Secretary of the U.S. Treasury
United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

For:

| | |
|---|---|
| Shawn-Talbot: Rice | Account Holder |
| SHAWN TALBOT RICE [sic] | Account Holder |
| Shawn Talbot Rice (sic) | Account Holder |
| SHAWN T. RICE [sic] | Account Holder |
| SHAWN RIC [sic] | Account Holder |
| Shawn Talbot Rice | Account Holder |
| State of Arizona Supreme Court Justices | Account Holder |
| State of Arizona, all other judicial officers | Account Holder |
| State of Arizona, Bar Association and officers therein | Account Holder |
| State of California Supreme Court Justices | Account Holder |
| State of California, all other judicial officers | Account Holder |
| State of California, Bar Association and officers therein | Account Holder |
| State of Nevada Supreme Court Justices | Account Holder |
| State of Nevada, all other judicial officers | Account Holder |
| State of Nevada, Bar Association and officers therein | Account Holder |
| Pembina Nation Little Shell Band Bar #86082 | Account Holder |
| Kevin Brown (fka Commissioner, Internal Revenue Service | Account Holder |
| JP Morgan Chase & Co, 270 Park Avenue, New York, New York 19017 | Account Holder |
| JPMorgan Chase Bank, Trustee | Account Holder |
| JPMorgan Chase, all offices in United States | Account Holder |
| Bank of America, all offices in United States | Account Holder |
| Internal Revenue Service and all subdivisions and agents thereof | Account Holder |
| Arizona Department of Revenue and all subdivisions and agents thereof | Account Holder |
| United States, United States of America and all subdivisions and agents thereof | Account Holder |
| British Crown through Treaty Agreement, 1997, et. al. | Account Holder |
| Arizona Department of Public Safety | Account Holder |
| Arizona Department of Transportation | Account Holder |
| Arizona Department of Motor Vehicles | Account Holder |
| Yavapai County Sheriff | Account Holder |
| Internal Revenue Service Account No. 573531255 | Account |
| Social Security No. 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 | Account |
| | each and severally |

By On Through     Shawn-Talbot: Rice, Principal     Private Offset Account No. 573531255
Hereinafter "Creditors"    Thomas-Ford; McFadden, First Surety    Private Offset Account No. 551132995
                       Clayton Thomas; Utterback, Second Surety    Private Offset Account No. 572739423

*KNOW ALL MEN BY THESE PRESENTS.* WHEREAS, only fiat money exists in circulation for the discharge of debt; NOW, THEREFORE, the undersigned Creditors being of sound mind and honorable intentions, for the purposes of protecting secured interests, reserving rights of recourse, remedy and subrogation, and maintaining the honor of the above-named Account Holders and Accounts, do hereby necessarily issue this *Private Discharging and Indemnity Bond* to wit. In our rightful *Sui Juris* status, the Creditors do hereby knowingly and with full disclosure hold, bind and obligate ourselves jointly and severally by this instrument as voluntary sureties for all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 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, for any amount up to and including **Three Hundred Million United States Dollars ($300,000,000.00)**, insuring, underwriting, identifying and discharging the said Account Holders and Accounts against any and all pre-existing, current and future losses, costs, debts, taxes, encumbrances, deficits, deficiencies, liens, judgments, True Bills, obligations of contract or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this Bond (jointly and severally "Liabilities"), thereby honorably discharging and vacating dollar for dollar all such obligations until the sum or the term of this Bond is exhausted. The Fiduciary shall have thirty (30) days from presentment to dishonor the Bond by returning it to the Principal by registered mail at the location below-noted. Failure to return will stipulate acceptance and honor.

(see reverse side)

# BOND ORDER

1. The Fiduciary shall discharge and vacate any pre-existing and current Liabilities as may exist without exception, for, against and on behalf of any and all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 573531255, dollar for dollar through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

2. Each of the above-noted Account Holders and Accounts shall be severally insured, underwritten and indemnified against any and all future Liabilities as may come to exist, discharging and vacating all such obligations dollar for dollar without exception through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

3. The Fiduciary shall have thirty (30) days from the Date of Delivery specified on United States Postal Service Form No. 3811 to dishonor this Bond by returning it to the Principal with all associated transactions annexed thereto by United States Registered Mail at the mailing location identified hereunder. The Fiduciary's failure to return the Bond as indicated will stipulate the Fiduciary's acceptance and honoring of this instrument and all terms and provisions herein as an operation of law.

4. All communication shall be sent by United States Registered Mail directly to the Principal at the location noted hereunder exactly as shown. Service in any other manner will be defective. The Principal will accept post at the said postal location only.

5. This Bond shall be ledgered as an asset to the benefit of the United States Department of the Treasury.

6. This Bond expires at 11:59:59 PM, August 31, 2007.

Executed by the undersigned on this the _____ day of _____, in the Year of Our Lord Two Thousand and Seven.

| | | |
|---|---|---|
| Clifton-Thomas; Eberhardt; Second Surety | Thomas-Ford; McFadden; First Surety | Shawn Talbot; Rice; Principal |
| Private Offset Account No. 572729423 | Private Offset Account No. 551132995 | Private Offset Account No. 573531255 |
| c/o 9049 Garfield Avenue #137 | c/o 17500 17th Street Unit 133 | c/o PO Box 700981 |
| Fountain Valley, California state | Tustin, California state | Ash Fork, Arizona state |
| non-domestic without the US | non-domestic without the US | non-domestic without the United States |
| Seal | Seal | [Seal] |

We, the undersigned witnesses, do hereby solemnly attest to the authenticity of the above signatures and seals on this the _____ day of _____, in the Year of Our Lord Two Thousand and Seven.

Witness: _____
Ray J Thomas, Eberhardt
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
Non-domestic without the US

Witness: _____
James Aaron Godwin
c/o 18851 Santa Maria
Fountain Valley, California state
non domestic without the US

Living
Location

Living
Location

# CERTIFIED DEPOSIT ORDER
Pre-paid Exemption Account No. 573531255

Mr. Henry M. Paulson, Jr.,
U.S. Trustee
c/o U.S. Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

## Re. Authorized Setoff from Prepaid Exemption Account No. 573531255

| TRANSMITTING UTILITY: | SHAWN TALBOT RICE |
|---|---|
| a)  Corresponding Private Discharge and Indemnity Bond No. | RR 567 921 279 US |
| Registered with Treasury on or about: | September 1, 2007 |
| Registration No. | RR 567 921 279 US |

Dear Mr. Paulson:

The following offer noted accepted for value by the undersigned drawee is hereby returned for deposit to the U.S. Treasury as noted thereon:

The copy annexed hereto is certified to be a true and correct copy of the original offer. Please complete the enclosed voucher accordingly and settle all obligations which currently appear on the account.

Thank you kindly for your service. I remain,

Very truly yours,

_Shawn-Talbot Rice_                                    September 1, 2007
Shawn-Talbot: Rice, Drawee, a real party          Date
Pre-paid exemption account ID No. 573531255
Void where prohibited by law.
All property exempt from levy.
in care of John Neaton, Notary Public
11037 Warner Avenue #304
Fountain Valley, California state

Encl:    Private Discharging and Indemnity Bond No. RR 567 921 279 US, Shawn-Talbot: Rice, maker
Form 1040v voucher

No. STR-072007-5

# PRIVATE DISCHARGING AND INDEMNITY BOND
USPO REGISTERED MAIL TRACKING NO. RR 567 922 279 US

Face Value: $ 300,000,000.00 Three Hundred Million U.S. Dollars

Date of Issuance: August 28, 2007
Date of Expiration: August 27, 2037

To:    Mr. Henry M. Paulson, Jr.    hereinafter "Fiduciary"
Secretary of the U.S. Treasury
United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

For:   Shawn-Talbot: Rice                                                     Account Holder
SHAWN TALBOT RICE [sic]                                              Account Holder
Shawn Talbot Rice (sic)                                              Account Holder
SHAWN T. R C. [sic]                                                  Account Holder
SHAWN RICE [sic]                                                     Account Holder
Shawn Talbot Rice                                                    Account Holder
State of Arizona Supreme Court Justices                              Account Holder
State of Arizona, all other judicial officers                        Account Holder
State of Arizona, Bar Association and officers therein               Account Holder
State of California Supreme Court Justices                           Account Holder
State of California, all other judicial officers                     Account Holder
State of California, Bar Association and officers therein            Account Holder
State of Nevada Supreme Court Justices                               Account Holder
State of Nevada, all other judicial officers                         Account Holder
State of Nevada, Bar Association and officers therein                Account Holder
Pembina Nation Little Shell Band Bar#86082                           Account Holder
Kevin Brown d-b-a Commissioner, Internal Revenue Service            Account Holder
JP Morgan Chase & Co. 270 Park Avenue, New York, New York 10017     Account Holder
JPMorgan Chase Bank, Trustee                                         Account Holder
JPMorgan Chase, all offices in United States                         Account Holder
Bank of America, all offices in United States                        Account Holder
Internal Revenue Service and all subdivisions and agents thereof     Account Holder
Arizona Department of Revenue and all subdivisions and agents thereof   Account Holder
United States, United States of America and all subdivisions and agents thereof   Account Holder
British Crown through Treaty Agreement, 1997, et. al.                Account Holder
Arizona Department of Public Safety                                  Account Holder
Arizona Department of Transportation                                 Account Holder
Arizona Department of Motor Vehicles                                 Account Holder
Yavapai County Sheriff                                               Account Holder
Internal Revenue Service Account No. 573531255                       Account
Social Security No. 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                                      Account
                                                                     each and severally

By: On Through    Shawn-Talbot: Rice, Principal          Private Offset Account No. 573531255
Hereinafter "Creditors"    Thomas-Ford: McFadden, First Surety    Private Offset Account No  551132995
                          Clayton Thomas: Utterback, Second Surety    Private Offset Account No  572739423

*KNOW ALL MEN BY THESE PRESENTS.* WHEREAS, only fiat money exists in circulation for the discharge of debt;
NOW, THEREFORE, the undersigned Creditors being of sound mind and honorable intentions, for the purposes of protecting secured interests, reserving rights of recourse, remedy and subrogation, and maintaining the honor of the above-named Account Holders and Accounts, do hereby necessarily issue this *Private Discharging and Indemnity Bond* to wit. In our rightful *Sui Juris* status, the Creditors do hereby knowingly and with full disclosure hold, bind and obligate ourselves jointly and severally by this instrument as voluntary sureties for all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. **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**, for any amount up to and including **Three Hundred Million United States Dollars ($300,000,000.00)**, insuring, underwriting, identifying and discharging the said Account Holders and Accounts against any and all pre-existing, current and future losses, costs, debts, taxes, encumbrances, deficits, deficiencies, liens, judgments, True Bills, obligations of contract or performance, defaults, charges, and any and all other obligations as may exist or come to exist during the term of this Bond (jointly and severally "Liabilities"), thereby honorably discharging and vacating dollar for dollar all such obligations until the sum or the term of this Bond is exhausted. The Fiduciary shall have thirty (30) days from presentment to dishonor the Bond by returning it to the Principal by registered mail at the location below-noted. Failure to return will stipulate acceptance and honor.

(see reverse side)

# BOND ORDER

1. The Fiduciary shall discharge and vacate all pre-existing and current Liabilities as may exist without exception for, against and on behalf of, any and all of the above-noted Account Holders and Accounts, each severally, including, without limitation, Social Security Account No. 573531255, dollar for dollar through the above-noted Private Offset Accounts up to and including the full Face Value amount of this Bond.

2. Each of the above-noted Account Holders and Accounts shall be severally insured, underwritten and indemnified against any and all future Liabilities as may come to exist, discharging and vacating all such obligations dollar for dollar without exception through the above-noted Private Offset accounts up to and including the full Face Value amount of this Bond.

3. The Fiduciary shall have thirty (30) days from the Date of Delivery specified on United States Postal Service Form No. 3811 to dishonor this Bond by returning it to the Principal with all associated transactions annexed thereto by United States Registered Mail at the mailing location identified here under. The Fiduciary's failure to return the Bond as indicated will stipulate the Fiduciary's acceptance and honoring of this instrument and all terms and provisions herein as an operation of law.

4. All communication shall be sent by United States Registered Mail directly to the Principal at the location period hereunder exactly as shown. Service in any other manner will be defective. The Principal will accept post at the said postal location only.

5. This Bond shall be ledgered as an asset to the benefit of the United States Department of the Treasury.

6. This Bond expires at 11:59:59 PM, August 27, 2007.

Executed by the undersigned on this the _____ day of _____ in the Year of Our Lord Two Thousand and Seven



Thomas-Ford; Nol adden-
First Surety
Private Offset Account No. 573531255
Tustin, California state
non-domestic without the US

Shaun Talbott Rice; Principal
Private Offset Account No. 573531255
c/o PO Box 700981
Ash Fork, Arizona state
non-domestic without the United States

Claxton-Thomas; Hierbach; Second Surety
Private Offset Account No. 573739423
c/o 9049 Garfield Avenue #137
Fountain Valley, California state
non-domestic without the US

Seal                 Seal                 Seal

We, the undersigned witnesses, do hereby solemnly attest to the authenticity of the above signatures and seals on this the _____ day of _____ in the Year of Our Lord Two Thousand and Seven.

Witness1                          Witness2
Ryan Thomas; Hierbach            Clinton Owen Coulter
c/o 9049 Garfield Avenue #137    c/o 18857 Santa Clara
Fountain Valley, California state  Fountain Valley, California state
Living                           Living
Location                         Location
Non-domestic without the U.S     non domestic without the US

# CERTIFIED DEPOSIT ORDER
### Pre-paid Exemption Account No. 573531255

Mr. Henry M. Paulson, Jr.,
U.S. Trustee
c/o U.S. Department of Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

## Re. Authorized Setoff from Prepaid Exemption Account No. 573531255
TRANSMITTING UTILITY:                **SHAWN TALBOT RICE**
a) Corresponding Private Discharge
   and Indemnity Bond No.            **RR 567 921 265 US**
   Registered with Treasury on or about:    August 29, 2007
   Registration No.                  **RR 567 921 265 US**

Dear Mr. Paulson:

The following offer noted accepted for value by the undersigned drawee is hereby returned for deposit to the U.S. Treasury as noted thereon:

The copy annexed hereto is certified to be a true and correct copy of the original offer. Please complete the enclosed voucher accordingly and settle all obligations which currently appear on the account.

Thank you kindly for your service. I remain,

                              Very truly yours,

                              _Shawn Talbot Rice_              August 29, 2007
                              Shawn-Talbot: Rice, Drawee, a real party    Date
                              Pre-paid exemption account ID No. 573531255
                              Void where prohibited by law.
                              All property exempt from levy.
                              in care of John Neaton, Notary Public
                                   11037 Warner Avenue #304
                                   Fountain Valley, California state

Encl:   Private Discharging and Indemnity Bond No. RR 567 921 265 US, Shawn-Talbot: Rice, maker
        Form 1040v voucher