1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar Number 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar Number 1925
4  United States Attorney's Office, District of Nevada
   Lloyd D. George United States Courthouse
5  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
6  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
7  Counsel for the United States of America

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  UNITED STATES OF AMERICA,              )
                                           )
12                          Planitiff,     )
                                           )
13              v.                         )      2:09-CR-078-JCM (RJJ)
                                           )
14  SAMUEL DAVIS and                       )
    SHAWN RICE,                            )
15                                         )
                           Defendants.     )
16

17  **UNITED STATES OF AMERICA'S RESPONSES TO SHAWN RICE'S MANDATORY
    JUDICIAL NOTICE OF STATUS RELATION OF SIMPE CORPORATION SOLE TO ITS
18  TITULAR HEAD WITH POINTS AND AUTHORITIES (DOCKET #77), NOTICE OF
    MISREPRESENTATION OF MATERIAL FACTS BY UNITED STATES ATTORNEY RE
19  BILL OF PARTICULARS FOR FORFEITURE OF PROPERTY AND ATTEMPTED THEFT
    OF PROPERTY AND MANDATORY JUDICIAL NOTICE (#79), AND  MOTION FOR
20  AUDIT FOR FORFEITURE IN RE ACCOUNTING, ACCOUNT STATED, UNJUST
    ENRICHMENT AND SPECIFIC PERFORMANCE (#94)**

21        The United States of America ("United States"), by and through Daniel G. Bogden, United

22  States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States

23  Attorney, respectfully responds to Shawn Rice's ("Rice") Mandatory Judicial Notice of Status

24  Relation of SIMPE Corporation Sole to its Titular Head with Points and Authorities (Docket #77)

25  ("Judicial Notice"), Notice of Misrepresentation of Material Facts by United States Attorney re Bill

26  of Particulars for Forfeiture of Property and Attempted Theft of Property and Mandatory Judicial

Notice (#79) ("Notice of Misrepresentation"), and Motion for Audit for Forfeiture in re Accounting, Account Stated, Unjust Enrichment and Specific Performance (#94) ("Motion for Audit for Forfeiture"). The United States requests this Court to deny Rice's Judicial Notice (#77), Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94).

The grounds for denying Rice's Notices and Motion are (1) for Judicial Notice (#77), laundering money allegedly illegally obtained proceeds through bank fraud can be seized from any account used to launder those alleged illegal proceeds, including the SIMPE account; (2) for Judicial Notice and Notice of Misrepresentation (#77, #79) and Affidavit (#78), if Rice is arguing in relation to the alleged attempt to take a SUV vehicle, the United States did not attempt to seize the SUV vehicle in this prosecution; (3) for Notice of Misrepresentation (#79), the United States made no misrepresentation because Rice and Samuel Lynn Davis illegally laundered alleged illegal proceeds from bank fraud; (4) the United States did not seize, and is not forfeiting, "the probated estate of the revested entity of SHAWN T. RICE with accounting number [XXX-XX-XXXX]." #94, p. 2; (5) Rice failed to cite to relevant facts to support his Judicial Notice (#77) and thus consented to the denial of his Judicial Notice (#77); and (6) Rice failed to cite facts and legal authority in his points and authorities to support his Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94) and thus consented to the denial of his Notice of Misrepresentation (#79) and Motion for Audit for Forfeiture (#94).

United States Magistrate Judge Johnston on October 26, 2009, ordered all of Rice's prior struck filings to remain struck, and if Rice wished to pursue them, he would have to file them again. #86. The United States, out of an abundance of caution, responds to these filings in case they were not included in the Magistrate Judge's ruling.

. . .

. . .

. . .

. . .

2

1    This Response is made and is based on the pleadings and papers on file herein, the attached

2    Memorandum of Points and Authorities, and the attached exhibits.

3    DATED this 17th day of November, 2009.

4                                                    DANIEL G. BOGDEN
                                                     United States Attorney

5

6                                                    /s/DanielDHollingsworth
                                                     DANIEL D. HOLLINGSWORTH
7                                                    Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  STATEMENT OF FACTS**

The United States of America ("United States") requested United States Magistrate Judge Lawrence R. Leavitt to issue a civil seizure warrant on All Money in J.P. Morgan Chase Bank Account Number 634094312, in the name of SIMPE, LTA, 31 Butterfield Road, Chino Valley, Arizona 86323.  Exhibit ("Ex.") 1, Declaration of David E. Lowe, attached hereto and incorporated herein by reference as if fully set forth herein; Ex. 2, Issued Civil Seizure Warrant and Affidavit, attached hereto and incorporated herein by reference as if fully set forth herein.  The United States Magistrate Judge issued the civil seizure warrant. Ex. 1; Ex. 2.  The Internal Revenue Service Criminal Investigation Division ("IRS-CID") executed the civil seizure warrant on the bank listed above and seized $1,224.15. Ex. 1; Ex. 2; Ex. 3, Civil Seizure Warrant Return, attached hereto and incorporated herein by reference as if fully set forth herein.  Rice is the sole signature on the J.P. Morgan Chase Bank Account Number 634094312, in the name of SIMPE, LTA, and is the Presiding Patriarch Overseer for "The Office of the First Presiding Patriarch Overseer a Corporation Sole and Successors for Society of the Israelite Mosaic Paternal Ethic . . . ." Ex. 1.

**II.  ARGUMENT**

**A.  This Court Should Deny Rice's Judicial Notice (Docket #77) Because the United States Can Seize and Forfeit Money Illegally Laundered Through the SIMPE Account.**

Rice erroneously argued the United States cannot seize and forfeit the $1,224.15 seized from the SIMPE account because the seized money was in the SIMPE account. Dockets #77, #78.  The United States traced Rice's and Davis's illegal money laundering into the J.P. Morgan Chase Bank Account Number 634094312, in the name of SIMPE, LTA. Ex. 1; Ex. 2.  The United States can legally seize and forfeit proceeds illegally laundered through any account. *United States v. Hooper*, 229 F.3d 818, 821-22 (9th Cir. 2000).

In *Hooper*, the Ninth Circuit Court of Appeals explained that illegal proceeds can never be the property of a person or entity. *Id.*  The reasons are (1) the crime had to be committed before

proceeds exist and, (2) at the moment the crime is committed, the proceeds become forfeitable property of the United States and cannot be the property of the person or entity. *Id*.  Therefore, this Court should deny Rice's Judicial Notice (#77).

**B.  This Court Should Deny Rice's Judicial Notice and Notice of Misrepresentation (#77, #79) Because the United States Did Not Attempt to Seize the SUV vehicle in this Prosecution.**

Rice erroneously argued the United States attempted to seize the SUV mentioned in the Affidavit. #78.  The United States has not attempted to seize the SUV mentioned in the Affidavit (#78) in this prosecution. Ex. 1.  Thus, this Court should deny Rice's Judicial Notice and Notice of Misrepresentation (#77, #79).

**C.  This Court Should Deny Rice's Notice of Misrepresentation (#79) Because the United States Made No Misrepresentation Since Rice and Samuel Lynn Davis Illegally Laundered Alleged Illegal Proceeds from Bank Fraud.**

Rice erroneously argued the United States misrepresented the dollar amount of the money laundering in the Indictment (#1) and Bill of Particulars (#64) of $1,290,000. #79.  The United States made no misrepresentation because Rice and Samuel Lynn Davis illegally laundered alleged illegal bank fraud proceeds of $1,290,000. #1; #64; Ex. 1.  Therefore, this Court should deny Rice's Notice of Misrepresentation (#79).

**D. This Court Should Deny Rice's Motion for Audit for Forfeiture (#94) Because the $1,224.15 Seized from J.P. Morgan Chase Bank Account Number 634094312 is Not the Probated Estate of Revested Entity of Shawn T. Rice with account number [XXX-XX-XXXX].**

Rice erroneously moved this Court to order the Office of the Inspector General of the United States Department of Justice, "the United States Army Auditor Agency," and the Office of the Inspector General of the United States Department of Agriculture "to conduct a forensic accounting on the probated estate of the revested entity of Shawn T. Rice with accounting number [XXX-XX-XXXX]."  #94, p. 1-2.  Rice refers to no facts indicating what the probated estate of the revested entity of Shawn T. Rice is with accounting number [XXX-XX-XXXX]. #94, p. 1-2.  He does not indicate what the forensic accounting will address. #94, p. 1-2.  The United States seized $1,224.15 from the J.P. Morgan Chase Bank Account. Ex. 1; Ex. 2; Ex. 3.  The United States has no evidence

indicating the seized $1,224.15 from the J.P. Morgan Chase Bank Account was a probated estate of the revested entity of Rice. Ex. 1; Ex. 2; Ex. 3.  The money is from Rice's illegal money laundering of alleged illegal bank fraud proceeds. Ex. 1; Ex. 2; #1; #64.  The money in the J.P. Morgan Chase Bank Account Number 634094312, in the name of SIMPE, LTA, is not "the probated estate of the revested entity of Shawn T. Rice with accounting  number [XXX-XX-XXXX]."  #94, p. 2; Ex. 1.

Therefore, this Court should deny Rice's Motion for Audit for Forfeiture (#94) because the seized $1,224.15 from the J.P. Morgan Chase Bank Account is not the probated estate of the revested entity of Rice and because Rice has not explained nor supported his request with any facts as to what is the probated estate of the revested entity of Rice on which he wants the forensic accounting.

**E.  This Court Should Deny Rice's Judicial Notice (#77) Because Rice Failed to Submit Proper Evidence to Support the Judicial Notice and Failed to Meet the Requirements of Judicial Notice.**

Rice failed to support his Judicial Notice (#77) with proper evidence. *See Orr v. Bank of America*, 285 F.3d 764, 773-779 (9th Cir. 2002).  The district court "can only consider admissible evidence in ruling on a motion . . . .". *Id*. at 773.  Rice failed to reference what he wanted this Court to take judicial notice of and failed to provide the necessary information.

Federal Rule of Evidence 201 governs courts taking judicial notice of adjudicative facts that are not "subject to reasonable dispute . . . ." FRE 201(a)-(b).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b).  Rice failed to state what is not subject to reasonable dispute and (1) generally known or (2) failed to submit sources that were capable of accurate and ready determination and whose accuracy cannot be reasonably questioned. #77. He failed to show either basis for the Judicial Notice. #77.  The party must supply the "necessary information." FRE 201(d).  Rice failed to supply the necessary information. #77.

For this Court to take judicial notice of adjudicative facts, Rice must meet the requirements of FRE 201. *Ledet v. Gibson*, 2007 WL 777686, 3 (D. Nev. 2007).  Rice's Judicial Notice failed to

6

1    meet the requirements for a judicial notice of adjudicative facts. *Schmidt v. Certain Underwriters at*

2    *Lloyd's London*, 2007 WL 2111377, 6-7 (D. Nev. 2007).  The judicial notice of the adjudicative facts

3    Rice is attempting to obtain are not pertinent to the criminal case or the *in personam* criminal

4    forfeiture. *Id*.   A court should not take judicial notice of documents when they are disputed, they are

5    not authenticated, and their accuracy is questioned. *Ledet*, 2007 WL 777686, 3-4.  "There is no

6    relevant evidence of which we could take judicial notice [because] there are no documents . . . ."

7    *Loeffler v. The Ritz-Carlton Hotel Co.*, 2006 WL 1796008, 2 (D. Nev. 2006) (brackets added).  Rice's

8    documents are not know; therefore, they are in dispute, are not authenticated, and their accuracy is

9    questioned.

10           Therefore, this Court should deny Rice's Request for Judicial Notice (#77).

11   **F.  This Court Should Deny Rice's Judicial Notice (#77), Notice of Misrepresentation (#79), and
     Motion for Audit for Forfeiture (#94) Because Rice Failed to File Points and Authorities, Failed
12   to Cite Facts, and Failed Cite to Legal Authority To Support His Judicial Notice (#77), Notice
     of Misrepresentation (#79) and Motion for Audit for Forfeiture (#94), Thus Consenting to the
13   Denial of His Judicial Notice (#77), Notice of Misrepresentation (#79), and Motion (#94).**

14           Rice failed to cite facts and legal authority to support his Judicial Notice (#77), Notice of

15   Misrepresentation (#79), and Motion for Audit for Forfeiture (#94).  "The failure of a moving party

16   to file points and authorities in support of the motion shall constitute a consent to the denial of the

17   motion." Local Criminal Rule ("LCR") 47-9.  "The failure of a moving party to file points and

18   authorities in support of the motion shall constitute a consent to the denial of the motion." Local Rule

19   ("LR") 7-2(d).  Both LCR 47-9 and LR 7-2(d) require the notices and motion be supported by points

20   and authorities referencing facts and legal authority.  Rice's failure to properly support his Judicial

21   Notice (#77), Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94) with

22   evidentiary facts and legal authority constitutes his consent for this Court to deny Rice's Judicial

23   Notice (#77), Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94). LCR 47-

24   9; LR 7-2(d).

25   . . .

26   . . .

In *Peroulis*, the district court addressed a party's failure to cite points and authorities to support its motion. *Peroulis v. Kozak*, 2007 WL 2245755, 2 (D. Nev. 2007).  The district court denied the defendant's motion, stating:

> [D]efendant's motion contains no points and authorities supporting his request for relief.  [M]otions . . . shall be supported by a memorandum of points and authorities. Motions must contain factual evidence to support allegations made and legal authority to support conclusions drawn.  The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.  Defendant offers no factual or legal support for the allegations and conclusions contained in his motion.

*Id*. (citations, quote marks, and brackets omitted; brackets added); *Dummar v. Lummis*, 2008 WL 2788409, 1(D. Nev. 2008) ("[P]laintiff's failure to support his motion with accompanying points and authorities [was a] violation of Local Rule 7-2(d)").

In *Johnson*, the district court addressed the criminal defendant's failure to cite legal authority in his memorandum of points and authorities to support an issue in his motion. *United States v. Johnson*, 180 F. Supp. 2d 1155, 1157 (D. Nev. 2002).  In Johnson's motion, he stated double jeopardy attached "after a jury was unable to reach a unanimous verdict . . . ." *Id*.  In denying Johnson's motion, the district court found:

> Defendant provides no authority for the proposition that retrial after a jury was unable to reach a unanimous verdict constitutes a constitutional violation against double jeopardy.  Neither does he discuss nor even mention the matter further during his LEGAL ARGUMENT.  Failure to file points and authorities in support of an issue constitutes consent that a motion be denied as to that issue.  See Local Rule LR 7-2(d).

*Id*.  In *Wal-Mart*, the district court addressed defendant's failure to cite legal authority in its points and authorities to support an issue in his motion. *In Re Wal-Mart Wage and Hour Employment Practices Litigation*, 490 F. Supp.2d 1091, 1115-16 (D. Nev. 2007).  The district held:

> [T]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.  Defendants did not support their motion with points and authorities with respect to [an issue] despite the fact that Defendants' motion requires an examination . . . .  Defendants therefore have consented to the denial of their motion . . . .

*Id*. (citation, quote marks, and brackets omitted; brackets added).

. . .

In *White*, the district court addressed a party's failure to cite facts or legal authority in its memorandum of points and authorities to support its motion. *White v. Ford Motor Company*, 2003 WL 23353600, 24 (D. Nev. 2003).  The district court denied the motion and stated:

> Ford again seeks to exclude a broad class of evidence without citing any factual or legal basis, aside from conclusory assertions that it would be irrelevant and unduly prejudicial.  Such an unsubstantiated and cryptic motion merits denial under Local Rule 7-2(d) for failure to file supporting points and authorities.  Accordingly, the motion is DENIED.

> * * *

> Once again, Ford has filed a two-sentence motion devoid of factual or legal support, forcing the Whites and this court to guess at what it might encompass.  This motion is improper, and is DENIED pursuant to Local Rule 7-2(d).

*Id*. (quote marks omitted); *see also Mikohn Gaming v. Acres Gaming, Inc.* 2001 WL 34778689, 15 (D. Nev. 2001) (stating "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.") (citations omitted).

In *Montijo*, the district court addressed the United States's failure to cite legal authority in its memorandum to support its motion. *Montijo v. United States*, 2002 WL 507573, 1 (D. Nev. 2002). The district court denied the motion, holding:

> [T]he Appellee's motion provides no authorities whatsoever. Nowhere in the United States' motion is any authority provided authorizing this Court to remand this matter for a continued administrative hearing. . . .   Accordingly, the government has consented to the denial of its motion.

*Id*.

 "It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass,* 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir.1995)." *Hanulcikova v. Eisenman*, 2009 WL 464443, 1 (D. Nev. 2009).

Rice consented to the denial of his Judicial Notice (#77), Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94) because he failed to submit proper evidence to support his facts, failed to file points and authorities, failed to cite facts to support his Judicial Notice and Notice of Misrepresentation (#77, #79) and Motion for Audit for Forfeiture (#94), and failed to cite legal

9

authority to support his Judicial Notice and Notice of Misrepresentation (#77, #79) and Motion for

Audit for Forfeiture (#94). LCR 47-9; LR 7-2(d).  Therefore, this Court should deny Rice's Judicial

Notice and Notice of Misrepresentation (#77, #79) and Motion for Audit for Forfeiture (#94) under

the above-cited cases, LCR 47-9, and LR 7-2(d).

**III.  CONCLUSION**

Based on the foregoing facts, local rules, and cases, this Court should deny Rice's Judicial

Notice (#77), Notice of Misrepresentation (#79), and Motion for Audit for Forfeiture (#94).

DATED this 17th day of November, 2009.

Respectfully submitted

DANIEL G. BOGDEN
United States Attorney

/s/DanielDHollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Maliece Troth, certify that the following individuals were served the **UNITED STATES OF AMERICA'S RESPONSES TO SHAWN RICE'S MANDATORY JUDICIAL NOTICE OF STATUS RELATION OF SIMPE CORPORATION SOLE TO ITS TITULAR HEAD WITH POINTS AND AUTHORITIES (DOCKET #77), NOTICE OF MISREPRESENTATION OF MATERIAL FACTS BY UNITED STATES ATTORNEY RE BILL OF PARTICULARS FOR FORFEITURE OF PROPERTY AND ATTEMPTED THEFT OF PROPERTY AND MANDATORY JUDICIAL NOTICE (#79), AND MOTION FOR AUDIT FOR FORFEITURE IN RE ACCOUNTING, ACCOUNT STATED, UNJUST ENRICHMENT AND SPECIFIC PERFORMANCE (#94)** on November 17, 2009, by the below identified method of service:

CM/ECF

Todd M Leventhal
Flangas & Leventhal
600 South Third Street
Las Vegas, NV 89101
Email: todlev@yahoo.com
*Council for Samuel Davis*


United States Mail

Samuel Lynn Davis
2430 Lappin Lane
Council, Idaho 83612

Shawn Talbot Rice
PRO SE
PO Box 700#81
Ash Fork, AZ 86320


/s/Maliece Troth
MALIECE TROTH
Forfeiture Support Associates, Paralegal