1
2
3
4                      **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6
7   UNITED STATES OF AMERICA,                 2:09-cr-00078-JCM-RJJ
8           Plaintiff,                        **REPORT & RECOMMENDATION**
                                              **OF UNITED STATES**
9   v.                                        **MAGISTRATE JUDGE**
10  SAMUEL DAVIS, and
11  SHAWN RICE,                               Defendant's Motion to Dismiss (#139)
12          Defendants.

This matter comes before the undersigned on Defendant's Motion to Dismiss (#139).

**BACKGROUND**

Defendant, Rice, was indicted on March 3, 2009 and charged with money laundering and conspiracy to commit money laundering. Indictment (#1).

To support his Motion (#139), Rice gives two reasons. First Rice asserts that he explicitly reserves his rights pursuant to UCC § 1-308. Second, Rice accuses the Court and the Government of violating 18 U.S.C. §§ 241 and 242. Attached to his motion is a Bill of Exchange, a Certification of Publication, and a document entitled: "One Supreme Court of the De jure Venue of the sovereign People of the united [sic]States of America within the original district on the federal circuit assembled under God as within the Free Republics and sole lawful authority on the land." It is unclear what purpose those three documents are meant to serve.

**DISCUSSION**

Local Criminal Rule 47-9 states that "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Rice not only failed to file points and authorities, but also failed to cite any relevant statute or case law that supports his motion. Therefore, he has consented to its denial.

Rice has been charged with money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(3) and 1956(h). Indictment (#1). Rice asserts that this charge should be dismissed because he has reserved his rights under UCC § 1-308.

The purpose of the UCC is "to simplify, clarify, and modernize the law governing commercial transactions." UCC § 1-103. UCC § 1-308 states:

> "A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient."

Section 1-308 applies when a party continues to perform or promises to perform on a contract, but does not wish to waive a claim against the other party. *See Shea-Kaiser-Lockheed-Healy v. Dept. of Water and Power of the City of Los Angeles*, 73 Cal.App.3d 679, 690 (Cal. Ct. App. 1977) (holding that despite seller's breach, buyer did not waive right to sue where buyer explicitly reserved rights and continued to perform).

Here, there is no valid sales contract or commercial transaction. Therefore, UCC § 1-308 does not apply. Furthermore, Rice asserts no facts or explanation as to why UCC § 1-308 supports his motion to dismiss the criminal charges against him.

Rice also asserts that the Court and the Government have violated 18 U.S.C. §§ 241 and 242. Sections 241 and 242 are criminal statues. Their prosecution must be brought by the Department of Justice. Not only does Rice fail to specify how the Court and Government have violated the aforementioned statutes, but he also fails to cite any facts or law to support his allegations. Therefore, his accusation is without merit.

# **RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant's Motion to Dismiss (#139) be **DENIED**.

# **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  20th  day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge