**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>SAMUEL DAVIS, and<br>SHAWN RICE,<br><br>　　　Defendants. | 2:09-cr-00078-JCM-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>DEFENDANT RICE'S MOTION FOR SUBPOENA DUCES TECUM OR, IN THE ALTERNATIVE, TO DISMISS WITH PREJUDICE (#72) |

　　　This matter comes before the undersigned on Defendant Rice's Motion for Subpoena Duces Tecum or, in the Alternative, to Dismiss with Prejudice (#72). The Court also considered the Government's Response (#74).

**BACKGROUND**

　　　Defendant, Rice, was indicted on March 3, 2009 and charged with money laundering and conspiracy to commit money laundering. Indictment (#1). He filed his Motion (#72) arguing that the Government should produce valid letters of marque and accompanying documentation. In the alternative, Rice moves that the case should be dismissed with prejudice because the Court improperly seeks to assert Admiralty jurisdiction over him and the officers or agencies that arrested him lacked a valid letter of marque.

　　　In response, the Government argues that jurisdiction is proper and that the requested documents do not exist, and therefore cannot be produced.

## DISCUSSION

The Constitution grants Congress the power "To declare War, grant Letters of Marque and Reprisal, and make Rules concerning Captures on Land and Water." U.S. Const. art. 1 § 8, cl. 11. The power to grant letters of marque has not been used for more than a century. *See* Theodore T. Richard, *Reconsidering the Letter of Marque: Utilizing Private Security Providers Against Piracy*, 39 Pub. Cont. L.J. 411, 428-29 (2010). It is unclear why Rice believes that letters of marque are available in this case. Because letters of marque do not remotely apply in this case, Rice's motion for subpoena is moot, meaningless, and maundering.

Title 18 U.S.C. § 3231 states that "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Here, Rice has been accused of violating United States law. Specifically, 18 U.S.C. §§ 1956(a)(3) and 1956(h). Indictment (#1). Because Rice has been accused of violating United States law, and because this is a District Court of the United States, the Court finds that jurisdiction is proper.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant Rice's Motion for Subpoena Duces Tecum or, in the Alternative, to Dismiss with Prejudice (#72) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the

specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  20th    day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge