# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-cr-00078-JCM-RJJ |
| Plaintiff, | **REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| SAMUEL DAVIS, and SHAWN RICE, | DEFENDANT RICE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LODGMENT OF PROOF OF PRIORITY CLAIM AND RELIEF REQUESTED AND MEMORANDUM OF MAXIMS (#115) |
| Defendants. | |

This matter comes before the undersigned on Defendant Rice's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lodgment of Proof of Priority Claim and Relief Requested, and Memorandum of Maxims (#115). The Court also considered the Government's Response (#116).

## BACKGROUND

Defendant, Rice, was indicted on March 3, 2009 and charged with money laundering and conspiracy to commit money laundering. Indictment (#1). In his Motion to Dismiss, etc (#115), Rice fails to mention anything regarding subject matter jurisdiction. Instead, as far as the Court can gather, Rice argues that the case has already been settled in open court when he tendered 21 pre-1933 silver dollars; that he is owed money by the Government as the beneficiary of some unidentified trust held by the United States Treasury; and that he is a de-jure foreign state not subject to United States law who has chosen his domicile as "Arizona and beyond the sea."

In response and after a conscientious review, the Government argues that Rice's motion

should be denied for failing to comply with LR 7-2d.[1] The Government also argues that jurisdiction is proper in the case pursuant to 18 U.S.C. § 3231.

## DISCUSSION

Title 18 U.S.C. § 3231 states that "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Here, Rice has been accused of violating United States law. Specifically, 18 U.S.C. §§ 1956(a)(3) and 1956(h). Indictment (#1). Because Rice has been accused of violating United States law, and because this is a District Court of the United States, the Court finds that jurisdiction is proper.

LCR 47-9 states that "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Because Rice failed to file points and authorities in support of his motion, or to cite any statute or case law to support his motion, he has consented to its denial. Aside from the caption, all 163 pages of Rice's motion are not relevant to this proceeding and the charges against him.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant Rice's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lodgment of Proof of Priority Claim and Relief Requested, and Memorandum of Maxims (#115) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this**

---

[1] The government cites LR 7-2(d), which applies in civil cases before the court. The court substitutes the applicable rule in criminal cases–LCR 47-9.

1  **document.** The Supreme Court has held that the courts of appeal may determine that an appeal
2  has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*,
3  474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the
4  specified time and (2) failure to properly address and brief the objectionable issues waives the
5  right to appeal the District Court's order and/or appeal factual issues from the order of the
6  District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*
7  *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this   20th   day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge