**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-78 JCM (RJJ) |
| Plaintiff, | |
| v. | |
| SAMUEL DAVIS and SHAWN RICE, | |
| Defendants. | |

**ORDER**

Presently before the court is the United States of America's motion to consolidate cases for trial. (Doc. #240). Defendant Shawn Rice has not filed an opposition. Also before the court is the United States of America's motion for hearing. (Doc. #242).

Pursuant to Federal Rule of Criminal Procedure 13, the United States moves to consolidate case number 2:10-cr-520-JCM-RJJ with case number 2:09-cr-78-JCM-RJJ for trial.

A federal grand jury returned an indictment against Shawn Rice on March 3, 2009, charging defendant with 13 counts of conspiracy to commit money laundering and money laundering. (2:09-cr-78-JCM-RJJ, Doc. #1). On October 26, 2009, United States Magistrate Judge Robert Johnston held a hearing and granted defendant's request to represent himself in this matter. (Doc. #86).

The government later filed a motion to revoke defendant's self-representation. (Doc. #124). The magistrate judge set a hearing on this motion for March 8, 2010. (Doc. #128). However, defendant failed to appear at this hearing. (Doc. #133). The magistrate judge continued the hearing until March 9, 2010, and defendant failed to appear at the second hearing. (Doc. #135). Defendant . . .

**James C. Mahan**
**U.S. District Judge**

also failed to appear at calendar call on June 15, 2010, and for his trial on June 21, 2010. (Doc. #153).

Accordingly, on October 19, 2010, a four-count indictment was returned against defendant for his failures to appear in case number 2:10-cr-520. (2:10-cr-520, Doc. #1). Judge Du later granted the United States of America' motion to reassign this case to this court for all further proceedings. (Doc. #23).

Trial in case number 2:10-cr-520 is set for August 7, 2012. (2:10-cr-520, Doc. #13). Trial in case number 2:09-cr-78 is set for July 23, 2012. (2:09-cr-78, Doc. #246). The government moves to consolidate these cases for trial, arguing that evidence of defendant's failures to appear will be offered against defendant in his money laundering case, and evidence of money laundering will be offered against defendant in his failure to appear case. (Doc. #240). The government asserts that the two offenses are related because defendant's failure to appear occurred around the date of defendant's trial for money laundering.

Federal Rule of Criminal Procedure 13 provides that the court "may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."

> It is well established that a charge of bail jumping or escape may be deemed sufficiently 'connected' with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges.

*United States v. Ratch*, 583 F.2d 1179, 1181 (1st Cir. 1978); *see also United States v. Elliott*, 418 F.2d 219 (9th Cir. 1969).

Here, it is clear that the offenses charged in these two cases are sufficiently connected to permit a single trial. *See Ratch*, 583 F.2d at 1181. Thus, the offenses could have been joined in a single indictment. FED. R. CRIM. P. 13. Therefore, the court is inclined to grant the United States' motion to consolidate these cases for trial.

Also before the court is the United State of America's motion for status check. (Doc. #242). Preliminarily, the court notes that this motion has been referred to the magistrate judge in this case.

James C. Mahan
U.S. District Judge

- 2 -

The government seeks a status check to determine whether: (1) defendant objects to the motion to consolidate cases and (2) whether defendant intends to continue to represent himself. Further, the government requests a review of the defendant's request to represent himself, including a canvass on the charges of failure to appear and a review of the defendant's request for standby counsel. (Doc. #242).

As discussed above, this court has determined that consolidating these cases for trial is appropriate. Thus, the only remaining issues for the status check involve defendant's intent to represent himself. These issues are properly heard by the magistrate judge because the magistrate judge presided over the original hearing in which defendant terminated his standby counsel and decided to represent himself. (Doc. #86). The magistrate judge further presided over the hearings on the government's motion to revoke self-representation. (Docs. #133 and #135).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that United States of America's motion to consolidate cases for trial (doc. #240) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the United States of America's motion for status check (doc. #242) be, and the same hereby is, referred to Magistrate Judge Johnston.

DATED June 28, 2012.

_____
**UNITED STATES DISTRICT JUDGE**