# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SHAWN RICE,<br><br>    Defendant. | 2:09-cr-00078-JCM-RJJ<br>2:10-cr-00520-JCM-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Defendant Rice's Motion to Dismiss (#244) & Motion to Dismiss (#27) |

This matter comes before the Court on Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#244) and Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#27). The Court also considers the Government's Responses (#247 & #29).

## BACKGROUND

On March 3, 2009, Rice was indicted and charged with one count of conspiracy to commit money laundering pursuant to 18 U.S.C. § 6156(h), thirteen counts of money laundering pursuant to 128 U.S.C. § 1656(a)(3)(A), and aiding and abetting.

On March 6, 2009, the Court issued an Order Regarding Pretrial Procedure (#11) in case 2:09-cr-00078-JCM-RJJ and on January 19, 2012, issued an Order Regarding Pretrial Procedure (#9) in case 2:10-cr-00520-JCM-RJJ. The Orders (#11 & #9) stated that each party had "thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense." The deadline for pretrial motions was April 5, 2009, in case

2:09-cr-00078-JCM-RJJ and February 19, 2012, in case 2:10-cr-00520-JCM-RJJ. These deadlines were never extended. Thus, Rice's Motions to Dismiss (#244 & #27) are late.[1]

## DISCUSSION

The deadline for filing pretrial motions in these cases have long since passed. Thus, Rice's Motions to Dismiss (#244 & #27) should be denied as untimely.

However, even if the Motions to Dismiss (#244 & #27) were timely filed, they are entirely frivolous and should be denied on the merits. In the Motions to Dismiss (#244 & #27) Rice contends that the U.S. Attorney lacks jurisdiction over him because Congress has only conferred legal standing on the "United States" to charge under 28 U.S.C. §§ 1345-46, and he was charged by the "United States of America." Additionally, Rice claims that the "United States of America" is a third party "enterloper [sic]" and has no standing. The distinction that Rice draws between the "United States of America" and "United States" is entirely frivolous and without legal basis. Thus, on the merits, Defendant Rice's Motions to Dismiss (#244 & #27) should be denied.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#244) be **DENIED**.

IT IS THE FURTHER RECOMMENDATION of the undersigned Magistrate Judge that Defendant Rice's Motion to Dismiss the Pleadings and Indictment Issued by the Government with Prejudice for Lack of Standing and No Real Party in Interest (#27) be **DENIED.**

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

---

[1] The pretrial motions deadline in the consolidated case, 2:10-cr-00520-JCM-RJJ, also expired in February 2012. See Order Regarding Pretrial Procedure (#9), 2:10-cr-00520-JCM-RJJ.

**must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this __3d__ day of July, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge